MATTHEW W. GRIMSHAW, #1210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:13-bk-14500-SC |
| OSSEOUS TECHNOLOGIES OF AMERICA, INC., | Chapter 7 |
| Debtor. | TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF ASSETS OF THE ESTATE (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) SUBJECT TO OVERBID; AND (C) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); AND (2) APPROVING COMPROMISE WITH ZIMMER DENTAL INC.; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF RICHARD A. MARSHACK AND ROGER ZICKFELD IN SUPPORT |
| | Date:     December 13, 2017 Time:     11:00 a.m. Ctrm.:    5C |

/ / /

/ / /

/ / /

MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701

# TABLE OF CONTENTS

1.  Summary of Argument ................................................................................................1

2.  Background Information ...........................................................................................1

    A.  Debtor's Business Operations and the Estate's Intellectual Property...........................1

    B.  General Bankruptcy Information ........................................................................2

    C.  The Trustee's sale of Debtor's inventory, etc. ................................................3

    D.  The Trustee's motion to reject and Zimmer's 11 U.S.C. § 365(n) election .................4

3.  The Estate's retention of an Intellectual Property Broker and marketing efforts .....................5

4.  The Intellectual Property Assets ...........................................................................6

5.  Proposed Sale ......................................................................................................6

    A.  Subject to Overbid .........................................................................................7

6.  Sale of Estate Property...........................................................................................9

    A.  There is sound business justification for the sale contemplated in the APA,
        and the sales price is adequate .........................................................................9

    B.  Notice ...........................................................................................................10

    C.  Good Faith .....................................................................................................11

    D.  Sale of the Estate's Intellectual Property Assets free and clear of liens under
        11 U.S.C. § 363(f)..........................................................................................11

7.  Approval of Compromise with Zimmer to resolve the Zimmer Election................................12

    A.  Legal Authority..............................................................................................12

    B.  Summary of the Zimmer Election Resolution Stipulation...........................................13

    C.  Analysis..........................................................................................................14

8.  Waiver of the Fourteen-Day Period for Effectiveness of Sale Order .....................................15

9.  Good Faith Purchaser Determination.........................................................................15

10. Conclusion .........................................................................................................17

Declaration of Richard A. Marshack ...........................................................................18

Declaration of Roger Zickfeld ....................................................................................24

MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*ATKN Company v. Guy F. Atkinson Company of California*,

4

242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ................................................................. 12

5

*In re A&C Properties*,

6

784 F.2d 1377, 1380-81 (9th Cir. 1986)................................................................... 12

7

*In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986)................................ 16

8

*In re Continental Air Lines, Inc.*,

9

780 F.2d 1223, .......................................................................................................... 9

10

*In re Heissinger Resources, Ltd.*,

11

67 B.R. 378, 383 (C.D. Ill. 1986) ............................................................................ 13

12

*In re Hermitage Inn, Inc.*,

13

66 B.R. 71, 72 (Bankr. D. Colo. 1986)..................................................................... 13

14

*In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.*,

15

77 B.R. 15, 21 (Bankr. E.D.Pa. 1987) ................................................................. 9, 16

16

*In re Lahijani*,

17

325 B.R. 282, 289 (B.A.P. 9th Cir. 2005) ............................................................... 10

18

*In re Lionel Corp.*,

19

722 F.2d 1063, 1070 (2nd Cir. 1983) ........................................................................ 9

20

*In re M Capital Corp.*,

21

290 BR 743 (9th Cir. BAP 2003) ............................................................................ 16

22

*In re Pine Coast Enterprise, Ltd.*,

23

147 BR 30, 33 (Bankr. ND Ill. 1992) ...................................................................... 16

24

*In re Storm Technology*,

25

260 B.R. 152, 157 (Bankr. C.D. Cal. 2001) ............................................................ 14

26

*In re Walter*,

27

83 B.R. 14, 19 (9th Cir. BAP 1988) ..................................................................... 9, 10

28

*In re Wilde Horse Enterprises, Inc.*,

MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

1    136 B.R. 830 (Bankr. C.D. Cal. 1991) ........................................................ 10

2    *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355 (7th Cir. 1990)............ 16

3    Martin v. Robinson,

4    479 U.S. 854, 107 S.Ct. 189 (1989) .................................................... 12

5    *Schmitt v. Ulrich (In re Schmitt),*

6    215 B.R. 417, 424 (B.A.P. 9th Cir. 1997) ............................................ 12

7    **Statutes**

8    11 U.S.C. § 363(f) ................................................................. 12

9    11 U.S.C. § 365(n) ............................................................... 1, 4

10    11 U.S.C. §101(31)(B) ............................................................ 16

11    11 U.S.C. §363 .................................................................... 9

12    11 U.S.C. §363(b)(1) ............................................................. 9

13    U.S.C. § 363(f) .................................................................. 12

14    **Rules**

15    Federal Rule of Bankruptcy Procedure Rule 6004(g)............................... 7, 15

16    FRBP, Rule 1007 ................................................................... 3

17    FRBP, Rule 6004 .................................................................. 10

18    FRBP, Rule 6004(h) ............................................................... 15

19    FRBP, Rule 6004-1 ................................................................ 10

20    FRBP, Rule 9019 ................................................................... 4

21    FRBP, Rule 9019(a) ............................................................... 12

22    LBR, Rule 9013-1 ................................................................. 10

23    LBR, Rule 9013-4 ................................................................. 10

24

25

26

27

28

MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

RICHARD A. MARSHACK in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Osseous Technologies of America, Inc. ("Debtor") hereby moves the Court for an order: (1) approving the sale of the Estate's intellectual property assets to Dr. Ronald Cardoso ("Dr. Cardoso") and Dr. William Costigan ("Dr. Costigan," collectively with Dr. Cardoso, the "Buyers") pursuant to an asset purchase agreement ("APA");[1] and (2) approving a compromise with Zimmer Dental Inc. ("Zimmer") resolving Zimmer's 11 U.S.C. § 365(n) election. In support thereof, the Trustee respectfully represents as follows:

## 1.    Summary of Argument

A trustee's duty is to liquidate bankruptcy estate's assets for the benefit of estate creditors. At the inception of this case, Debtor's principal indicated that the Estate's Intellectual Property Assets (defined below) would warrant a sale that would pay all creditors in full. The Trustee retained an intellectual property broker, who diligently marketed the Intellectual Property Assets to no avail. As such, the Trustee has negotiated the APA with the Buyers, subject to overbid, to purchase the Intellectual Property Assets for $45,000, and a waiver of $10,000 of Dr. Costigan's gap claim. The Trustee requests that the Court grant the Motion.

## 2.    Background Information

### A.    Debtor's Business Operations and the Estate's Intellectual Property

Pre-petition, the Debtor operated a business known as Brazilian American Trading Company, Inc., dba Osseous Technologies of America ("Business"). The Business was a medical device company that focused on the sale and distribution of dental products, and operated out of Newport Beach, CA. The Business sold supplies to oral maxillofacial surgeons who specialize in the

---

[1] A true and correct copy of the APA is attached to the declaration of Richard A, Marshack ("Marshack Declaration") as Exhibit "1." Counsel for Dr. Costigan has approved the APA and is seeking Dr. Costigan's signature. But, counsel has informed the counsel for the Trustee that he approves the filing of this Motion with the notation that Dr. Costigan's signature is expected to be filed shortly.

1  restoration and placement of dental implants. Primarily, a majority of the products sold were

2  accessories to implantology. The principal of the Debtor was Mr. William K. Knox ("Mr. Knox").

3      The Debtor was also involved in the development of a rigid collagen product for dental,

4  spinal, and total body applications ("Collagen"). The Collagen was patented in January 2013, as US

5  Patent No. 8,353,967 ("Patent"). The Collagen was approved by the United States Food and Drug

6  Administration ("FDA") for dental application via a 510(k) approval ("510K," collectively with the

7  Patent the "Intellectual Property Assets"). Mr. Knox used the Intellectual Property Assets as a

8  solicitation tool to induce prominent surgeons and others to invest in the Debtor. Unfortunately, it

9  appears that Mr. Knox used a significant portion of the funds invested not for the development of the

10  Intellectual Property Assets, but rather to fund his personal gambling habit.[2]

11  ## B.    General Bankruptcy Information

12      An involuntary petition against the Debtor was filed on May 22, 2013, by creditor, Mr.

13  Patrick Curran. A true and correct copy of this Court's webPACER for Case No. 8:13-bk-14500-SC

14  as of November 21, 2017, is attached to the Marshack Declaration as Exhibit "2."

15      On June 20, 2013, the Debtor filed its answer to the Involuntary Petition. *Id.*, pg. 53. On

16  August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered ("Relief

17  Order No. 1"). *Id.*, pg. 61. Thereafter, on August 23, 2013, Debtor and Mr. Curran filed a stipulation

18  for "Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for

19  Dismissal of Case Pending Completion of Settlement" ("Dismissal Stipulation"). *Id.*, pg. 61-62. The

20  court granted the Stipulation, and vacated Relief Order No. 1 via an order entered on August 23,

21  2013 ("Stipulation Order"). *Id.*, pg. 62.

22      On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy case

23  ("Dismissal Motion"). *Id.*, pg. 63.

24      On September 9, 2013, the court issued an "Order To Show Cause Why Order For Relief

25  Should Not be Entered" ("OSC") which was set for hearing for September 19, 2013. *Id.*, pg. 66.

26  After the hearing held on September 19, 2013, the court entered an "Order For Relief in An

27

28

---

[2] Indeed, on February 9, 2016, Mr. Knox was sentenced to sixty-three (63) months in a federal penitentiary for wire fraud (i.e., inducing several creditors of this Estate to invest in the Debtor on false pretenses).

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

1  Involuntary Case" ("Relief Order No. 2."). *Id.*, pg. 70-71. Pursuant to the Relief Order No. 2, Debtor

2  was to "file within seven (7) days after entry of this order for relief, a list containing the name and

3  address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. .

4  . Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure

5  1007 within fourteen (14) days after entry of this Order for Relief." *Id.*, pg. 71. Debtor had until

6  September 26, 2013, to file a list of creditors, and until October 3, 2013, to file his schedules and

7  statement of financial affairs.

8  On October 2, 2013, David L. Hahn ("Mr. Hahn") was appointed as the initial Chapter 7

9  trustee for the Estate. *Id.*, pg. 72. Debtor filed a stipulation vacating the Dismissal Motion which was

10 approved by the court via an order entered on October 2, 2013. *Id.*, pg. 72.

11 In violation of Relief Order No. 2, Debtor failed to file a list of creditors, schedules, or a

12 statement of financial affairs.  *Id.*, pgs. 71-83. Accordingly, on November 6, 2013, this Court entered

13 an order RE: Contempt ("Contempt Order"), which found Debtor and Mr. Knox in civil contempt of

14 Relief Order No. 2. *Id.*, pg. 83. Thereafter, on November 20, 2013, Debtor filed its schedules and

15 statement of financial affairs as Dk. No. 172. *Id.*, pg. 85-86.

16 Sadly, in October 2014, Mr. Hahn passed away. *Id.*, pg. 119. The Trustee was then appointed

17 as the successor Chapter 7 trustee by the Office of the United States Trustee. *Id.*, pg. 119.

18 **C.    The Trustee's sale of Debtor's inventory, etc.**

19 Mr. Hahn and the Trustee believed there are potential assets that can be sold for the benefit of

20 the Estate and creditors. Shortly after being hired, counsel for the Estate began negotiations with

21 several parties for the sale of the distribution business (i.e., Debtor's inventory, equipment, personal

22 property, customer list, telephone number, website, etc.). Such negotiations proved to be successful.

23 On April 22, 2014, as Dk. No. 248, the Trustee filed a motion to sell the Estate's personal

24 property and inventory, subject to overbid ("2014 Sale Motion"). A true and correct copy of the

25 2014 Sale Motion is attached to the Marshack Declaration as Exhibit "3." As set forth in the 2014

26 Sale Motion, the sale expressly excluded the Intellectual Property Assets. *Id.*, pg. 178, ¶1.03(e)-(h).

27 On May 29, 2014, as Dk. No. 278, the Court entered an order approving the 2014 Sale Motion.

28 Marshack Decl., Ex. 2, pg.105-106.

**D.    The Trustee's motion to reject and Zimmer's 11 U.S.C. § 365(n) election**

Pre-petition, Debtor and Zimmer, were parties to the following agreements: (1) a Distribution Agreement executed June 23, 2009 (as amended from time to time, the "2009 Agreement"), which governed Debtor's manufacture and sale to Zimmer of certain dental products described generally as a devise for sinus lift procedures sometimes required in connection with dental implant procedures; and (2) a Distribution Agreement executed January 28, 2010 (as amended from time to time, the "2010 Agreement," and collectively with the 2009 Agreement, the "IP Agreements"), governing Debtor's manufacture and sale to Zimmer of certain dental products described generally as collagen ridge augmentation "Tunnels," also known as the "CurV line." Debtor's Intellectual Property Assets include products manufactured under the IP Agreements. On January 31, 2014, as Dk. No. 202, the Trustee filed a motion for order rejecting the potential executory contracts held by Zimmer via the IP Agreements ("Rejection Motion"). Marshack Decl., Ex. 2, pg. 90-91.

The hearing on the Rejection Motion was continued to March 13, 2014. *Id.*, pg. 93. At the March 13, 2014, hearing, Zimmer and the Trustee stipulated to certain deadlines regarding any potential 11 U.S.C. § 365(n) election, and the Trustee's opposition to said election. *Id.*, pg. 234. On May 15, 2014, as Dk. No. 265, Zimmer timely filed its 11 U.S.C. § 365(n) election ("Zimmer Election"). *Id.*, pg. 102. Over the past few years, the Trustee and Zimmer have continued the Trustee's opposition deadline to the Zimmer Election to facilitate this instant sale. *Id.*, pgs. 102-155.

In conjunction with negotiation the terms of the APA, the Trustee was able to negotiate a settlement with Zimmer and Dr. Cardoso to resolve the Zimmer Election. Attached as Exhibit "4" to the APA is a stipulation between the Estate, Dr. Cardoso, and Zimmer that facilitates the sale of the Intellectual Property Assets without the Zimmer Election. ("Zimmer Election Resolution Stipulation") *Id.*, Ex. 1, pg. 29-30, ¶7.1; pgs. 42-48. The Trustee seeks approval of the Zimmer Election Resolution Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP").

1 ### 3.     The Estate's retention of an Intellectual Property Broker and marketing

2 ### efforts

3       At the inception of the case, Mr. Knox and several creditors informed both Mr. Hahn and

4 the Trustee that the Intellectual Property Assets were worth "tens of millions" and could pay the

5 Estate "in full." Marshack Decl., ¶34. As such, on July 24, 2014, as Dk. No. 288, the Trustee filed

6 an application to employ Columbia Capital Advisors Inc. ("Columbia Capital") as the Estate's

7 Intellectual Property Broker ("Columbia Capital Application"). *Id.*, Ex. 2, pg. 107. On August 18,

8 2014, as Dk. No. 317, the Court entered an order granting the Columbia Capital Application

9 pursuant to terms set forth in the order ("Columbia Capital Application Order"). A true and correct

10 copy of the Columbia Capital Application Order is attached to the Marshack Declaration as

11 Exhibit "4."

12       After the entry of the Columbia Capital Application Order, Columbia Capital diligently and

13 methodically marketed the Intellectually Property Assets to a variety of targeted buyers.

14 Declaration of Roger Zickfeld ("Zickfeld Declaration") Paragraph 4. Columbia Capital developed

15 a targeted list of potential buyers, such as large orthopedic firms, spinal specialty firms, and

16 biologics specialty firms. Zickfeld Decl., ¶5. Columbia Capital prepared an executive summary of

17 the Intellectual Property Assets as marketing materials ("IP Executive Summary"). A true and

18 correct copy of the IP Executive Summary is attached to the Zickfeld Declaration as Exhibit "5."

19 Columbia Capital then engaged in the usual investment banking process to develop interest and a

20 potential auction, via direct solicitation and conference attendance. Zickfeld Decl., ¶¶7-8. Indeed,

21 Columbia Capital attended the annual Norther American Spine Society, American Academy of

22 Orthopedic Surgeons, and the JP Morgan Healthcare conferences. Zickfeld Decl., ¶8.

23       Columbia Capital approached approximately 25 companies, including, but not limited to

24 Stryker, Medtronic, Marial Therapeutics, Bioventus, Bacterin, Golubs Medical Integra

25 Lifesciences, KDM Inc., Wright Medical Technology, and Johnson & Johnson. Zickfeld Decl., ¶9.

26 Approximately, five (5) companies expressed various degrees of interest (including the execution

27 of non-disclosure agreements to perform the required due diligence). Zickfeld Decl., ¶10.

28 Unfortunately, all of the companies declined the opportunity to purchase the Intellectual Property

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

1  Assets. During the course of their efforts, Columbia Capital found interest in the Intellectual

2  Assets to be tepid at best. Zickfeld Decl., ¶10.

3      Specifically, Columbia Capital discovered that prospective buyers found troubling the fact

4  that there was no preclinical animal data, or clinical human data, in the spinal or biologics

5  applications. Zickfeld Decl., ¶11. Prospective buyers found the lack of FDA approval in the spinal

6  and biologics space as a perceived risk, without any clear pathway to regulatory approval. Zickfeld

7  Decl., ¶11. Generally, prospective buyers balked at paying a large sum for the Intellectual Property

8  Assets in light of the research and development cost that it would take to make the Intellectual

9  Property Assets viable in the spinal and biologics spaces. Zickfeld Decl., ¶12. Thus, Columbia

10  Capital (by no fault of its own) was unsuccessful in finding a viable purchaser, after over a year of

11  marketing efforts. Marshack Decl., ¶37.

12  **4.    The Intellectual Property Assets**

13      As set forth in the APA, the Trustee agrees to sell to the Buyers, and the Buyers

14  agree to purchase from the Trustee, the Estate's interest, if any, in the Intellectual Property Assets,

15  including:

16          i.    The Patent known as US Patent No. 8,353,967; and

17          ii.    The 510(k) for the Patent, which constitutes approval by the United States Food

18              and Drug Administration for any and all dental use of the Patent, including but

19              not limited to, all books, records, and documents related to the operation and

20              quality systems for the Collagen.

21  *See* Marshack Decl., Ex. 1, pg. 27, ¶2.1(a)-(b).

22      The APA specifically excludes all assets of the Estate that are not included in paragraphs

23  2.1(a) and (b) of the agreement. *Id.*, pg. 28, ¶2.2.

24  **5.    Proposed Sale**

25      On November 22, 2017, the Trustee received an executed copy of the APA, which provides

26  for a purchase of the Intellectual Property Assets for $45,000 ("Sales Price"). Marshack Dec., Ex. 1,

27  pg. 28, ¶3.1. Dr. Cardoso will pay the Estate $35,000, and Dr. Costigan will assign and waive

28  $10,000 of his "gap claim" against the Estate. *Id.*

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

THIS IS A SUMMARY ONLY AND DOES NOT CONSTITUTE PART OF AN AGREEMENT BETWEEEN THE PARTIES.  THE SALE TO THE BUYER WILL BE IN ACCORDANCE WITH THE TERMS OF THE ASSET PURCHASE AGREEMENT EXECUTED BETWEEN THE PARTIES.

The proposed terms of sale include the following:

1.    Subject to Bankruptcy Court approval, the Trustee has accepted the offer to sell the Intellectual Property Assets to Buyers for the sum of $45,000;

2.    The Trustee is selling the Intellectual Property Assets "AS IS, WHERE IS," with the exception that the Estate is informed and believes that the Intellectual Property Assets are in good standing and were properly maintained throughout the pendency of this case;

3.    The proposed sale is subject to overbid as set forth below;

4.    The Motion seeks an order determining that Buyers (or any successful overbidders) are good faith purchasers entitled to the protections of 11 U.S.C. §363(m); and

5.    The Motion further seeks to eliminate the fourteen-day stay on the effectiveness of any order approving the sale otherwise applicable pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure.

## A.    Subject to Overbid

The Assets will be sold subject to overbid at an open auction to be conducted in Court at the time that this Motion is heard.  The Trustee has established the following overbid procedures, which shall govern any bidding:

1.    Any person or entity that is interested in purchasing the Intellectual Property Assets ("Bidders") must serve the Trustee's counsel with an initial bid in conformance with this paragraph ("Initial Bid"), such that any Initial Bid is actually received no later than 10:00 a.m., on December 12, 2017 ("Bid Deadline");

2.    Any Initial Bid must remain open until the conclusion of the auction ("Auction") of the Property to be held at the hearing on this Motion on December 13, 2017 at 11:00 a.m.;

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

3.    Any Initial Bid must provide for a minimum purchase price of at least $50,000.00 ("Minimum Bid");

4.    Any Initial Bid must be for the Assets "as is, where is" and shall not contain any financing, due diligence, or any other contingency, termination fee, or any similar fee/expense reimbursement;

5.    Any Initial Bid must be accompanied by proof satisfactory to the Trustee that such bidder has sufficient funds to make the specified deposit and the financial ability to complete the sale;

6.    Any Initial Bid must be made by a person or entity who has completed its due diligence review of the Intellectual Property Assets and is satisfied with the results thereof; and

7.    Any Initial Bid must be accompanied by a non-refundable deposit in the form of certified funds or cashier's check payable to the Trustee in the minimum amount of $10,000.00, which amounts shall be nonrefundable if the bid is determined by the Court to be the highest and best bid for the Intellectual Property Assets ("Best Bid").

8.    Any entity that submits a timely, conforming Initial Bid shall be deemed a "Qualified Bidder" and may bid for the Intellectual Property Assets at the hearing.  Unless otherwise permitted by the Court, any entity that fails to submit a timely, conforming Initial Bid, as set forth above, shall be disqualified from bidding for the Intellectual Property Assets.

9.    If the Trustee receives a timely, conforming Initial Bid for the Intellectual Property Assets, an auction will be conducted in Court during the hearing, in which all Qualified Bidders may participate.  The Auction shall be governed by the following procedures:

a.    All Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court, to have waived any right to jury trial in connection with any disputes relating to the Auction or the sale of the Intellectual Property Assets, and to entry of a final order approving the sale;

b.    The minimum bidding increment during the Auction shall be $5,000.00;

c.    Bidding shall commence at the greater of the amount of the highest Initial Bid, or $50,000.00.

8

1    The Trustee will determine which of the bids is the best bid ("Successful Bidder") and will

2   ask that the Court confirm Trustee's determination of the same.  The Successful Bidder must pay at

3   the closing all amounts reflected in the best bid in cash and such other consideration as agreed upon.

4   **6.    Sale of Estate Property**

5    Under 11 U.S.C. §363, a trustee is empowered to sell assets of the estate "after notice and a

6   hearing."  The standards for approval of a sale pursuant to §363(b)(1) require that the proponent of

7   the sale establish that: (1) a "sound business purpose justifies the sale;" (2) "accurate and reasonable

8   notice" of the sale was provided; (3) the "price to be paid is adequate, *i.e.*, fair and reasonable"; and

9   (4) "good faith, *i.e.*, the absence of any lucrative deals with insiders, is present."  *See, In re*

10  *Industrial Valley Refrig. & Air Cond. Supplies, Inc.,* 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987).  The

11  Trustee's proposed sale of the Transferred Assets conforms with each of these requirements.

12  **A.    There is sound business justification for the sale contemplated in**

13  **the APA, and the sales price is adequate**

14    The decision to sell property out of the ordinary course of a debtor's business must be based

15  on the reasonable business judgment of the debtor. *In re Continental Air Lines, Inc.*, 780 F.2d 1223,

16  1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983). In determining

17  whether the business purpose is justified under Section 363(b)(1), bankruptcy courts apply a flexible,

18  case-by-case approach. See *In re Walter*, 83 B.R. 14, 19 (9th Cir. BAP 1988) ("The bankruptcy

19  judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further

20  the diverse interests of the debtor, creditors and equity holders, alike.") (quoting *In re Continental*

21  *Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)). The court should approve a sale of property

22  under section 363(b)(1) if the trustee has established a sound business purpose for the proposed

23  transaction. *In re Walter*, 83 B.R. 14, 16 (9th Cir. BAP 1988); *In re Wilde Horse Enterprises, Inc.*,

24  136 B.R. 830 (Bankr. C.D. Cal. 1991). The business judgment standard is deferential. *In re Lahijani*,

25  325 B.R. 282, 289 (B.A.P. 9th Cir. 2005) ("Ordinarily, the position of the trustee is afforded

26  deference, particularly where business judgment is entailed in the analysis or where there is no

27  objection.").

28

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

1    In this case, the facts surrounding the sale support the Trustee's business decision to sell the

2  Intellectual Property Assets.  The sale will bring approximately $45,000.00 to the Estate, which will

3  allow for a distribution to creditors.  The Trustee believes that the $45,000.00 is a fair price for the

4  Intellectual Property Assets in light of the circumstances of this case, and the tepid interest of

5  potential buyers. Columbia Capital marketed the Intellectual Property Assets for over a year to no

6  avail. *See* Marshack Decl., ¶37. Indeed, Columbia Capital approached over 25 potential purchasers,

7  all of whom passed on the opportunity. Zickfeld Decl., ¶6. Again, as described above, the interest in

8  the Intellectual Property Assets was minimal. Zickfeld Decl., ¶10. The Trustee believes that the

9  marketing of the Intellectual Property Assets has been diligent and extensive. Marshack Decl., ¶37.

10  The sale contemplated in the APA is simply the best offer the Estate has received for the Intellectual

11  Property Assets. Marshack Decl., ¶40.

12  ## B.    Notice

13    Pursuant to FRBP 6004, notice of a sale must be given pursuant to FRBP 2002. Additionally,

14  Rule 6004-1 of this Court's Local Bankruptcy Rules ("LBR"), notice of a proposed sale must

15  comply with the provisions of LBR 9013-1 and 9013-4. These rules, when read together, require

16  that, absent unusual circumstances, a sale motion must be brought on not less than 21 days' notice

17  and notice of the motion must be served on debtor, all creditors, and the Office of the United States

18  Trustee. This instant motion has been sent on 21 days' notice as required under FRBP 6004-1 and

19  LBR 9013-1. As set forth in the proof of service attached to the notice of the motion and/or as

20  otherwise ordered by this Court, notice is being served on Debtor, all creditors, and the Office of the

21  United States Trustee.

22    Additionally, simultaneously with the filing of this instant Motion, the Trustee will be

23  placing the below advertisement in the classified section of the Orange County Register:

24    The Chapter 7 Trustee of the Bankruptcy Estate of Osseous Technologies of America Inc.,
     Case No. 8:13-bk-14500-SC is selling the Estate's interest, if any, in US Patent No.

25    8,353,967 ("Patent") and the 510(k) approval by the United States Food and Drug
     Administration of the Patent for dental applications, through an auction on December 13,

26    2017, at 11:00 a.m., at 411 W. Fourth Street, Santa Ana, CA 92701, Courtroom 5C. The
     stalking horse bidder has placed an initial bid with total consideration being $45,000. Any

27    minimum overbid must be at least $50,000, and a deposit of $10,000 refundable only if not
     the successful bidder; $5,000 increments during the Auction. Overbids are to be received by

28    10:00 a.m. ("PST"), on December 12, 2017, Contact David A. Wood and Matthew W.

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

Grimshaw at 949-333-7777 or via email at dwood@marshackhays.com or mgrimshaw@marshackhays.com for further details.

The Trustee will also be placing the following advertisement in MedTech Strategist (a medical periodical specializing medical device technology recommended by Columbia Capital):

The Chapter 7 Trustee of the Bankruptcy Estate of Osseous Technologies of America Inc., Case No. 8:13-bk-14500-SC is selling the Estate's interest, if any, in US Patent No. 8,353,967 ("Patent") and the 510(k) approval by the United States Food and Drug Administration of the Patent for dental applications, through an auction on December 13, 2017, at 11:00 a.m., at 411 W. Fourth Street, Santa Ana, CA 92701, Courtroom 5C. The Patent is an encapsulation product line for bone augmentation material. The products are rigid collagen vessels which retain their structure during the period that the bone graft material hardens and ossifies. Used, together, the collagen vessels and bone graft material create an osseous structure for single tooth implants as well as jaw reconstruction for multiple implants. The Patent may have applicability in several orthopedic areas, including spine, non-union bone fractures, hip revision surgery, etc. The full development of the orthopedic applications have not been completed. The stalking horse bidder has placed an initial bid with total consideration being $45,000. Any minimum overbid must be at least $50,000, and a deposit of $10,000 refundable only if not the successful bidder; $5,000 increments during the Auction. Overbids are to be received by 10:00 a.m. ("PST"), on December 12, 2017, Contact David A. Wood and Matthew W. Grimshaw 949-333-7777 or via email at dwood@marshackhays.com or mgrimshaw@marshackhays.com for further details

Within seven (7) days prior to the hearing on this instant Motion, the Trustee will file a status report with this Court disclosing the advertisements and dates placed in the Orange County Register, and MedTech Strategist, and informing the Court if any overbids have been received.

## C.    Good Faith

The proposed sale has been made in good faith and has been negotiated on an "arms-length" basis. The purchasers of the Intellectual Property Assets are creditors of this Estate, and the sale embodied in the APA was negotiated by counsel over several months of intense exchanges.

## D.    Sale of the Estate's Intellectual Property Assets free and clear of liens under 11 U.S.C. § 363(f)

The Trustee seeks authority to complete the sale free and clear of all liens, claims, and interests. Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if one of the five (5) conditions set forth in 11 U.S.C. § 363(f) are met. Here, there are no known secured liens against the Estate's Intellectual Property Assets. A true and correct copy of the UCC Search obtained by the Trustee is attached to the

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

1  Marshack Declaration as Exhibit "6." A review of the Claims Register also confirms that there are

2  not secured claims against the Intellectual Property Assets. A true and correct copy of this Court's

3  Claims Register for Case No. 8:13-bk-14500-SC as of November 21, 2017, is attached to the

4  Marshack Declaration as Exhibit "7." According, the Trustee requests that the Court grant the sale

5  of the Intellectual Property Assets free and clear of liens under 11 U.S.C. § 363(f).

6  **7.      Approval of Compromise with Zimmer to resolve the Zimmer Election**

7       **A.      Legal Authority**

8       The court has authority to decide whether to approve a settlement entered into by a

9  bankruptcy Trustee. Notice must be given to all creditors, the United States Trustee, the debtor, and

10  indenture trustees as provided in FRBP 2002, and to any other entity as the court may direct. *See*,

11  FRBP 9019(a).

12       It is well established that a compromise should be approved if it is "in the best interest of the

13  estate . . . and is fair and equitable for creditors." *Schmitt v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424

14  (B.A.P. 9th Cir. 1997); *ATKN Company v. Guy F. Atkinson Company of California (In re Guy F.*

15  *Atkinson Company)*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a

16  settlement turns on the question of whether the compromise is in the best interest of the estate.").

17  The standards to be applied to the approval of the settlement include: (1) The probability of success

18  of the litigation on its merits; (2) The difficulties in collection on a judgment; (3) The complexity of

19  the litigation involved; and (4) The expense, inconvenience or delay occasioned by the litigations,

20  and the interest of creditors. *In re A&C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert.,

21  den., Martin v. Robinson, 479 U.S. 854, 107 S.Ct. 189 (1989).

22       Although the court is to consider the range of results in the litigation, "the court's assessment

23  does not require resolution of the issues, but only their identification, so that the reasonableness of

24  the settlement may be evaluated." *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

25  Moreover, it is not the bankruptcy court's responsibility to decide the numerous questions of law and

26  fact with respect to the merits of the litigation, but rather to "canvass" the issues and see whether the

27  settlement falls below the lowest range of reasonableness. *In re Heissinger Resources, Ltd.*, 67 B.R.

28  378, 383 (C.D. Ill. 1986).

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

## B.      Summary of the Zimmer Election Resolution Stipulation

Here, in conjunction with the APA, the Trustee facilitated a settlement to allow the Buyers to purchase the Intellectual Property Assets free and clear of the Zimmer Election. Marshack Decl., Ex. 1, pg. 29-30, ¶7.1; pgs. 42-48. If Dr. Cardoso and Dr. Costigan are the successful bidders at the hearing on this Motion, the Zimmer Election Resolution Stipulation (if approved by this Court) resolves the Zimmer Election. *Id.* Marshack Decl., Ex. 1, pg. 29-30, ¶7.1; pgs. 42-48.[3] Specifically, the Zimmer Resolution Stipulation provides for the following:

(1)  In exchange of a full release of any exclusive or non-exclusive, known or unknown, rights (vested or unvested), claims, licenses, causes of action, refunds, royalties, commission, payments, or right to payments Zimmer may have as of the Petition Date pursuant to 11 U.S.C. § 365(n) as to the 2009 Agreement and/or the 2010 Agreement, if the total consideration received by the Estate for the sale contemplated in the APA is less than $100,000, Zimmer will receive a $10,000 payment from Dr. Cardoso, and a $5,000 administrative claim against the Estate; and

(2)  If there is an overbidder and auction for the sale of the Estate's intellectual property contemplated in the APA, and the total consideration received by the Estate equals or exceeds $100,000, in exchange for a full release of any of any exclusive or non-exclusive, known or unknown, rights (vested or unvested), claims, licenses, causes of action, refunds, royalties, commission, payments, or right to payments Zimmer may have as of the Petition Date pursuant to 11 U.S.C. § 365(n) as to the 2009 Agreement and/or the 2010 Agreement, Zimmer will receive: (1) from the Estate 15.0% of the increase over $45,000 from the gross proceeds to the Estate, and a $5,000 administrative claim against the Estate; and (2) if Dr. Cardoso is the successful bidder, an additional $10,000, paid by Dr. Cardoso.

Marshack Decl., Ex. 1, pg. 47, ¶1: pg. 48, ¶2.

---

[3] If Dr. Cardoso and Dr. Costigan are the successful bidders at the hearing on this Motion, the Trustee will request that the Court enter a separate order approving the Zimmer Election Resolution Stipulation.

## C.    Analysis

Here, the Trustee believes the Zimmer Election Resolution Stipulation is in the best interest of the Estate. First, the Estate's probability of success if it was to litigate the Zimmer Election is uncertain at best. The Trustee has been informed by various parties that they believe Zimmer was in pre-petition default of the IP Agreements, thus losing their exclusivity rights. Marshack Decl., ¶45. Relevant case law and statutory jurisprudence provide that "[t]he unambiguous language of 365(n) limits the scope of the retained rights to *those that existed immediately before the petition date*" (emphasis added). *In re Storm Technology*, 260 B.R. 152, 157 (Bankr. C.D. Cal. 2001). Zimmer vigorously and emphatically denies that it was in pre-petition default of the IP Agreements. Marshack Decl., ¶46. Indeed, Zimmer alleges that it was the Debtor who defaulted on its obligations pre-petition. *Id.*, ¶47. Such litigation would be fact intensive, and the Trustee simply cannot forecast whether the Estate would be successful in litigating the validity of the Zimmer Election. This factor favors in approving the Zimmer Election Resolution Stipulation.[4]

Second, while litigation over the terms of the IP Agreements and whether Zimmer or the Debtor defaulted pre-petition is not overtly complex, such litigation will be extremely fact intensive and time consuming. Marshack Decl., ¶48. Indeed, the litigation would involve an analysis of the transactional history between the parties dating back to 2010. *Id.*, ¶48. This factor favors in approving the Zimmer Election Resolution Stipulation.

Finally, the Trustee submits that the Zimmer Election Resolution Stipulation is in the best interest of the Estate, and would save significant administrative expenses that would be incurred by litigation over the Zimmer Election. Such litigation may easily eclipse $100,000 in legal fees. *Id.*, ¶49. And, post-petition Zimmer has continued to pay the escrow fees to maintain the "know how instructions" for the Intellectual Property Assets. Marshack Decl., ¶51. The Trustee is informed and believes that the cost of such escrow fees exceed the $5,000 administrative claim provided for in the Zimmer Election Resolution. *Id.*, ¶52; Marshack Decl., Ex. 1, pg. 47, ¶1: pg. 48, ¶2. This factor favors in approving the Zimmer Election Resolution Stipulation.

---

[4] The difficulty of collection factor does not weigh in favor or against approval of the Zimmer Resolution Stipulation.

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS

4823-0583-9701, v. 1

In sum, the Trustee believes that the Zimmer Election Resolution Stipulation is in the best interest of the Estate, facilitates the sale of the Intellectual Property Assets, and should be approved by this Court.

## 8.    Waiver of the Fourteen-Day Period for Effectiveness of Sale Order

FRBP 6004(h) provides: "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h).  The legislative history provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court.  Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in overbid procedures presented by this Motion, the Trustee believes that, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that 6004(h) is not applicable and the Intellectual Property Assets may be sold immediately. Accordingly, the Trustee requests that the Court order that the sale may be effectuated immediately upon entry of the order approving this Motion and authorizing the sale of the Intellectual Property Assets.

## 9.    Good Faith Purchaser Determination

The proposed Buyers are good faith purchasers entitled to the protections of 11 U.S.C. §363(m).  Section 363(m) authorizes the Court to make a finding that a buyer is a good faith purchaser.  A good faith purchaser of property is protected from the effects of reversal of the order authorizing a sale as long as the trial court finds that the purchaser acted in good faith and the aggrieved party fails to obtain a stay of the sale order.  Although the Code does not define the term "good faith," courts have provided guidance as to the appropriate factors to consider.  In essence, the purpose of Section 363(m) is to disable courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith.  *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355 (7th Cir. 1990).

Generally speaking, the requirement that a purchaser act in good faith speaks to the

15

1  integrity of his conduct in the course of the sale proceeding and focuses primarily on the disclosure

2  of all material sale terms and the absence of fraud or collusion.  *See, In re Pine Coast Enterprise,*

3  *Ltd.*, 147 BR 30, 33 (Bankr. ND Ill. 1992); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d

4  143, 147 (3rd Cir. 1986).  The "good faith" requirement set forth in 11 U.S.C. §363(m) "focuses

5  principally on the element of special treatment of the debtor's insiders in the sale transaction."  *See,*

6  *In re Industrial Valley Refrig. & Air Cond. Supplies, Inc., supra,* 77 B.R. 15, 17.

7          In this case, there is no proposed sale to an insider, nor have any insiders received any special

8  treatment or consideration.  The Buyers have prepared and submitted the offer in good faith, after the

9  Estate via Columbia Capital extensively marketed the Intellectual Property Assets to a wide variety

10  of potential purchasers.  While Dr. Cardoso and Dr. Costigan are creditors and/or investors of this

11  Estate, the Buyers have performed all of the conditions imposed on them in connection with the

12  Sale.  Moreover, Dr. Costigan and Dr. Cardoso are not formerly or presently an insider pursuant to

13  the definition set forth in 11 U.S.C. §101(31)(B).  Pursuant to §363(m), the Court should therefore

14  find that the Sale has been entered into in good faith and the Buyer is entitled to the protections of 11

15  U.S.C. §363(m).  *See, In re M Capital Corp.*, 290 B.R. 743 (9th Cir. BAP 2003) (court may not make

16  a finding of good faith in the absence of evidence, but may make such a finding if appropriate

17  evidence is presented).

18          Based upon the foregoing, the Trustee submits that the Motion satisfies the standards for

19  approval of a sale of the Intellectual Property Assets outside of the ordinary course of business

20  pursuant to 11 U.S.C. § 363(b) and good cause exists to make a finding that the Buyers or

21  overbidder, if any, is purchasing the Intellectual Property Assets in "good faith" pursuant to 11

22  U.S.C.  § 363(m).

23  / / /

24  / / /

25  / / /

26

27

28

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

## 10.    Conclusion

Based on the foregoing, the Trustee respectfully requests that the Court enter an order that provides that:

1.    The Motion is granted;

2.    The APA is approved;

3.    The Trustee is authorized to sell the Intellectual Property Assets outside the ordinary course of business;

4.    The Trustee is authorized to sign all documents necessary to consummate the sale;

5.    Authorizing the sale of the Estate's Intellectual Property Assets "as is, "where is," without any warranties of any kind, expressed or implied, outside the ordinary course of business;

6.    Authorizing the sale of the Estate's Intellectual Property Assets free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 363(f);

7.    Approving the proposed overbid procedures;

8.    Waiving the stay imposed by FRBP 6004(h) and any other applicable bankruptcy rules;

9.    The Buyers (or any successful overbidders) are entitled to the protections set forth in 11 U.S.C. § 363(m) as good faith purchasers;

10.    Approving the Zimmer Election Resolution Stipulation pursuant to FRBP 9019; and

11.    Such other further relief as the Court may deem just and proper.


DATED:  November 22, 2017                    Respectfully submitted,

                                             MARSHACK HAYS LLP

                                                 /s/ Matthew W. Grimshaw
                                             By: _____
                                                 MATTHEW W. GRIMSHAW
                                                 DAVID A. WOOD
                                                 Attorneys for Chapter 7 Trustee,
                                                 RICHARD A. MARSHACK

TRUSTEE'S MOTION TO SELL ESTATE'S INTELLECTUAL PROPERTY ASSETS
4823-0583-9701, v. 1

# Declaration of Richard A. Marshack

I, Richard A. Marshack, declare and state as follows:

1.      I am the duly appointed Chapter 7 Trustee in the Chapter 7 case of Osseous Technologies of America, Inc. ("Debtor"). The matters stated herein are within my own knowledge or information and, if called upon to testify, I could and would competently testify thereto.

2.      I am an individual over 18 years of age and competent to make this Declaration.

3.      I make this declaration in support of my motion to for an order: (1) approving the sale of the Estate's intellectual property assets to Dr. Ronald Cardoso ("Dr. Cardoso") and Dr. William Costigan ("Dr. Costigan," collectively with Dr. Cardoso the "Buyers") pursuant to an asset purchase agreement ("APA"); and (2) approving a compromise with Zimmer Dental Inc. ("Zimmer") resolving Zimmer's 11 U.S.C. § 365(n) election ("Motion").

4.      All terms not defined herein are used as they are defined in the Motion.

5.      A true and correct copy of the APA is attached here as Exhibit "1."

6.      An Involuntary Petition against the Debtor was filed on May 22, 2013 by creditor: Mr. Patrick Curran. A true and correct copy of this Court's webPACER docket forCase No. 8:13-bk-14500-SC as of November 21, 2017, is attached here as Exhibit "2."

7.      On June 20, 2013, the Debtor filed its answer to the Involuntary Petition.

8.      On August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered ("Relief Order No. 1").  Thereafter, on August 23, 2013, Debtor and Mr. Curran filed a stipulation for "Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for Dismissal of Case Pending Completion of Settlement" ("Dismissal Stipulation"). The court granted the Stipulation, and vacated Relief Order No. 1 via an order entered on August 23, 2013 (the "Stipulation Order").

9.      On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy case ("Dismissal Motion").

10.      On September 9, 2013, the court issued an "Order To Show Cause Why Order For Relief Should Not be Entered" ("OSC") which was set for hearing for September 19, 2013.  After

4823-0583-9701, v. 1

1   the hearing held on September 19, 2013, the court entered an "Order For Relief in An Involuntary

2   Case" ("Relief Order No. 2.").

3       11.     Pursuant to the Relief Order No. 2, Debtor was to "file within seven (7) days after

4   entry of this order for relief, a list containing the name and address of each entity included on

5   Schedule D, E, F, G, and H, as prescribed by the Official Forms. . . Debtor must file schedules, and

6   statement referred to in Federal Rules of Bankruptcy Procedure 1007 within fourteen (14) days

7   after entry of this Order for Relief."

8       12.     On October 2, 2013, Mr. Hahn was appointed as Chapter 7 trustee for the

9   bankruptcy estate.

10      13.     Debtor filed a stipulation vacating the Dismissal Motion which was approved by the

11  court via an order entered on October 2, 2013.

12      14.     In violation of Relief Order No. 2, Debtor failed to file a list of creditors, schedules,

13  or a statement of financial affairs.

14      15.     Accordingly, on November 6, 2013, this Court entered an Order RE: Contempt (the

15  "Contempt Order"), which found Debtor and Mr. William K. Knox in civil contempt of Relief

16  Order No. 2. Thereafter, on November 20, 2013, Debtor filed its schedules and statement of

17  financial affairs as Dk. No. 172.

18      16.     I am informed and believe that on October 10, 2013, Mr. Hahn visited Debtor's

19  premises in an attempt to understand the nature of the business and whether it should be operated

20  as a going concern or simply shut down and liquidated.

21      17.     I am informed and believe that pre-petition, Debtor operated a business known as

22  Brazilian American Trading Company, Inc., dba Osseous Technologies of America ("Business").

23  The Business was a medical device company which focuses on the sale and distribution of dental

24  products, operating out of Newport Beach, CA.

25      18.     The Business sold supplies to oral maxillofacial surgeons who specialize in the

26  restoration and placement of dental implants. Primarily, a majority of the products sold were

27  accessories to implantology.

28      19.     The principal of the Debtor was Mr. Knox.

DECLARATION OF RICHARD A. MARSHACK

4823-0583-9701, v. 1

20.    The Debtor was also involved in the development of the Collagen for dental, spinal, and total body applications. The Patent on the Collagen was issued in January 2013.

21.    The Collagen was approved by the FDA for dental application via a 510(k) approval.

22.    I am informed and believe that Mr. Knox would use the Intellectual Property Assets as a solicitation tool to induce prominent surgeons and others to invest in the Debtor. Unfortunately, it appears that Mr. Knox used many of the investments not for the development of the Intellectual Property Assets, but rather to fund his personal gambling habit.

23.    Mr. Hahn believed that there were potential business assets that can be sold for the benefit of the Estate, i.e., Debtor's inventory, equipment, personal property, customer list, etc.).

24.    On April 22, 2014, as Dk. No. 248, Mr. Hahn filed the 2014 Sale Motion to sell the Estate's personal property and inventory subject to overbid. A true and correct copy of the 2014 Sale Motion is attached here as Exhibit "3."

25.    On May 29, 2014, the Court entered an order approving the 2014 Sale Motion.

26.    Sadly, in October 2014, Mr. Hahn passed away.

27.    I was then appointed as subsequent trustee by the Office of the United States Trustee.

28.    I am informed and believe that pre-petition, Debtor and Zimmer, were parties to the IP Agreements.

29.    On January 31, 2014, as Dk. No. 202, Mr. Hahn filed the Rejection Motion.

30.    The hearing on the Rejection Motion was continued to March 13, 2014.

31.    At the March 13, 2014, hearing, Zimmer and Mr. Hahn stipulated to certain deadlines regarding any potential 11 U.S.C. § 365(n) election, and the Trustee's opposition to said election.

32.    On May 15, 2014, as Dk. No. 265, Zimmer timely filed its Zimmer Election.

33.    Over the past few years, the Zimmer and I have continued the Estate's opposition deadline to the Zimmer Election to facilitate this instant sale.

DECLARATION OF RICHARD A. MARSHACK

4823-0583-9701, v. 1

34.    At the inception of the case, Mr. Knox, and several creditors of the Estate informed both Mr. Hahn and myself that the Intellectual Property Assets were worth "tens of millions" and could pay the Estate "in full."

35.    As such, on July 24, 2014, as Dk. No. 288, Mr. Hahn filed the Columbia Capital Application.

36.    On August 18, 2014, as Dk. No. 317, the Court entered the Columbia Capital Application Order. A true and correct copy of the Columbia Capital Application Order is attached here as Exhibit "4."

37.    I am informed and believe that Columbia Capital diligently and methodically marketed the Intellectual Property Assets for over a year. But, unfortunately, all the targeted buyers eventually declined to engage in a purchase.

38.    I am informed and believe that the interest in the Intellectual Property Assets was tepid, at best.

39.    I believe that the sale embodied in the APA is in the best interest of the Estate as it is the only offer the Estate has received for the Intellectual Property Assets despite a meaningful and diligent marketing period.

40.    The APA is simply the best offer the Estate has received from the Intellectual Property Assets.

41.    I am informed and believe that simultaneously with the filing of this instant Motion, my counsel will be placing the below advertisement in the classified section of the Orange County Register:

> The Chapter 7 Trustee of the Bankruptcy Estate of Osseous Technologies of America Inc., Case No. 8:13-bk-14500-SC is selling the Estate's interest, if any, in US Patent No. 8,353,967 ("Patent") and the 510(k) approval by the United States Food and Drug Administration of the Patent for dental applications, through an auction on December 13, 2017, at 11:00 a.m., at 411 W. Fourth Street, Santa Ana, CA 92701, Courtroom 5C. The stalking horse bidder has placed an initial bid with total consideration being $45,000. Any minimum overbid must be at least $50,000, and a deposit of $10,000 refundable only if not the successful bidder; $5,000 increments during the Auction. Overbids are to be received by 10:00 a.m. ("PST"), on December 12, 2017, Contact David A. Wood and Matthew W. Grimshaw at 949-333-7777 or via email at dwood@marshackhays.com or mgrimshaw@marshackhays.com for further details

DECLARATION OF RICHARD A. MARSHACK
4823-0583-9701, v. 1

42.    I will also be placing an advertisement in MedTech Strategist (a medical device periodical recommended by Columbia Capital) as follows:

> The Chapter 7 Trustee of the Bankruptcy Estate of Osseous Technologies of America Inc., Case No. 8:13-bk-14500-SC is selling the Estate's interest, if any, in US Patent No. 8,353,967 ("Patent") and the 510(k) approval by the United States Food and Drug Administration of the Patent for dental applications, through an auction on December 13, 2017, at 11:00 a.m., at 411 W. Fourth Street, Santa Ana, CA 92701, Courtroom 5C. The Patent is an encapsulation product line for bone augmentation material. The products are rigid collagen vessels which retain their structure during the period that the bone graft material hardens and ossifies. Used, together, the collagen vessels and bone graft material create an osseous structure for single tooth implants as well as jaw reconstruction for multiple implants. The Patent may have applicability in several orthopedic areas, including spine, non-union bone fractures, hip revision surgery, etc. The full development of the orthopedic applications have not been completed. The stalking horse bidder has placed an initial bid with total consideration being $45,000. Any minimum overbid must be at least $50,000, and a deposit of $10,000 refundable only if not the successful bidder; $5,000 increments during the Auction. Overbids are to be received by 10:00 a.m. ("PST"), on December 12, 2017, Contact David A. Wood and Matthew W. Grimshaw at 949-333-7777 or via email at dwood@marshackhays.com or mgrimshaw@marshackhays.com for further details

43.    A true and correct copy of the UCC Search obtained by my office is attached here as Exhibit "6."

44.    A true and correct copy of this Court's webPACER Claims Register for Case No. 8:13-bk-14500-SC as of November 21, 2017, is attached here as Exhibit "7."

45.    In order to facilitate the sale embodied in the APA, my counsel and I negotiated the Zimmer Election Resolution Stipulation with Dr. Cardoso and Zimmer, which I believe is in the best interest of the Estate.

46.    I have been informed by various parties that they believe Zimmer was in pre-petition default of the IP Agreements and that Zimmer lost its exclusivity rights.

47.    I am informed and believe that Zimmer vigorously denies that they were in pre-petition default.

48.    It is my understanding that Zimmer believes that Debtor was the party who defaulted pre-petition.

49.    Litigation over the Zimmer Election would be extremely fact intensive, and may include analysis of the parties transactional history back to 2010.

DECLARATION OF RICHARD A. MARSHACK

4823-0583-9701, v. 1

1     50.    I believe that if the parties were to litigate the Zimmer Election, the Estate would

2  incur legal administrative fees in excess of $100,000.

3     51.    I am informed and believe that Zimmer has paid the escrow company to maintain

4  the escrow for the "know how" on the Intellectual Property Assets.

5     52.    I am informed and believed that such expenses, since the Petition Date, exceed

6  $5,000.

7     53.    The proposed sale embodied in the APA and the settlement provided in Zimmer

8  Election Stipulation Resolution will provide an influx of cash into the estate which can be used to

9  pay allowed administrative and unsecured claims, I believe that the proposed sale is in the best

10  interest of the estate.

11     54.    If the Motion is approved, the Estate will begin the process of closing the

12  bankruptcy case and moving forward with a trustee's final report.

13     I declare under penalty of perjury under the laws of the United States of America, that

14  the foregoing is true and correct. Executed on November ____, 2017, at Irvine, California.

15

16                     RICHARD A. MARSHACK

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD A. MARSHACK

4823-0583-9701, v. 1

# Declaration of Roger Zickfeld

I, Roger Zickfeld, declare and state as follows:

1.    I am a Managing Director of Columbia Capital Advisors and Columbia Capital Securities ("Columbia Capital") and maintain offices at 1999 Avenue of the Stars, Suite 1100, Los Angeles, California, 90067.

2.    I make this declaration in support of Richard A. Marshack, the Chapter 7 Trustee of the Bankruptcy Estate of Osseous Technologies of America, Inc., motion for an order: (1) approving the sale of the Estate's intellectual property assets to Dr. Ronald Cardoso ("Dr. Cardoso") and Dr. William Costigan ("Dr. Costigan," collectively with Dr. Cardoso the "Buyers") pursuant to an asset purchase agreement ("APA"); and (2) approving a compromise with Zimmer Dental Inc. ("Zimmer") resolving Zimmer's 11 U.S.C. § 365(n) election ("Motion").

3.    All terms not defined herein are used as they are defined in the Motion.

4.    After the entry of the Columbia Capital Application Order, I began investigating the Estate's Intellectual Property Assets. Inclusive of diligently and methodically marketing the Intellectual Property Assets to targeted buyers.

5.    I developed a targeted list of buyers, including, but not limited to large orthopedic firms, spinal specialty firms, and biologics specialty firms.

6.    I then prepared an executive summary of the Intellectual Property Assets as marketing materials ("Executive Summary"). A true and correct copy of the Executive Summary is attached here as Exhibit "5." I sent this summary to approximately 25 prospective buyers.

7.    Columbia Capital then engaged in the usual investment banking process to develop potential buyers, i.e., direct solicitation and conference attendance.

8.    I personally attended the Northern American Spine Society conference, the American Academy of Orthopedic Surgeons, and the JP Morgan Healthcare services conference.

9.    Columbia Capital approached approximately 25 separate companies, including but not limited to Stryker, Medtronic, Marial Therapeutics, Bioventus, Bacterin, Golubs Medical Integra Lifesciences, KDM Inc., Wright Medical Technology, and Johnson and Johnson.

4823-0583-9701, v. 1

10.     While five companies expressed varying degrees of interest (some of which included the execution of a non-disclosure agreement to allow for further due diligence), eventually all of the companies declined to further pursue a purchase of the Intellectual Property Assets.

11.     Some of the issues noted by prospective buyers were: (1) the lack of preclinical animal data for the spinal and biologics applications of the Patent; (2) the lack of clinical human data for the spinal and biologics applications of the Patent; and (3) for the lack of 510(k) FDA Clearance for the spinal and biologics applications.

12.     In sum, prospective buyers balked at paying any significant sum for the Intellectual Property Assets in light of the research and development and regulatory expenses that would need to be incurred to make the spinal and biologics applications viable.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on November _____, 2017, at Los Angeles, California.


_____[signature to follow]_____
ROGER ZICKFELD

DECLARATION OF ROGER ZICKFELD
4823-0583-9701, v. 1

EXHIBIT 1

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement"), dated the 21st day of November 2017 ("Effective Date"), is made by and among the Chapter 7 Bankruptcy Estate of Osseous Technologies of America, Inc., acting by and through its Chapter 7 Bankruptcy Trustee, Richard A. Marshack (hereinafter, the "Trustee" or "Estate"), on the one hand, and Dr. Ronald Cardoso ("Cardoso") and Dr. William Costigan ("Costigan," together with Cardoso, the "Acquiring Parties" "), on the other hand.  The Acquiring Parties and the Trustee are sometimes collectively referred herein as the "Parties."

## RECITALS

WHEREAS, on May 22, 2013, creditor Patrick Curran filed an involuntary petition against Osseous of Technologies of America, Inc. ("Debtor") under Chapter 7 of Title 11 of the United States Code.

WHEREAS, on June 20, 2013, Debtor filed its answer to the Involuntary Petition.

WHEREAS, on September 19, 2013, the Court entered an Order for Relief under Chapter 7 of the Bankruptcy Code ("Order for Relief").

WHEREAS, on October 2, 2013, David L. Hahn was appointed as Chapter 7 Trustee for Debtor's bankruptcy estate.  Mr. Hahn retained Marshack Hays LLP (the "Firm") as his general bankruptcy counsel.  Sadly, in October 2014, Mr. Hahn passed away.  Shortly thereafter, the office of the United States Trustee appointed Mr. Marshack as a subsequent trustee.

WHEREAS, the Debtor was a medical device company, focusing on the sale and distribution of dental products, and also involved in the development of a rigid collagen to be used in dental implants ("Collagen").  The Collagen was patented in January 2013, as US Patent No. 8,353,967 (the "Patent").  Moreover, on or about August 8, 2008, the Collagen was approved by the United States Food and Drug Administration for dental application (the "510(k)").

WHEREAS, on January 31, 2014, the Trustee filed the Motion for Order Rejecting Potential Executory Contract of Zimmer Dental, Inc. ("Zimmer") under 11 U.S.C. § 365 (the "Motion to Reject"), and on February 14, 2014, Zimmer requested the Motion to Reject be continued to allow Zimmer to fully analyze its rights under 11 U.S.C. § 365(n).

WHEREAS, on May 15, 2014, Zimmer timely filed its §365 Election (the "§365 Election").

WHEREAS, Zimmer and the Trustee have stipulated to continue the deadlines for the Trustee to respond and/or oppose to the §365 Election and any filing by Zimmer in response on several occasions, with the deadline for the Trustee to respond and/or oppose the §365 Election currently set for November 27, 2017.

US.115224489.01

EXHIBIT 1
Page 26

WHEREAS, on April 22, 2014, the Trustee filed the Motion for Sale of Property of the Estate Under 11 U.S.C. § 363(b) for authority to enter and execute an asset purchase agreement for the vast majority of Debtor's personal property and inventory (the "2014 Sale Motion"). As set forth in the 2014 Sale Motion, the sale of personal property specifically excluded the Patent and 510(k). On May 29, 2014, the Bankruptcy Court entered an order granting the 2014 Sale Motion.

WHEREAS, on June 24, 2014, the Trustee filed the Application to Employ Intellectual Property Broker for authority to engage Roger Zickfield to identify, approach, and negotiate with potential purchasers and/or licenses of the Patent, and analyze and recommend a strategy to maximize the value of the Patent in a sale and/or license transaction (the "2014 Application"). The Bankruptcy Court entered an order granting the 2014 Application.

WHEREAS, the Trustee desires to sell the Purchased Assets (as defined below), and Cardoso and Costigan desire to acquire the Purchased Assets in accordance with the terms and conditions as contained herein, subject to Bankruptcy Court Approval and overbid. Such transaction shall be referred to as the "Sale."

## TERMS OF AGREEMENT

THEREFORE, in consideration of the foregoing Recitals and of the promises, mutual obligations and agreements set forth herein, together with other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged by the Parties, the Parties agree as follows:

1.    **Incorporation of Recitals**. The foregoing Recitals are incorporated herein by reference as though set forth in full and are acknowledged by the parties to be material representations which form the basis of the Agreement.

2.    **Purchase of Assets**.

2.1.    Purchase and Transfer of Assets. Subject to Bankruptcy Court approval under 11 U.S.C. § 363, or other applicable provisions, and other than the Excluded Assets defined in Section 2.2 below, the Estate hereby sells to Cardoso, and Cardoso hereby purchases, acquires and accepts from the Estate, all of the Estate's rights, title and interest in the assets described below (collectively, "Purchased Assets"):

(a) The Patent for the Collagen known as US Patent No. 8,353,967; and

(b) The 510(k) for the Collagen, which constitutes approval by the United States Food and Drug Administration for any and all dental use of the Collagen, including but not limited to, all

EXHIBIT 1
Page 27

books, records, and documents related to the operation and quality systems for the Collagen.

2.2.   Excluded Assets.  All assets of the Estate except those specifically set forth in Sections 2.1(a), and 2.1(bare excluded from the Sale ("Excluded Assets").

3.   **Sales Price**.

3.1.   Payment. Subject to Bankruptcy Court approval, and subject to the terms set forth herein, the total sale price for the Purchased Assets shall be $45,000 (the "Payment").  The Parties agree that the Payment will made as follows:  Cardoso shall pay $35,000 in cash to the Estate.  In addition, as more particularly described in that certain Exclusive Patent License Agreement to be attached to this APA as Exhibit 3 prior to closing, Costigan shall assign to Cardoso his right to $10,000 of his allowed gap claim against the Estate under Section 502(f) as consideration for the Exclusive Patent License Agreement and Cardoso agrees to waive/offset such $10,000 portion of the allowed gap claim against the Estate to complete the $45,000 Payment.  The Trustee agrees to accept such offset in lieu of an additional $10,000 cash payment from Cardoso, subject to Bankruptcy Court approval of this agreement.[1]  The $35,000 cash portion of Payment shall be made as agreed upon in Section 3.2.

3.2.   Delivery of Payment.  Cardoso shall deliver the $35,000 cash portion of the Payment to the Estate within twenty (20) days following entry of the Order approving the Sale in favor of Cardoso.  Cardoso shall deliver the $35,000 cash portion of the Payment via overnight delivery to Marshack Hays LLP, 870 Roosevelt, Irvine, CA 82620. The Payment shall be delivered in the form of a cashier's check made payable to "Richard A. Marshack, Chapter 7 Trustee," and the memo line of such check shall reference "Bankruptcy Case Number: 8:13-bk-14500-SC."

3.3.   Within fourteen (14) days after receipt of the Payment, the Trustee shall execute and deliver the following documents that shall effectuate a transfer of the Purchased Assets: (a) a bill of sale substantially similar to the one attached herein as **Exhibit "1";** and (b) an assignment of the Purchased Assets substantially similar to the one attached herein as **Exhibit "2."**

---

[1] For the avoidance of doubt and by way of example only, in the event that the Court determines Costigan holds an allowed Section 502(f) gap claim against the Estate in the amount of $150,000, after closing of the transaction contemplated herein and the offsets described, Costigan's allowed 502(f) gap claim against the Estate would be reduced by $10,000 to $140,000.

EXHIBIT 1
Page 28

3.4.   Should the Acquiring Parties require additional documentation from the Trustee to effectuate the transfer of the Purchase Assets, the Acquiring Parties shall be solely responsible to prepare and deliver such documents to the Trustee for his review and signature. Trustee shall have no obligation to undertake any acts to effectuate the transfer of the Purchased Assets except to execute necessary documents, which will be prepared and delivered from Acquiring Parties to the Trustee.  Notwithstanding these terms, the Trustee agrees to work with Acquiring Parties, as reasonably necessary, to effectuate the transfer of the 510k through the FDA's Unified Registration and Listing System (FURLS).

4.   **Exclusive Assignment of all non-dental rights to the Patent to Costigan.**  The Parties agree that all Purchased Assets will be sold, transferred, conveyed, and assigned to Cardoso.  Concurrent with the closing of the sale of the Purchased Assets to Cardoso, Cardoso hereby agrees to grant Costigan a fully assignable and transferable exclusive license in and to all non-dental rights in and to the Patent to be documented by way of an Exclusive Patent License Agreement in a form acceptable to Costigan and Cardoso, which will be attached hereto as **Exhibit "3"** and incorporated herein and executed by Costigan and Cardoso prior to the closing of the Sale.

5.   **Liens and Encumbrances**.  The Trustee is informed and believes based on information from the Estate's intellectual property attorneys, the Purchased Assets have no liens or encumbrances.

6.   **Representations and Warranties**.  The Estate is selling the Purchased Assets "as is – where is," without warranty or representation, with the exception that the Estate is informed and believes that the Purchased Assets are in good standing and have been properly maintained throughout the pendency of the bankruptcy case. The Acquiring Parties hereby acknowledge and agree that, except as otherwise expressly provided herein, the Trustee makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Purchased Assets.

7.   **Zimmer's §365 Election**.

7.1.   Trustee is informed and believes that he, Cardoso, and Zimmer have resolved the pending issues with Zimmer's §365 Election. In exchange for consideration to Zimmer, provided for in the Stipulation attached hereto as **Exhibit "4",** the sufficiency of which is acknowledged, as a condition precedent to the sale contemplated herein, the order approving the sale must include an order by the Court approving the Stipulation, per the terms of which, Zimmer releases any rights or claims under the §365 Election related to, arising from, or in any way connected to, the Purchased Assets (as set forth more fully in the Stipulation). Cardoso agrees and acknowledges he shall be bound by

and perform his obligations set forth in the Stipulation if he is found to be the winning bidder for the purchase of the Purchased Assets. If Cardoso is not found by the Bankruptcy Court to be the winning bidder to purchase the Purchased Assets, the agreements contained in the Stipulation shall be enforced pursuant to the order approving the Sale Motion as entered by this Bankruptcy Court.

8.    **Conditions:  Bankruptcy Court Approval**. The Parties acknowledge and agree that Bankruptcy Court approval of this Agreement is necessary condition precedent to its effectiveness.

9.    **Overbid**. The Sale will be subject to overbid.  If Cardoso is not the successful purchaser after the conclusion of any overbidding, any payment held in trust by the Trustee shall be returned within twenty (20) days of the termination of the auction, and this Agreement shall be terminated.

10.    **Intentionally Omitted.**

11.    **Waiver of Bankruptcy Rule 6004(h) and 6006(d)**.  To ensure the closing of the Sale occurs as expeditiously as possible, the Parties knowingly and voluntarily waive the 14-day stay requirements of Bankruptcy Rule 6004(h) and 6006(d), and authorize the Trustee to request from the Court that he immediately consummate the transaction proposed by the Agreement after entry of the Court Order approving the Sale.

12.    **Miscellaneous**.

12.1.  Additional Acts.  The Parties agree to execute and deliver all documents and instruments and to perform such additional acts as the other party may reasonably request, or as may be necessary or appropriate to effectuate, consummate or perform any of the terms, provisions or conditions of this Agreement.

12.2.  Modification.  Any modification of the Agreement shall be valid and binding only if in writing and signed by all of the parties hereto.

12.3.  Waiver.  No waiver of any of the terms or conditions of this Agreement shall be binding or effective for any purpose unless expressed in writing and executed by the party to be bound thereby.

12.4.  Notices.  Any notice to the other party shall be deemed immediately given and received by the other party if personally served, or sent by overnight mail through a nationally recognized overnight carrier, at the addresses listed below:

4828-8775-0996, v. 1

EXHIBIT 1
Page 30

To the Trustee:
Marshack Hays LLP
Matthew W. Grimshaw, Esq.
David Wood, Esq.
870 Roosevelt
Irvine, CA  92620

To Cardoso:
Goodfried Law Group APC
Jeffrey S. Goodfried, Esq.
6345 Balboa Blvd., Suite I-300
Encino, CA  91316

To Costigan:
Arent Fox LLP
Attn:  M. Douglas Flahaut, Esq.
555 W. 5th Street, 48th Floor
Los Angeles, CA  90013-1065

    12.5.  Severability.  If any portion of the Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable, such portion shall be deemed severed from the Agreement, and the remaining part shall remain in full force and effect as if no such invalid or unenforceable provision had been a part of the Agreement and, to the extent necessary, this Agreement shall be modified by such Court to fully implement the rights and duties of the Parties set forth herein.

    12.6.  Successors and Assigns.  This Agreement will be binding upon the Parties and their respective representatives, successors and assigns, and will inure to the benefit of all parties hereto and their respective representatives, successors and assigns.

    12.7.  Attorney's Fees.  All Parties to the Agreement agree to bear their own attorney's fees and costs.  In the event of any dispute arising out of the interpretation of this Agreement, the prevailing party shall be entitled to an award of reasonable attorney's fees and costs.

    12.8.  Governing Law.  The validity of this Agreement, the construction and enforcement of its terms and the interpretation of the rights granted to the Parties hereunder shall be governed by and construed in accordance with the laws of the State of California.

4828-8775-0996, v. 1

EXHIBIT 1
Page 31

12.9.  <u>Mutually Drafted</u>.  This Agreement is to be interpreted without regard to the drafting party.  The terms and intent of this Agreement, with respect to the rights and obligations of all Parties identified in this Agreement, shall be interpreted and construed on the assumption that all Parties participated equally in its drafting.

12.10. <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which will be deemed an original, with the same force and effect as if all signatures appeared on the same document.

12.11. <u>Assignability</u>.  This Agreement shall be regarded as personal to the Parties hereto, and may not be assigned.  This Agreement shall be binding upon and inure to the benefit of the respective Parties and their successors and assigns, heirs, and personal representatives, except as otherwise expressly provided herein.

12.12. <u>Entire Agreement</u>.  This Agreement, including any schedules or exhibits herein referred to, is complete, and all promises, representations, understandings, warranties, and agreements with respect to the subject matter hereof, and all inducements to the making of this Agreement which are relied upon by any party hereto, have been expressed herein.

[Signature Page Follows]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement for the sale of certain intellectual property assets held by the Trustee of the Bankruptcy Estate of Osseous Technologies of America, Inc., as of the date(s) appearing below.

4828-8775-0996, v. 1

EXHIBIT 1
Page 32

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement for the sale of certain intellectual property assets held by the Trustee of the Bankruptcy Estate of Osseous Technologies of America, Inc., as of the date(s) appearing below.

Dated:  November __, 2017.          TRUSTEE


_____

Richard Marshack


Dated:  November 20, 2017          RONALD CARDOSO

_____

Ronald Cardoso


Dated:  November ___, 2017          WILLIAM COSTIGAN


_____

William Costigan

4828-8775-0996, v. 1

THIS PAGE LEFT INTENTIONALLY BLANK

EXHIBIT 1
Page 34

EXHIBIT  1

EXHIBIT 1
Page 35

TO BE PROVIDED BEFORE HEARING

EXHIBIT 1
Page 36

EXHIBIT  2

EXHIBIT 1
Page 37

TO BE PROVIDED BEFORE HEARING

EXHIBIT 1
Page 38

EXHIBIT  3

EXHIBIT 1
Page 39

TO BE PROVIDED BEFORE HEARING

EXHIBIT 1
Page 40

EXHIBIT 4

EXHIBIT 1
Page 41

1  MATTHEW W. GRIMSHAW, #210424
   mgrimshaw@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, CA 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 | In re:                              | Case No. 8:13-bk-14500-SC
12 | OSSEOUS TECHNOLOGIES OF AMERICA,     | Chapter 7
   | INC.,                               |
13 |                                     | STIPULATION BETWEEN THE TRUSTEE,
   |                    Debtor.          | DR. RONALD CARDOSO, AND ZIMMER
14 |                                     | DENTAL INC. TO RESOLVE ZIMMER
   |                                     | DENTAL INC., ELECTION UNDER 11
15 |                                     | U.S.C. § 365(n)
16 |                                     |
   |                                     | [No Hearing Required]
17

18 TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

19 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

20 PARTIES:

21        This Stipulation is entered into by and between RICHARD A. MARSHACK in his capacity

22 as Chapter 7 Trustee (the "Trustee") of the Estate of Osseous Technologies of America, Inc.

23 ("Debtor"), and Zimmer Dental Inc. ("Zimmer," and together with the Trustee, the "Parties") with

24 regard to the following:

25        A.    An Involuntary Petition against the Debtor was filed on May 22, 2013, by

26 creditor: Patrick Curran.

27        B.    On June 20, 2013, the Debtor filed its answer to the Involuntary Petition.

28        C.    On September 19, 2013, an Order for Relief under Chapter 7 of the

                                    - 1 -
                        11 U.S.C. § 365(N) STIPULATION

307860v1/1028-024

EXHIBIT 1
Page 42

1    Bankruptcy Code was entered.

2        D.    On October 2, 2013, David L. Hahn was appointed as Chapter 7 trustee for the

3    Debtor's bankruptcy estate.

4        E.    Pursuant to this Court's order entered on November 19, 2013, as Dk. No. 170,

5    the Trustee's deadline to accept or reject executory contracts pursuant to 11 U.S.C. § 365 was

6    extended to February 28, 2014.

7        F.    At the commencement of this case, Zimmer and Debtor were parties to the

8    following agreements: (a) a Distribution Agreement executed June 23, 2009 (as amended by the

9    First Amendment dated August 24, 2009, the Second Amended dated October 27, 2009, the Third

10    Amended dated January 28, 2010, and the Fourth Amended dated April 26, 2016 (collectively, the

11    "2009 Agreement")), governing Debtor's manufacture and sale to Zimmer of certain dental products

12    described generally as devices for sinus lift procedures sometimes required in connection with dental

13    implant procedures (generally, the "2009 Agreement IP"); and (b) a Distribution Agreement

14    executed January 28, 2010 (as amended by the First Amendment dated July 7, 2010, the Second

15    Amendment dated February 15, 2011, and the Third Amendment dated April 26, 2012, (collectively,

16    the "2010 Agreement"), governing Debtor's manufacture and sale to Zimmer of certain dental

17    products described generally as collagen ridge augmentation "Tunnels," also known as the "CurV

18    line" (generally, the "2010 Agreement IP").

19        G.    On January 31, 2014, the Trustee filed his Motion for Order Rejecting

20    Potential Executory Contract of Zimmer Dental Incorporated ("Zimmer") under 11 U.S.C. § 365 (the

21    "Motion to Reject").

22        H.    In conjunction with the Motion to Reject, the Trustee filed an Application for

23    Order Shortening Time (the "Application") seeking a hearing date of February 19, 2014.

24        I.    The Court granted the Application via an order entered as Dk. No. 204, setting

25    the matter for hearing on February 19, 2014, at 9:30 a.m. (the "Order").

26        J.    On February 12, 2014, counsel from Zimmer requested that the Motion to

27    Reject be continued to allow Zimmer to fully analyze its rights under 11 U.S.C. § 365(n) (the "§365

28    Election").

1          K.       On February 15, 2014, the Trustee and Zimmer submitted a stipulation to

2 continue the Motion to Reject to March 13, 2014, at 10:00 a.m. (the "Continuance Stipulation").

3          L.       On February 18, 2014, the Court granted the Continuance Stipulation by an

4 order entered as Dk. No. 214.

5          M.      At the March 13, 2014, hearing on the Motion to Reject, counsel for Zimmer

6 and the Trustee agreed on the record to certain deadlines regarding Zimmer's §365 Election. The

7 Parties agreement was reflected in the order entered as Dk. No. 241 on April 2, 2014, granting the

8 Rejection Motion (the "Rejection Order").

9          N.       Pursuant to the Rejection Order:

10                a)      Zimmer had until May 15, 2014, to make its §365 Election;

11                b)      Any response and/or opposition by the Trustee to Zimmer's §365

12                        Election was to be filed within 14 days of such election; and

13                c)      Any response by Zimmer to the Trustee's opposition was to be filed

14                        within seven (7) days of said response.

15          O.       Zimmer timely filed its §365 Election on May 15, 2014, as Dk. No. 265.

16          P.       On May 29, 2014, as Dk. No. 277, the Parties filed a stipulation to continue

17 the Trustee's response, if any, to the Zimmer election 30 days to, and including, June 28, 2014 (the

18 "Response Stipulation");

19          Q.       That same day, the Court entered an order as Dk. No. 278, approving the

20 Response Stipulation.

21          R.       On June 19, 2014, the Parties had a lengthy telephonic conference in

22 furtherance of a potential resolution of any and all issues surrounding the Zimmer election. The

23 Parties believe that an additional extension of the response deadline will facilitate additional

24 discussion and potential resolution of any issues.

25          S.       Accordingly, on June 27, 2014, as Dk. No. 291, the Parties filed a stipulation

26 to continue the Trustee's response, if any, to the Zimmer election 60 days to, and including August

27 29, 2014 (the "Second Response Stipulation");

28          T.       That same day, the Court entered an order as Dk. No. 292, approving the

1   Second Response Stipulation.

2         U.      Thereafter, in order to continue the negotiations and dialogue, on August 29,

3   2014, the Parties filed a third stipulation to continue the Trustee's response, if any, to the Zimmer

4   election 60 days, to, and including, October 31, 2014 (the "Third Response Stipulation").

5         V.      That same day, the Court entered an order as Dk. No. 323, approving the

6   Third Response Stipulation.

7         W.      Thereafter, on October 28, 2014, the Parties filed a fourth stipulation to

8   continue the Trustee's response, if any, to the Zimmer election 75 days, to, and including, January

9   16, 2015 ("Fourth Response Stipulation").

10         X.      That same day the Court entered an order as Dk. No. 351, approving the

11   Fourth Response Stipulation.

12         Y.      Thereafter, on January 13, 2015, the Parties filed a fifth stipulation to continue

13   the Trustee's response, if any, to the Zimmer election 90 days, to, and including April 16, 2015

14   ("Fifth Response Stipulation").

15         Z.      That same day, the Court entered an order as Dk. No. 370 approving the Fifth

16   Response Stipulation.

17         AA.     On April 13, 2015, the Parties filed a sixth stipulation to continue the

18   Trustee's response, if any, to the Zimmer election 90 days, to, and including July 19, 2015 ("Sixth

19   Response Stipulation").

20         BB.     That same day, the Court entered an order as Dk. No. 391 approving the Sixth

21   Response Stipulation.

22         CC.     On July 16, 2015, the Parties filed a seventh stipulation to continue the

23   Trustee's response, if any, to the Zimmer election 90 days, to, and including October 19, 2015

24   ("Seventh Response Stipulation").

25         DD.     That same day, the Court entered an order as Dk. No. 408 approving the

26   Seventh Response Stipulation.

27         EE.     On October 15, 2015, the Parties filed an eighth stipulation to continue the

28   Trustee's response, if any, to the Zimmer election 90 days, to, and including January 15, 2016

4

STIPULATION TO RESOLVE ZIMMER'S 11 U.S.C. § 365(N) ELECTION

EXHIBIT 1
Page 45

1 | ("Eighth Response Stipulation").

2 |     FF.    The next day, the Court entered an order as Dk. No. 426 approving the Eighth

3 | Response Stipulation.

4 |     GG.    On January 14, 2016, as Dk. No. 477, the Partied filed a ninth stipulation to

5 | continue the Trustee's response, if any, to the Zimmer election 90 days, to and including, May 20,

6 | 2016 ("Ninth Response Stipulation").

7 |     HH.    That same day, the Court entered as Dk. No. 477 an order approving the Ninth

8 | Response Stipulation.

9 |     II.    On May 19, 2016, as Dk. No. 497, the Parties filed a tenth stipulation to

10 | continue the Trustee's response, if any, to the Zimmer election 90 days to August 19, 2016 ("Tenth

11 | Response Stipulation").

12 |     JJ.    On May 23, 2016, as Dk. No. 497, the Court entered an order approving the

13 | Tenth Response Stipulation.

14 |     KK.    On August 17, 2016, as Dk. No. 521, the Parties filed an eleventh stipulation

15 | to continue the Trustee's response, if any, to the Zimmer election 90 days to January 20, 2017

16 | ("Eleventh Response Stipulation").

17 |     LL.    On August 18, 2016, as Dk. No. 522, the Court entered an order approving the

18 | Eleventh Response Stipulation.

19 |     MM.    On April 19, 2017, as Dk. No. 549, the Parties filed a twelfth stipulation to

20 | continue the Trustee's response, if any, to the Zimmer election 90 days to August 25, 2017

21 | ("Twelfth Response Stipulation").

22 |     NN.    On April 19, 2017, as Dk. No. 550, the Court entered an order approving the

23 | Twelfth Response Stipulation.

24 |     OO.    On August 23, 2017, as Dk. No. 562, the Parties filed a thirteenth stipulation

25 | to continue the Trustee's response, if any, to the Zimmer election 90 days to November 27, 2017

26 | ("Thirteenth Response Stipulation").

27 |     PP.    On August 23, 2017, as Dk. No. 563, the Court entered an order approving the

28 | Thirteenth Response Stipulation

STIPULATION TO RESOLVE ZIMMER'S 11 U.S.C. § 365(N) ELECTION

4810-6046-6001, v. 1

EXHIBIT 1
Page 46

1          QQ.    The Trustee has negotiated a sale of the Estate's interest in the patent known

2   as United States Patent No. 8,353,967 ("Patent") and the 510 related to the Patent (collectively, the

3   "Sale Assets") to Dr. Ronald Cardoso ("Dr. Cardoso"), and Dr. William Costigan ("Dr. Costigan")

4   ("APA"). In conjunction with the negotiations surrounding the APA, counsel for Dr. Cardoso, Dr.

5   Costigan, the Trustee, and Zimmer negotiated a global resolution to Zimmer's election.

6          RR.    The APA contemplates that the sale of the Estate's intellectual property for

7   total consideration of $45,000 ("Sales Price"), subject to overbid.

8          SS.    In order to facilitate the sale of the Estate's intellectual property as

9   contemplated in the APA, the Parties agree as follows.

10          WHEREFORE, the Parties hereby stipulate, as follows:

11          1.    In exchange of a full release of any exclusive or non-exclusive, known or

12   unknown, rights (vested or unvested), claims, licenses, causes of action, refunds, royalties,

13   commission, payments, or right to payments Zimmer may have as of the Petition Date pursuant to 11

14   U.S.C. § 365(n) as to the 2009 Agreement and/or the 2010 Agreement, if the total consideration

15   received by the Estate for the sale contemplated in the APA is less than $100,000, Zimmer will

16   receive a $10,000 payment from Dr. Cardoso, and a $5,000 administrative claim against the Estate;

17   ///

18   ///

19   ///

20

21

22

23

24

25

26

27

28

STIPULATION TO RESOLVE ZIMMER'S 11 U.S.C. § 365(N) ELECTION

4810-6046-6001, v. 1

EXHIBIT 1
Page 47

2.       If there is an overbidder and auction for the sale of the Estate's intellectual property contemplated in the APA, and the total consideration received by the Estate equals or exceeds $100,000, in exchange for a full release of any of any exclusive or non-exclusive, known or unknown, rights (vested or unvested), claims, licenses, causes of action, refunds, royalties, commission, payments, or right to payments Zimmer may have as of the Petition Date pursuant to 11 U.S.C. § 365(n) as to the 2009 Agreement and/or the 2010 Agreement, Zimmer will receive: (1) from the Estate 15.0% of the increase over $45,000 from the gross proceeds to the Estate, and a $5,000 administrative claim against the Estate; and (2) if Dr. Cardoso is the successful bidder, an additional $10,000, paid by Dr. Cardoso;[1] and

3.       This Stipulation may be executed in one or more counterparts.

Dated: November ~~XX~~, 2017

By: _____
/s/ Matthew W. Grimshaw
MATTHEW W. GRIMSHAW
Attorney for the Chapter 7 Trustee
RICHARD A. MARSHACK

Dated: November 11, 2017      DR. RONALD CARDOSO

By: _____
JEFFREY GOODFRIED
Attorney for DR. RONALD CARDOSO

Dated: November 22, 2017      ZIMMER DENTAL INC.

By: _____
WENDY W. PONADER
Attorney for ZIMMER DENTAL INC.

---

[1] For example, if the total consideration received by the Estate is $99,999, then the total consideration to Zimmer still remains at $15,000, if Dr. Cardoso is the successful bidder. But, if the total consideration received by the Estate is $100,000 or more, than Zimmer would receive $23,250 to be calculated as follows ($10,000 from Dr. Cardoso, and $13,250 from the Estate (the original $5,000 agreed to plus $8,250 representing 15.0% of the $55,000 increase in consideration to the Estate (i.e., $100,000 - $45,000 = $55,000).

7

EXHIBIT 2

Case 8:13-bk-14500-SC    Doc 569    Filed 11/22/17    Entered 11/22/17 13:44:50    Desc
Main Document        Page 55 of 237

**DEFER**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:13-bk-14500-SC

|  |  |
|---|---|
| | *Date filed:* 05/22/2013 |
| *Assigned to:* Scott C Clarkson | *341 meeting:* 02/23/2016 |
| Chapter 7 | *Deadline for filing claims:* 03/07/2014 |
| Involuntary | *Deadline for filing claims (govt.):* 11/18/2013 |
| Asset | |

| | |
|---|---|
| ***Debtor*** | represented by **Osseous Technologies of America Inc** |
| **Osseous Technologies of America Inc** | PRO SE |
| 4695 MacArthur Ct Ste 1430 | |
| Newport Beach, Ca 92660 | **Robert P Goe** |
| ORANGE-CA | Goe & Forsythe, LLP |
| Tax ID / EIN: 68-0507153 | 18101 Von Karman, Ste 1200 |
| | Irvine, CA 92612 |
| | 949-798-2460 |
| | Fax : 949-955-9437 |
| | Email: kmurphy@goeforlaw.com |
| | *TERMINATED: 06/22/2016* |
| | |
| | **Leonard M Shulman** |
| | (See above for address) |
| | *TERMINATED: 05/12/2014* |
| | |
| | **Richard O Weed - SUSPENDED -** |
| | (See above for address) |
| | *TERMINATED: 08/28/2013* |
| | |
| ***Petitioning Creditor*** | represented by **Patrick Curran** |
| **Patrick Curran** | PRO SE |
| 2999 Laguna Canyon Rd | |
| Laguna Beach, Ca 92651 | **Thomas J Polis** |
| | Polis & Associates, APLC |
| | 19800 MacArthur Blvd |
| | Ste 1000 |
| | Irvine, CA 92612-2433 |
| | 949-862-0040 |
| | Fax : 949-862-0041 |
| | Email: tom@polis-law.com |
| | *TERMINATED: 06/19/2015* |

represented by

**Petitioning Creditor**
**Enterprise Counsel Group, ALC**
3 Park Plaza, Suite 1400
Irvine, CA 92614

**David Ethan Libman**
Enterprise Counsel Group
3 Park Plaza #1400
Irvine, CA 92614
949-833-8550
Fax : 949-833-8540
Email: thansen@enterprisecounsel.com

**Thomas J Polis**
Polis & Associates, APLC
19800 MacArthur Blvd
Ste 1000
Irvine, CA 92612-2433
949-862-0040
Fax : 949-862-0041
Email: tom@polis-law.com

**Trustee**
**David L Hahn (TR)**
Hahn Fife & Co., LLP
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
(949) 888-1014
*TERMINATED: 10/07/2014*

represented by **Matthew Grimshaw**
Marshack Hays LLP
870 Roosevelt Avenue
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: mgrimshaw@marshackhays.com
*TERMINATED: 10/07/2014*

**D Edward Hays**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: ehays@marshackhays.com
*TERMINATED: 10/07/2014*

**Richard A Marshack**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: rmarshack@marshackhays.com
*TERMINATED: 10/07/2014*

**David Wood**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777

Fax : 949-333-7778
Email: dwood@marshackhays.com
*TERMINATED: 10/07/2014*

**Trustee**
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Anthony Bisconti**
Bienert Miller & Katzman
903 Calle Amanacer Ste 350
San Clemente, Ca 92673
949-369-3700
Fax : 949-369-3701
Email: tbisconti@bmkattorneys.com

**Matthew Grimshaw**
(See above for address)

**D Edward Hays**
(See above for address)

**Judith E Marshack**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: jmarshack@marshackhays.com

**David Wood**
(See above for address)

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Frank Cadigan**
411 W 4th St Ste 7160
Santa Ana, CA 92701
714-338-3405
Fax : 714-338-3421
Email: frank.cadigan@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 05/22/2013 | 1 (2 pgs) | Chapter 7 Involuntary Petition. Fee Amount $306 Re: Osseous Technologies of America Inc Filed by Petitioning Creditor(s):Patrick Curran (attorney Thomas J Polis) . (Law, Tamika) (Entered: 05/22/2013) |
| 05/22/2013 | | Judge Scott C Clarkson added to case (Law, Tamika) (Entered: 05/22/2013) |
| 05/22/2013 | | |

| | | |
|---|---|---|
| | | Receipt of Involuntary Filing Fee - $306.00 by 08. Receipt Number 80054428. (admin) (Entered: 05/23/2013) |
| 05/23/2013 | 2<br>(2 pgs) | Order Dismissing Case - **Debtor** Dismissed (BNC-PDF). Signed on 5/23/2013. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) ORDER ENTERED IN ERROR - SEE DOCKET ENTRY 4 VACATING THIS ORDER DISMISSING CASE - Modified on 5/24/2013 (Bolte, Nickie). (Entered: 05/23/2013) |
| 05/23/2013 | 3<br>(1 pg) | Notice of dismissal (BNC) (Bolte, Nickie) (Entered: 05/23/2013) |
| 05/24/2013 | 4<br>(2 pgs) | Order Vacating Order Dismissing Case; (Related Doc # 2 ) Signed on 5/24/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 05/24/2013) |
| 05/24/2013 | 5<br>(2 pgs) | Notice to creditors of Order Vacating Order Dismissing Case - (RE: related document 4 (BNC-PDF) (Bolte, Nickie) (Entered: 05/24/2013) |
| 05/25/2013 | 6<br>(3 pgs) | BNC Certificate of Notice (RE: related document (s)3 Notice of dismissal (BNC)) No. of Notices: 2. Notice Date 05/25/2013. (Admin.) (Entered: 05/26/2013) |
| 05/25/2013 | 7<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)2 Order Dismissing Case (BNC-PDF) No. of Notices: 1. Notice Date 05/25/2013. (Admin.) (Entered: 05/26/2013) |
| 05/26/2013 | 8<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)5 Notice to creditors (BNC-PDF)) No. of Notices: 2. Notice Date 05/26/2013. (Admin.) (Entered: 05/27/2013) |
| 05/26/2013 | 9<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)4 Order Vacating Order (BNC-PDF)) No. of Notices: 1. Notice Date 05/26/2013. (Admin.) (Entered: 05/27/2013) |
| 05/28/2013 | 10<br>(3 pgs) | |

| | | |
|---|---|---|
| | | Involuntary Summons Issued on Osseous Technologies of America, Inc. (Bolte, Nickie) (Entered: 05/28/2013) |
| 05/28/2013 | 11 | Hearing Set (RE: related document(s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc) Status Conference hearing to be held on 7/11/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 05/28/2013) |
| 05/30/2013 | 12 (3 pgs) | Proof of service re: *Proof of Service re: Summons and Notice of Status Conference in an Involuntary Bankruptcy Case* Filed by Petitioning Creditor Patrick Curran (RE: related document(s)1 Involuntary Petition (Chapter 7)). (Polis, Thomas) WARNING: Item subsequently amended by docket entry no: 13 Modified on 5/31/2013 (Gonsales, Otoniel). (Entered: 05/30/2013) |
| 05/31/2013 | 13 | Notice to Filer of Error and/or Deficient Document **Other - PROOF OF SERVICE MUST HAVE A COVER PAGE WITH CASE INFORMATION. PEASE REFILE DOCUMENT WITH COVER PAGE** (RE: related document(s)12 Proof of service filed by Petitioning Creditor Patrick Curran) (Gonsales, Otoniel) (Entered: 05/31/2013) |
| 05/31/2013 | 14 (5 pgs; 2 docs) | Proof of service re: *Proof of Service re: Summons and Involuntary Petition; With Proof of Service* Filed by Petitioning Creditor Patrick Curran (RE: related document(s)1 Involuntary Petition (Chapter 7)). (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/31/2013) |
| 06/20/2013 | 15 (3 pgs) | Answer of Alleged Debtor to Involuntary Petition Filed by Debtor Osseous Technologies of America Inc . (Gonsales, Otoniel) (Entered: 06/21/2013) |
| 06/21/2013 | 16 (3 pgs) | Notice of Appearance and Request for Notice *and Service of Papers (Dr. Ronald Cardoso)* by Jeffrey S Goodfried Filed by Creditor Dr. Ronald Cardoso. (Goodfried, Jeffrey) (Entered: 06/21/2013) |
| 06/21/2013 | 17 (3 pgs) | Notice of Appearance and Request for Notice *and Service of Papers (Dr. Jay P. Malmquist)* by |

| | | Jeffrey S Goodfried Filed by Creditor Jay P. Malmquist, D.M.D.. (Goodfried, Jeffrey) (Entered: 06/21/2013) |
|---|---|---|
| 07/01/2013 | 18 (9 pgs) | Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* Filed by Petitioning Creditor Patrick Curran (Polis, Thomas) (Entered: 07/01/2013) |
| 07/01/2013 | 19 (5 pgs; 2 docs) | Application *For Order Setting Hearing On Shortened Notice with Proof of Service* Filed by Petitioning Creditor Patrick Curran (Attachments: # 1 Appendix Declaration in support of Application) (Polis, Thomas) WARNING: Item subsequently amended by docket entry no: 20 Modified on 7/2/2013 (Gonsales, Otoniel). (Entered: 07/01/2013) |
| 07/02/2013 | 20 | Notice to Filer of Error Made/No Action Required: **Incorrect event code was used to file this motion. CORRECT EVENT CODE IS: Bankruptcy Events - BK - Motions/Applications - Shortening time (motion). THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)19 Application (Generic) filed by Petitioning Creditor Patrick Curran) (Gonsales, Otoniel) (Entered: 07/02/2013) |
| 07/03/2013 | 21 | Status report *JOINT STATUS REPORT WITH PROOF OF SERVICE* Filed by Petitioning Creditor Patrick Curran (RE: related document(s) 11 Hearing (Bk Other) Set). (Polis, Thomas) WARNING: Item subsequently amended by docket entry no: 24 Modified on 7/5/2013 (Gonsales, Otoniel). (Entered: 07/03/2013) |
| 07/05/2013 | 22 (5 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The Motion For Appointment Of Interim Trustee RE: Section 303(g) Of The Bankruptcy Code Will Take Place On July 11, 2013 At 10:00 a.m. In Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701 (BNC-PDF) (Related Doc # 19 ) Signed on 7/5/2013 (I, deputy clerk who is making this entry, certify that |

| | | service on all parties under Section II was completedBolte, Nickie) (Entered: 07/05/2013) |
|---|---|---|
| 07/05/2013 | 23 | Hearing Set (RE: related document(s)18 Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code - filed by Petitioning Creditor Patrick Curran) The Hearing date is set for 7/11/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 07/05/2013) |
| 07/05/2013 | 24 | Notice to Filer of Error and/or Deficient Document **Other - Attorney has been requested to refile the flattened document.** (RE: related document(s)21 Status report filed by Petitioning Creditor Patrick Curran) (Gonsales, Otoniel) (Entered: 07/05/2013) |
| 07/07/2013 | 25 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)22 Order on Generic Application (BNC-PDF)) No. of Notices: 1. Notice Date 07/07/2013. (Admin.) (Entered: 07/07/2013) |
| 07/10/2013 | 26 (6 pgs) | Declaration re: *Declaration of Ashley Reichert re: Notice and Proof of Service re: the July 11, 2013 Hearing on an Appointment of an Interim Trustee re: Section 303(g) of The Bankruptcy Code; With Proof of Service (RE: related document(s): 18, 19* Filed by Petitioning Creditor Patrick Curran (RE: related document(s)22 Order on Generic Application (BNC-PDF)). (Polis, Thomas) (Entered: 07/10/2013) |
| 07/10/2013 | 27 (10 pgs) | Response to (related document(s): 18 Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303 (g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* filed by Petitioning Creditor Patrick Curran) *JOINDER to Petitioning Creditor's Motion for Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(G) of the Bankruptcy Code (with proof of service)* Filed by Creditor Dr. Ronald Cardoso (Goodfried, Jeffrey) (Entered: 07/10/2013) |

| | | |
|---|---|---|
| 07/10/2013 | [28](#) (8 pgs) | Response to (related document(s): [18](#) Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303 (g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* filed by Petitioning Creditor Patrick Curran) *JOINDER to Petitioning Creditor's Motion for Order Re: Appointment of an Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code (with proof of service)* Filed by Creditor Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 07/10/2013) |
| 07/10/2013 | [29](#) (3 pgs) | Notice *of Joinder to Patick Curran's July 1, 2013 Motion for Order for Re Appointment of an Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code [DKT.NO.18]* Filed by Creditor Enterprise Counsel Group ALC (RE: related document(s)[18](#) Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303 (g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* Filed by Petitioning Creditor Patrick Curran). (Libman, David) (Entered: 07/10/2013) |
| 07/11/2013 | [30](#) (2 pgs) | Exhibit register and notice re disposition of exhibits. Register for Plaintiff for proceeding ending on 7/11/2013. Notice RE Dispositon of Exhibits due by 9/9/2013. (Law, Tamika) (Entered: 07/11/2013) |
| 07/11/2013 | 31 | Hearing Continued (RE: related document(s)[18](#) Motion to Appoint Trustee Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code filed by Petitioning Creditor Patrick Curran) - HEARING CONTINUED TO 7/11/2013 at 02:00 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. - (cr:tlaw) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 07/17/2013) |
| 07/11/2013 | 32 | Hearing Held (RE: related document(s)[18](#) Motion to Appoint Trustee Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee |

| | | |
|---|---|---|
| | | Pending Order for Relief Pursuant to Section 303 (g) of the Bankruptcy Code filed by Petitioning Creditor Patrick Curran) - MOTION DENIED - (cr:tlaw) - (Bernson, Alicia) (Entered: 07/18/2013) |
| 07/11/2013 | 33 | Hearing Continued (RE: related document(s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc) - STATUS CONFERENCE CONTINUED TO 8/15/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701; TRIAL SET FOR 8/15/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. - (cr:tlaw) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 07/18/2013) |
| 07/15/2013 | | Receipt of Tape Duplication Fee - $30.00 by 18. Receipt Number 80055137. (admin) (Entered: 07/16/2013) |
| 07/22/2013 | 34 (3 pgs) | List of All Creditors - Involuntary Cases *Joinder To Involuntary Petition By Creditors Of The Debtor; With Proof of Service* Filed by Petitioning Creditor Patrick Curran. (Polis, Thomas) (Entered: 07/22/2013) |
| 07/29/2013 | 35 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Adams, Addison. (Adams, Addison) (Entered: 07/29/2013) |
| 07/30/2013 | 36 (4 pgs) | Pre-Trial Scheduling Order. Trial Date: August 15, 2013 at 10:00 a.m. at Courtroom 5C, United States Bankruptcy Court, 411 West Fourth Street, Santa Ana, California 92701 (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 7/30/2013 (RE: related document(s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc). (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 07/30/2013) |
| 08/01/2013 | 37 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)36 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/01/2013. (Admin.) (Entered: 08/01/2013) |

| 08/08/2013 | 38<br>(8 pgs) | Brief *Petitioning Creditor Patrick Curran's Trial Brief Re: Entry of Order For Relief Against Putative Debtor Osseous Technologies of America, Inc.; With Proof of Service* Filed by Petitioning Creditor Patrick Curran (RE: related document(s)36 Order (Generic) (BNC-PDF)). (Polis, Thomas) (Entered: 08/08/2013) |
| 08/08/2013 | 39<br>(5 pgs) | Trial Brief Submitted by Alleged Debtor Osseous Technologies of America, Inc. Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)36 Order (Generic) (BNC-PDF)). (Document filed across the counter without original signature) (Bernson, Alicia) (Entered: 08/09/2013) |
| 08/08/2013 | 40<br>(19 pgs) | Notice of Motion and Motion for Order Disallowing Claim Number 4 by Claimant Jay P. Malmquist; Memorandum of Points and Authorities; Declaration of William K. Knox in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) (Entered: 08/09/2013) |
| 08/08/2013 | 41<br>(36 pgs) | Notice of Motion and Motion for Order Disallowing Claim Number 3 by Claimant Patrick Curran; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) (Bernson, Alicia) (Entered: 08/09/2013) |
| 08/08/2013 | 42<br>(16 pgs) | Notice of Motion and Motion for Order Disallowing Claim Number 2 by Claimant Ronald Cardoso; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) (Entered: 08/09/2013) |
| 08/08/2013 | 43<br>(35 pgs) | Notice of Motion and Motion for Order Disallowing Claim Number 1 by Claimant Enterprise Counsel Group, ALC; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed |

| | | |
|---|---|---|
| | | across the counter without original signature) (Bernson, Alicia) (Entered: 08/09/2013) |
| 08/08/2013 | 44 | Hearing Set (RE: related document(s)40 Motion For Order Disallowing Claim No. 4-1 Filed By Jay P. Malmquist In The Amount Of $2,285,461.94 - filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 9/12/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 08/09/2013) |
| 08/08/2013 | 45 | Hearing Set (RE: related document(s)41 Motion For Order Disallowing Claim No. 3-2 Filed By Patrick Curran In The Amount Of $390,000.00 - filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 9/12/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 08/09/2013) |
| 08/08/2013 | 46 | Hearing Set (RE: related document(s)42 Motion For Order Disallowing Claim No. 2-1 Filed By Ronald Cardoso In The Amount Of $790,000.00 filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 9/12/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 08/09/2013) |
| 08/08/2013 | 47 | Hearing Set (RE: related document(s)43 Motion For Order Disallowing Claim Number 1-1 Filed By Enterprise Counsel Group, ALC In The Amount Of $182,877.91 - filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 9/12/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 08/09/2013) |
| 08/09/2013 | 48 (4 pgs) | Declaration of William K. Knox In Opposition to Motion for Appointment of Interim Trustee Under Section 303(g) of the Bankruptcy Code Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)18 Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the* |

| | | |
|---|---|---|
| | | *Bankruptcy Code; Declaration In Support of Motion; With Proof of Service*). (Gonsales, Otoniel) (Entered: 08/12/2013) |
| 08/12/2013 | [49](#) (5 pgs) | Opposition to Motion for Appointment of Interim Trustee Under Section 303(g) of the Bankruptcy Code (Declaration of William K. Knox and Evidentiary Objections filed Concurrently Herewith) (related document(s): [18](#) Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303 (g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* filed by Petitioning Creditor Patrick Curran) Filed by Debtor Osseous Technologies of America Inc (Gonsales, Otoniel) (Entered: 08/13/2013) |
| 08/12/2013 | [50](#) (3 pgs) | Evidentiary Objections to Declaration of Patrick Curran in Support of Motion for Order Re: Appointment of Interim Trustee Under Section 303 (g) of the Bankruptcy Code (related document(s): [18](#) Motion to Appoint Trustee *Petitioning Creditor's Motion For Order Re: Appointment of An Interim Trustee Pending Order for Relief Pursuant to Section 303(g) of the Bankruptcy Code; Declaration In Support of Motion; With Proof of Service* filed by Petitioning Creditor Patrick Curran) Filed by Debtor Osseous Technologies of America Inc (Gonsales, Otoniel) (Entered: 08/13/2013) |
| 08/15/2013 | 51 | Hearing Held (RE: related document(s)[1](#) Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc) - ORDER FOR RELIEF GRANTED - (cr:bust) - (Bernson, Alicia) (Entered: 08/16/2013) |
| 08/15/2013 | 52 | Hearing Held (RE: related document(s)[1](#) Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc) - ENTER ORDER FOR RELIEF - (cr:bust) - (Bernson, Alicia) (Entered: 08/16/2013) |
| 08/16/2013 | [53](#) (6 pgs; 2 docs) | Notice of lodgment *Order For Relief Under Chapter 7 Against Debtor Pursuant to Section 303* |

|  |  |  |
|---|---|---|
|  |  | *of Bankruptcy; With Proof of Service* Filed by Petitioning Creditor Patrick Curran (RE: related document(s)1 Chapter 7 Involuntary Petition. Fee Amount $306 Re: Osseous Technologies of America Inc Filed by Petitioning Creditor (s):Patrick Curran (attorney Thomas J Polis).). (Attachments: # 1 Appendix Lodged Order) (Polis, Thomas) (Entered: 08/16/2013) |
| 08/16/2013 |  | Receipt of Tape Duplication Fee - $30.00 by 01. Receipt Number 80055656. (admin) (Entered: 08/19/2013) |
| 08/21/2013 | 54 (3 pgs) | Order Re: Enter Order For Relief Under Chapter 7 Against Putative Debtor, Osseous Technologies Of America, Inc. Pursuant To Section 303 Of The Bankruptcy Code And Order To File Schedules, Statements And Lists(s). IT IS SO ORDERED for the reasons stated on the record during the August 15, 2013,Trial, that the Order For Relief under Section 303 of the Bankruptcy Code is entered against the Putative Debtor Osseous Technologies of America, Inc. IT IS FURTHER ORDERED that pursuant to Federal Rule of Bankruptcy Procedure1007, Debtor must file within seven (7) days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. It is further ordered that Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure 1007 within fourteen (14) days after entry of this Order for Relief. (BNC-PDF) Signed on 8/21/2013 (RE: related document (s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc). (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 08/21/2013) |
| 08/23/2013 | 55 (6 pgs) | Stipulation By Osseous Technologies of America Inc and *Patrick Curran Re Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for Dismissal of Case Pending Completion of Settlement* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 08/23/2013) |

| 08/23/2013 | 56 (5 pgs) | Stipulation By Osseous Technologies of America Inc and *Patrick Curran Re Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for Dismissal of Case Pending Completion of Settlement* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 08/23/2013) |
| --- | --- | --- |
| 08/23/2013 | 57 (3 pgs) | Order Approving Stipulation Between Putative Debtor And Patrick Curran Regarding Delay And Execution Of Entry And Entry For Order For Relief And Anticipated Request For Dismissal Of Case Pending Completion Of Settlement. ORDERED THAT the Order for Relief entered on August 21, 2013 [Docket No. 54] is VACATED; (Related Doc # 56 ) Signed on 8/23/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 08/23/2013) |
| 08/23/2013 | 58 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)54 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/23/2013. (Admin.) (Entered: 08/23/2013) |
| 08/25/2013 | 59 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)57 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/25/2013. (Admin.) (Entered: 08/25/2013) |
| 08/28/2013 | 60 (4 pgs) | Substitution of attorney *(with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc. (Shulman, Leonard) (Entered: 08/28/2013) |
| 08/29/2013 | 61 (484 pgs; 4 docs) | Opposition to (related document(s): 43 Motion to Disallow Claims filed by Debtor Osseous Technologies of America Inc) Filed by Petitioning Creditor Enterprise Counsel Group, ALC (Attachments: # 1 Declaration of Kerry Hankins in Support of Joining Creditor Enterprise Counsel Group's Opposition to Debtor William K. Knox's Motion for Order Disallowing Claim No 1-1 Filed by Enterprise Counsel Group # 2 Declaration of Patrick Dirk Flannery in Support of Joining Creditor Enterprise Counsel Group's Opposition to Debtor William K. Knox's Motion for Order Disallowing Claim No 1-1 Filed by Enterprise Counsel Group # 3 Declaration of James S. |

| | | |
|---|---|---|
| | | Azadian in Support of Joining Creditor Enterprise Counsel Group's Opposition to Debtor William K. Knox's Motion for Order Disallowing Claim No 1-1 Filed by Enterprise Counsel Group) (Libman, David) (Entered: 08/29/2013) |
| 08/29/2013 | 62 (7 pgs) | Objection (related document(s): 43 Motion to Disallow Claims filed by Debtor Osseous Technologies of America Inc) *(Evidentiary) in Support of Joining Creditor Enterprise Counsel Group's Opposition to Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No 1-1 Filed by Enterprise Counsel Group* Filed by Creditor Enterprise Counsel Group ALC (Libman, David) (Entered: 08/29/2013) |
| 08/29/2013 | 63 (3 pgs) | Stipulation By Patrick Curran and *Putative Debtor Osseous Technologies of America Re: Continue Hearing Re: Putative Debtor's Motion to Disallowing Claim No. 3; With Proof of Service* Filed by Petitioning Creditor Patrick Curran (Polis, Thomas) (Entered: 08/29/2013) |
| 08/29/2013 | 64 (20 pgs) | Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and Declaration of William K. Knox in Support (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) WARNING: Item subsequently amended by docket entry no: 72 Modified on 8/30/2013 (Gonsales, Otoniel). (Entered: 08/29/2013) |
| 08/29/2013 | 65 (22 pgs) | Notice of Hearing *(with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)64 Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and Declaration of William K. Knox in Support (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc). (Shulman, Leonard) |

| | | |
|---|---|---|
| | | WARNING: Item subsequently amended by docket entry no: 72 Modified on 8/30/2013 (Gonsales, Otoniel). (Entered: 08/29/2013) |
| 08/29/2013 | 66 (11 pgs) | Response to (related document(s): 42 Motion to Disallow Claims filed by Debtor Osseous Technologies of America Inc) Filed by Creditor Dr. Ronald Cardoso (Goodfried, Jeffrey) (Entered: 08/29/2013) |
| 08/29/2013 | 67 (36 pgs) | Declaration re: *Dr. Ronald Cardoso in Support of Proof of Claim (Claim No. 2-1)* Filed by Creditor Dr. Ronald Cardoso (RE: related document(s)66 Response). (Goodfried, Jeffrey) (Entered: 08/29/2013) |
| 08/29/2013 | 68 (16 pgs) | Response to (related document(s): 40 Motion to Disallow Claims filed by Debtor Osseous Technologies of America Inc) Filed by Creditor Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 08/29/2013) |
| 08/29/2013 | 69 (172 pgs; 8 docs) | Declaration re: *Jeffrey S. Goodfried in Support of Proof of Claim by Dr. Jay P. Malmquist (Claim No. 4-1)* Filed by Creditor Jay P. Malmquist, D.M.D. (RE: related document(s)68 Response). (Attachments: # 1 Exhibit A # 2 Exhibit B and C # 3 Exhibit D # 4 Exhibit E, F and G # 5 Exhibit H and I # 6 Exhibit J, K and L # 7 Proof of Service) (Goodfried, Jeffrey) (Entered: 08/29/2013) |
| 08/29/2013 | 70 (10 pgs) | Request for judicial notice *in Support of Creditors Jay P. Malmquist and Ronald Cardoso's Response to Debtor's Motion for Order Disallowing Claims No. 2-1 and 4-1* Filed by Creditors Dr. Ronald Cardoso, Jay P. Malmquist, D.M.D. (RE: related document(s)66 Response, 67 Declaration, 68 Response, 69 Declaration). (Goodfried, Jeffrey) (Entered: 08/29/2013) |
| 08/29/2013 | 76 | Hearing Set (RE: related document(s)64 Putative Debtor's Motion To Dismiss The Bankruptcy Case Under Bankruptcy Code Section 303(j), Or In The Alternative, To Suspend All Proceedings Under Bankruptcy Code Section 305 - filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 9/19/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. |

| | | |
|---|---|---|
| | | The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 09/04/2013) |
| 08/30/2013 | 71 (3 pgs) | Order Approving Stipulation To Continue Hearing RE: Putative Debtor's Motion For Order Disallowing Claim No. 3 To October 17, 2013 at 10:00 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701; (BNC-PDF) (Related Doc # 63 ) Signed on 8/30/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 08/30/2013) |
| 08/30/2013 | 72 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing time was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION. HEARING TO BE HELD AT 10:00AM.** (RE: related document(s)64 Dismiss Debtor filed by Debtor Osseous Technologies of America Inc, 65 Notice of Hearing filed by Debtor Osseous Technologies of America Inc) (Gonsales, Otoniel) (Entered: 08/30/2013) |
| 09/01/2013 | 73 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)71 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 09/01/2013. (Admin.) (Entered: 09/01/2013) |
| 09/03/2013 | 74 (6 pgs) | Stipulation By Dr. Ronald Cardoso, Jay P. Malmquist, D.M.D. and *Debtor Osseous Technologies of America, Inc. to Continue Hearing on Putative Debtor's Motion to Dismiss The Bankruptcy Case (with proof of service)* Filed by Creditors Dr. Ronald Cardoso, Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 09/03/2013) |
| 09/04/2013 | 75 (3 pgs) | Order Approving Stipulation To Continue The Hearing On Putative Debtor's Motion To Dismiss The Case Under Bankruptcy Code Section 303(J), Or In The Alternative, To Suspend All Proceedings Under Bankruptcy Code Section 305. IT IS HEREBY ORDERED that: The hearing on Putative Debtor's Motion to Dismiss the Bankruptcy Case has been continued to October 3, 2013 at 10:00 a.m. in Courtroom 5C, located at 411 West Fourth |

| | | |
|---|---|---|
| | | Street, Santa Ana, CA 92701 (BNC-PDF) (Related Doc # 74 ) Signed on 9/4/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 09/04/2013) |
| 09/06/2013 | 77 (5 pgs) | Stipulation By Osseous Technologies of America Inc and *Enterprise Counsel Group, ALC, Ronald Cardoso and Jay P. Malmquist to Continue the Hearing On: 1) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 1-1 Filed by Enterprise Counsel Group, ALC; 2) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 2-1 Filed by Ronald Cardoso; and 3) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 3-1 Filed by Jay P. Malmquist (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 09/06/2013) |
| 09/06/2013 | 78 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)75 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 09/06/2013. (Admin.) (Entered: 09/06/2013) |
| 09/09/2013 | 79 (3 pgs) | Order To Show Cause Why Order For Relief Should Not Be Entered. The hearing will be conducted on September 19, 2013, at 10:00 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701. Any response to this OSC, if any, must be filed and served by September 12, 2013 at 12:00 p.m. - (SEE ORDER FOR FURTHER RULING) (Related Doc # 1 ) Signed on 9/9/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 09/09/2013) |
| 09/09/2013 | 80 | Hearing Set On Order To Show Cause Why Order For Relief Should Not Be Entered - Show Cause hearing to be held on 9/19/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 09/09/2013) |
| | | |

| | | |
|---|---|---|
| 09/10/2013 | 81<br>(3 pgs) | Order Approving Stipulation And Continuing The Hearing On (1) Alleged Debtor Osseous Technologies Of America, Inc.'s Motion For Order Disallowing Claim No. 1-1 Filed By Enterprise Counsel Group, ALC; (2) Alleged Debtor Osseous Technologies Of America, Inc.'s Motion For Order Disallowing Claim No. 2-1 Filed By Ronald Cardoso; And (3) Alleged Debtor Osseous Technologies Of America, Inc.'s Motion For Order Disallowing Claim No. 4-1 Filed By Jay P. Malmquist To September 19, 2013 at 10:00 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701. The deadline for the Alleged Debtor to file its reply to the ECG Objection, the Cardoso Objection and the Malmquist Objection is extended to September 12, 2013; (BNC-PDF) (Related Doc # 77 ) Signed on 9/10/2013 (Bolte, Nickie) (Entered: 09/10/2013) |
| 09/11/2013 | 82<br>(27 pgs; 2 docs) | Motion *Creditor Enteprise Counsel Group ALC's Response to Order to Show Cause Why Order For Relief Should Not Be Entered* Filed by Creditor Enterprise Counsel Group ALC (Attachments: # 1 Declaration of Patrick D. Flannery In Support to Order To Show Cause) (Libman, David) WARNING: Item subsequently amended by docket entry no: 84 Modified on 9/12/2013 (Gonsales, Otoniel). (Entered: 09/11/2013) |
| 09/11/2013 | 83<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)79 Order to Show Cause (BNC-PDF)) No. of Notices: 1. Notice Date 09/11/2013. (Admin.) (Entered: 09/11/2013) |
| 09/12/2013 | 84 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this (no-fee) motion. THE FILER IS INSTRUCTED TO WITHDRAW THIS MOTION BY FILING A VOLUNTARY DISMISSAL OF MOTION AND RE-FILING THE DOCUMENT USING THE CORRECT EVENT CODE. CORRECT EVENT CODE IS: OBJECTION.** (RE: related document(s)82 Generic Motion filed by Creditor Enterprise Counsel Group ALC) (Gonsales, Otoniel) (Entered: 09/12/2013) |
| 09/12/2013 | 85<br>(27 pgs; 2 docs) | Objection (related document(s): 79 Order to Show Cause (BNC-PDF)) */Response* Filed by Creditor |

| | | |
|---|---|---|
| | | Enterprise Counsel Group ALC (Attachments: # 1 Declaration of P Flannery in Support of Response to Order to Show Cause) (Libman, David) (Entered: 09/12/2013) |
| 09/12/2013 | 86 (3 pgs) | Objection (related document(s): 79 Order to Show Cause (BNC-PDF) *Putative Debtor's Response to the Order to Show Cause Why Order for Relief Should Not Be Entered (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 09/12/2013) |
| 09/12/2013 | 87 (4 pgs) | Reply to (related document(s): 61 Opposition filed by Petitioning Creditor Enterprise Counsel Group, ALC, 66 Response filed by Creditor Dr. Ronald Cardoso, 68 Response filed by Creditor Jay P. Malmquist, D.M.D.) *Putative Debtor's Request for Evidentiary Hearing and Time to Conduct Discovery in Connection With: 1) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 1-1 Filed by Enterprise Counsel Group, ALC; 2) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 2-1 Filed by Ronald Cardoso; and 3) Alleged Debtor Osseous Technologies of America, Inc.'s Motion for Order Disallowing Claim No. 3-1 Filed by Jay P. Malmquist (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 09/12/2013) |
| 09/12/2013 | 88 (10 pgs) | Reply to (related document(s): 79 Order to Show Cause (BNC-PDF)) *Response of Creditor Dr. Cardoso Re Order to Show Cause Why Order for Relief Should Not Be Entered (with proof of service)* Filed by Creditor Dr. Ronald Cardoso (Goodfried, Jeffrey) (Entered: 09/12/2013) |
| 09/12/2013 | 89 (10 pgs) | Reply to (related document(s): 79 Order to Show Cause (BNC-PDF)) *Response of Creditor Dr. Malmquist Re Order To Show Cause Why Order For Relief Should Not Be Entered (with proof of service)* Filed by Creditor Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 09/12/2013) |
| 09/12/2013 | 90 (3 pgs) | Reply to (related document(s): 79 Order to Show Cause (BNC-PDF)) *PETITIONING CREDITOR'S REPLY TO COURT'S OSC WHY ORDER FOR* |

| | | |
|---|---|---|
| | | *RELIEF SHOULD NOT BE ENTERED; WITH PROOF OF SERVICE* Filed by Petitioning Creditor Patrick Curran (Polis, Thomas) (Entered: 09/12/2013) |
| 09/12/2013 | 91 (4 pgs) | Withdrawal re: Filed by Creditor Enterprise Counsel Group ALC (RE: related document(s)82 Motion *Creditor Enteprise Counsel Group ALC's Response to Order to Show Cause Why Order For Relief Should Not Be Entered*). (Libman, David) (Entered: 09/12/2013) |
| 09/12/2013 | 92 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)81 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 09/12/2013. (Admin.) (Entered: 09/12/2013) |
| 09/12/2013 | 93 | Hearing Continued (RE: related document(s)40 Motion to Disallow Claim Number 4 by Claimant Jay P. Malmquist in the amount of $2,285,461.94 filed by Debtor Osseous Technologies of America Inc) - HEARING CONTINUED TO 9/19/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 9/10/2013. - (cr:bust) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 09/13/2013) |
| 09/12/2013 | 94 | Hearing Continued (RE: related document(s)41 Motion to Disallow Claim Number 3 by Claimant Patrick Curran in the amount of $390,000.00 filed by Debtor Osseous Technologies of America Inc) - HEARING CONTINUED TO 10/17/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 8/30/2013. - (cr:bust) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 09/13/2013) |
| 09/12/2013 | 95 | Hearing Continued (RE: related document(s)42 Motion to Disallow Claim Number 2 by Claimant Ronald Cardoso in the amount of $790,000.00 filed by Debtor Osseous Technologies of America Inc) - HEARING CONTINUED TO 9/19/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 9/10/2013. - (cr:bust) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 09/13/2013) |

| 09/12/2013 | 96 | Hearing Continued (RE: related document(s)43 Motion to Disallow Claim Number 1 by Claimant Enterprise Counsel Group, ALC in the amount of $182,877.91 filed by Debtor Osseous Technologies of America Inc) - HEARING CONTINUED TO 9/19/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 9/10/2013. - (cr:bust) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 09/13/2013) |
|---|---|---|
| 09/13/2013 | 97 (3 pgs) | Supplemental *PETITIONING CREDITOR PATRICK CURRAN'S SUPPLEMENTAL REPLY TO COURT'S OSC WHY ORDER FOR RELIEF SHOULD NOT BE ENTERED; WITH PROOF OF SERVICE* Filed by Petitioning Creditor Patrick Curran. (Polis, Thomas) (Entered: 09/13/2013) |
| 09/18/2013 | 98 (3 pgs) | Supplemental *PETITIONING CREDITOR PATRICK CURRAN'S SECOND SUPPLEMENTAL REPLY TO COURT'S OSC WHY ORDER FOR RELIEF SHOULD NOT BE ENTERED; WITH PROOF OF SERVICE* Filed by Petitioning Creditor Patrick Curran. (Polis, Thomas) (Entered: 09/18/2013) |
| 09/19/2013 | 99 (6 pgs) | Opposition to (related document(s): 64 Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and filed by Debtor Osseous Technologies of America Inc)* Filed by Creditor Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 09/19/2013) |
| 09/19/2013 | 100 (6 pgs) | Opposition to (related document(s): 64 Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and filed by Debtor Osseous Technologies of America Inc)* Filed by Creditor Dr. Ronald Cardoso (Goodfried, Jeffrey) (Entered: 09/19/2013)* |
| 09/19/2013 | 101 (3 pgs) | Order For Relief In An Involuntary Case. IT IS HEREBY ORDERED that: An order for relief under Chapter 7 of the Bankruptcy Code (title 11 of the |

|  |  |  |
|---|---|---|
|  |  | United States Code) is GRANTED. Pursuant to Federal Rule of Bankruptcy Procedure 1007, Debtor must file within seven (7) days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure 1007 within fourteen (14) days after entry of this Order for Relief. (BNC-PDF) Signed on 9/19/2013 (RE: related document(s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Patrick Curran, Debtor Osseous Technologies of America Inc). (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 09/19/2013) |
| 09/19/2013 | 102 (18 pgs; 2 docs) | Opposition to (related document(s): 64 Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and filed by Debtor Osseous Technologies of America Inc) Filed by Petitioning Creditor Enterprise Counsel Group, ALC (Attachments: # 1 Declaration of P Flannery in Support of ECG's Opposition to OTA Motion to Dismiss) (Libman, David) (Entered: 09/19/2013)* |
| 09/19/2013 | 103 (6 pgs) | Objection (related document(s): 64 Motion to Dismiss Debtor *Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305; Memorandum of Points and Authorities and filed by Debtor Osseous Technologies of America Inc) (Evidentiary) in Support of Enterprise Counsel Group's Opposition of Knox Declaration in Support of OTA Motion to Dismiss Filed by Creditor Enterprise Counsel Group ALC (Libman, David) (Entered: 09/19/2013)* |
| 09/19/2013 | 105 | Hearing Continued (RE: related document(s)64 Motion to Dismiss Debtor Putative Debtor's Motion to Dismiss the Bankruptcy Case Under Bankruptcy Code Section 303(j), or in the Alternative, to Suspend All Proceedings Under Bankruptcy Code Section 305 filed by Debtor Osseous Technologies of America Inc) - HEARING CONTINUED TO |

| | | |
|---|---|---|
| | | 10/3/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 9/4/2013. - (cr:tlaw) - The case judge is Scott C Clarkson. (Bernson, Alicia) (Entered: 09/23/2013) |
| 09/19/2013 | 106 | Hearing Held (Hearing RE: Order to Show Cause why Order for Relief should not be Entered) - ORDER OF RELIEF WILL BE ENTERED. - (cr:tlaw) - (Bernson, Alicia) (Entered: 09/23/2013) |
| 09/19/2013 | 107 | Hearing Held (RE: related document(s)40 Motion For Order Disallowing Claim No. 4-1 Filed By Jay P. Malmquist In The Amount Of $2,285,461.94 - filed by Debtor Osseous Technologies of America Inc) - OBJECTION OVERRULED - (cr:tlaw) - (Bernson, Alicia) (Entered: 09/23/2013) |
| 09/19/2013 | 108 | Hearing Held (RE: related document(s)43 Motion to Disallow Claim Number 1 by Claimant Enterprise Counsel Group, ALC filed by Debtor Osseous Technologies of America Inc) - OVERRULED - (cr:tlaw) - (Bernson, Alicia) (Entered: 09/23/2013) |
| 09/19/2013 | 109 | Hearing Held (RE: related document(s)42 Motion to Disallow Claim Number 2 by Claimant Ronald Cardoso in the amount of $790,000.00 filed by Debtor Osseous Technologies of America Inc) - OVERRULED - (cr:tlaw) - (Bernson, Alicia) (Entered: 09/23/2013) |
| 09/21/2013 | 104 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)101 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/21/2013. (Admin.) (Entered: 09/21/2013) |
| 10/01/2013 | 110 (4 pgs) | Stipulation By Osseous Technologies of America Inc and *Creditors, Patrick Curran; Dr. Jay P. Malmquist; Dr. Ronald Cardoso and Enterprise Counsel Group, a Law Corporation request to Vacate the Hearing on Motion to Dismiss Currently set for October 3, 2013 at 10:00 a.m.* Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 10/01/2013) |
| 10/02/2013 | 111 (1 pg) | Notice of Appointment of Trustee . David L Hahn (TR) added to the case. Filed by Trustee David L Hahn (TR). (Hahn (TR), David) (Entered: 10/02/2013) |

| | | |
|---|---|---|
| 10/02/2013 | 112<br>(3 pgs) | Order Approving Stipulation Between Osseous Technologies of America Inc and Creditors, Patrick Curran; Dr Jay P Malmquist; Dr Ronald Cardoso and Enterprise Counsel Group, A Law Corporation Request To Vacate The Hearing On The Motion To Dismiss Currently Set for October 3, 2013 at 10:00 A.M. (Related Doc # 110 ) Signed on 10/2/2013 (Deramus, Glenda) (Entered: 10/02/2013) |
| 10/03/2013 | 118 | Hearing Held (RE: related document(s)64 Putative Debtor's Motion To Dismiss The Bankruptcy Case Under Bankruptcy Code Section 303(j), Or In The Alternative, To Suspend All Proceedings Under Bankruptcy Code Section 305 filed by Debtor Osseous Technologies of America Inc) - OFF CALENDAR - ORDER APPROVING STIPULATION ENTERED 10/2/13 - (cr:bust) - (Gonsales, Otoniel) (Entered: 10/07/2013) |
| 10/04/2013 | 113<br>(7 pgs) | Motion to Convert Case From Chapter 7 to 11. *Debtor's Motion to Convert Case Under 11 U.S.C. Sections 706(a) or 1112(a) (with Proof of Service)* Fee Amount $922 Filed by Debtor Osseous Technologies of America Inc (Shulman, Leonard) (Entered: 10/04/2013) |
| 10/04/2013 | | Receipt of Motion to Convert Case(8:13-bk-14500-SC) [motion,mconv] ( 922.00) Filing Fee. Receipt number 34887807. Fee amount 922.00. (re: Doc# 113) (U.S. Treasury) (Entered: 10/04/2013) |
| 10/04/2013 | 114<br>(8 pgs) | Notice of motion/application *Notice of Debtor's Motion to Convert Case Under 11 U.S.C. Section 706(a) (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)113 Motion to Convert Case From Chapter 7 to 11. *Debtor's Motion to Convert Case Under 11 U.S.C. Sections 706(a) or 1112(a) (with Proof of Service)* Fee Amount $922 Filed by Debtor Osseous Technologies of America Inc). (Shulman, Leonard) (Entered: 10/04/2013) |
| 10/04/2013 | 115<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)112 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/04/2013. (Admin.) (Entered: 10/04/2013) |
| 10/04/2013 | | |

| | | |
|---|---|---|
| | | Receipt of Tape Duplication Fee - $60.00 by 16. Receipt Number 80056289. (admin) (Entered: 10/07/2013) |
| 10/04/2013 | | Receipt of Certification Fee - $11.00 by 16. Receipt Number 80056290. (admin) (Entered: 10/07/2013) |
| 10/07/2013 | [116](#) (19 pgs) | Application to Employ Marshack Hays LLP as Attorney for Trustee *Declaration of Richard A. Marshack; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/07/2013) |
| 10/07/2013 | [117](#) (5 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[116](#) Application to Employ Marshack Hays LLP as Attorney for Trustee *Declaration of Richard A. Marshack; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 10/07/2013) |
| 10/07/2013 | [119](#) (48 pgs) | Emergency motion *Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); Declarations of David A. Wood and David L. Hahn in Support Thereof; with Proof of Service [Hrg. 10/10/13 at 10:00 a.m., Ctrm 5C]* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/07/2013) |
| 10/07/2013 | [120](#) (4 pgs) | Notice of motion/application *Notice of Trustee's Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Local Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); with Proof of Service [Hrg. 10/10/13 at 10:00 a.m., Ctrm 5C]* Filed by Trustee David L Hahn (TR) (RE: related document(s)[119](#) Emergency motion *Emergency Application for an Order to Show Cause Re:* |

EXHIBIT 2
Page 74

| | | |
|---|---|---|
| | | *Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); Declarations of David A. Wood and David L. Hahn in Support Thereof; with Proof of Service [Hrg. 10/10/13 at 10:00 a.m., Ctrm 5C]* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 10/07/2013) |
| 10/07/2013 | 121 | Hearing Set (RE: related document(s)119 Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. Section 105 and Rule 1001-1 of the Local Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); filed by Trustee David L Hahn (TR)) The Hearing date is set for 10/10/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 10/07/2013) |
| 10/09/2013 | 122 (24 pgs) | Emergency motion *Joinder to Chapter 7 Trustee's Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements with the Court; Declaration of Erick J. Haynie in Support Thereof (with proof of service)* Filed by Creditors Dr. Ronald Cardoso, Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 10/09/2013) |
| 10/09/2013 | 123 (13 pgs) | Response to (related document(s): 119 Emergency motion *Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Ban filed by Trustee David L Hahn (TR)) -- Joinder Of Creditor Dr. William Costigan In The Chapter 7 Trustee's Emergency Application For An Order To Show Cause Re: Debtor's Failure To File Required Schedules And Statements With The Court; Declaration Of William Costigan In Support Thereof, With Proof Of Service Filed by Creditor Dr.* |

EXHIBIT 2
Page 75

| | | |
|---|---|---|
| | | *William Costigan (Flahaut, M) (Entered: 10/09/2013)* |
| 10/09/2013 | [124](#) (4 pgs) | Declaration re: *Telephonic Notice of the Trustee's Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1* Filed by Trustee David L Hahn (TR) (RE: related document(s)[119](#) Emergency motion *Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Ban). (Marshack, Richard) (Entered: 10/09/2013)* |
| 10/10/2013 | 129 | Hearing Held (RE: related document(s)[119](#) Emergency Motion Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); filed by Trustee David L Hahn (TR)) - MOTION GRANTED - (cr:tlaw) - (Bernson, Alicia) (Entered: 10/16/2013) |
| 10/11/2013 | [125](#) (7 pgs) | Notice of lodgment *of Order On Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[119](#) Emergency motion *Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements With the Court Under the Court's Inherent Authority Under 11 U.S.C. § 105 and Rule 1001-1 of the Locan Bankruptcy Rules and Order Designating Mr. William K. Knox as Person Responsible for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 9001(5); Declarations of* |

| | | |
|---|---|---|
| | | *David A. Wood and David L. Hahn in Support Thereof; with Proof of Service [Hrg. 10/10/13 at 10:00 a.m., Ctrm 5C]* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 10/11/2013) |
| 10/11/2013 | [126](#) (3 pgs) | Voluntary Dismissal of Motion *Notice of Voluntary Dismissal of: Alleged Debtor Osseous Technologies of America Inc.'s Notice of Motion and Motion for Order Disallowing Claim No. 3-2 Filed by Patrick Curran (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)[41](#) Motion to Disallow Claims). (Shulman, Leonard) (Entered: 10/11/2013) |
| 10/14/2013 | [127](#) (24 pgs) | Motion for 2004 Examination *Notice of Motion and Motion for Order Authorizing 2004 Examination of Osseous Technologies of America, Inc.; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/14/2013) |
| 10/15/2013 | | Receipt of Tape Duplication Fee - $60.00 by 08. Receipt Number 80056434. (admin) (Entered: 10/16/2013) |
| 10/16/2013 | [128](#) (4 pgs) | Order On Emergency Application For An Order To Show Cause RE: Debtor's Failure To File Required Schedules and Statements With The Court Under The Court's Inherent Authority Under 11 USC 105 and Rule 1001-1 Of The Local Bankruptcy Rules and Order Designating Mr. William K Knox As Person Responsible For Debtor Pursuant To Federal Rule of Bankruptcy Procedure 9001(5) - IT IS FURTHER ORDERED THAT THIS INSTANT CHAPTER 7 CASE WILL NOT BE DISMISSED FOR ANY REASON UNTIL DISMISSAL IS ORDERED BY THIS COURT AFTER NOTICE AND A HEARING. IT IS FURTHER ORDERED THAT DEBTOR'S PENDING M OTION TO CONVERT TO CHAPTER 11 ("THE CONVERSION MOTION ") FILED ON OCTOBER 4, 2013 [DOCKET ENTRY #113] ON A NO HEARING BASIS PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)(1) IS SET FOR HEARING ON OCTOBER 24, 2013 AT 10:00 A.M. (Related Doc # [119](#)) Signed on 10/16/2013 |

| | | |
|---|---|---|
| | | (Deramus, Glenda) Modified on 10/21/2013 (Deramus, Glenda). (Entered: 10/16/2013) |
| 10/16/2013 | 130 | Hearing Set (RE: related document(s)113 Motion to Convert Case filed by Debtor Osseous Technologies of America Inc) The Hearing date is set for 10/24/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Deramus, Glenda) (Entered: 10/16/2013) |
| 10/16/2013 | 141 | Hearing Set RE: Order To Show Cause Why Debtor And Their Counsel Should Not Be Sanctioned $10,000.00 Each And $50.00 Each Per Day From October 10, 2013 to October 24,2013 For Failure To Comply With This Court's Order Entered on September 19,2013, and Held In Civil Contempt Subject To Monetary And/Or Non-Monetary Sanctions For Willfully Violating The Court's Order Entered On September 19, 2013 (Related Document #128). Hearing to be held on 10/24/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Deramus, Glenda) (Entered: 10/21/2013) |
| 10/17/2013 | 131 (3 pgs) | Order Authorizing 2004 Examination of Osseous Technologies of America, Inc's Person Most Knowledgeable (PDF-BNC) (Related Doc # 127 ) Signed on 10/17/2013 - DEBTOR SHALL DESIGNATE ONE OR MORE PERSONS MOST KNOWLEDGEABLE TO APPEAR AND TESTIFY ON THE SUBJECTS SET FORTH IN EXHIBIT "1" TO THE MOTION AND SUCH PERSON(S) SHALL APPEAR FOR EXAMINATION ON OCTOBER 25, 2013 AT 10:00 A.M., OR AT ANY OTHER DATE AND TIME AGREED TO BY THE TRUSTEE AND DEBTOR. THE EXAMINATION WILL TAKE PLACE THE LAW OFFICES OF MARSHACK HAYS LLP, 870 ROOSEVELT AVENUE, IRVINE CA 92620 (Deramus, Glenda) (Entered: 10/17/2013) |
| 10/17/2013 | 132 (2 pgs) | Notice *of Disassociation of Shulman Hodges & Bastian LLP as Counsel (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc. (Shulman, Leonard) (Entered: 10/17/2013) |
| 10/17/2013 | 133 (5 pgs) | Declaration re: *Declaration of Leonard M. Shulman in Response to This Court's Order to Show Cause* |

| | | |
|---|---|---|
| | | *(with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (RE: related document (s)128 Order (Generic) (BNC-PDF)). (Shulman, Leonard) (Entered: 10/17/2013) |
| 10/17/2013 | 142 | Hearing Held RE Cont'd Hearing RE Motion for Order Disallowing Claim:Claim Number 3-2 Patrick Curran #390,000.00 - Off Calendar - Notice of Withdrawal of Motion Filed 10-11-13 (cr:bust) (Daniels, Sally) (Entered: 10/21/2013) |
| 10/18/2013 | 134 (3 pgs) | Voluntary Dismissal of Motion *Notice of Voluntary Dismissal of: Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) (with Proof of Service)* Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)113 Motion to Convert Case From Chapter 7 to 11. *Debtor's Motion to Convert Case Under 11 U.S.C. Sections 706(a) or 1112(a) (with Proof of Service)* Fee Amount $922). (Shulman, Leonard) (Entered: 10/18/2013) |
| 10/18/2013 | 135 (8 pgs) | Response to (related document(s): 122 Emergency motion *Joinder to Chapter 7 Trustee's Emergency Application for an Order to Show Cause Re: Debtor's Failure to File Required Schedules and Statements with the Court; Declaration of Erick J. Haynie in Support Thereof (with proof of filed by Creditor Dr. Ronald Cardoso, Creditor Jay P. Malmquist, D.M.D.) LIMITED RESPONSE TO OSC RE WHY DEBTOR AND/OR ITS COUNSEL SHOULD NOT BE SANCTIONED $10,000 EACH AND $50.00 EACH PER DAY FROM OCTOBER 10, 2013 TO OCTOBER 24, 2013 FOR FAILURE TO COMPLY WITH THE COURTS ORDER ENTERED ON SEPTEMBER 19, 2013 Filed by Creditors Dr. Ronald Cardoso, Jay P. Malmquist, D.M.D. (Goodfried, Jeffrey) (Entered: 10/18/2013)* |
| 10/18/2013 | 136 (14 pgs) | Motion *for Order to Operate Business; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/18/2013) |
| 10/18/2013 | 137 (4 pgs) | Notice of motion/application *Notice of Trustee's Motion for Order to Operate Business; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)136 Motion *for Order to Operate* |

| | | |
|---|---|---|
| | | *Business; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 10/18/2013) |
| 10/18/2013 | [138](#) (45 pgs) | Opposition to (related document(s): [113](#) Motion to Convert Case From Chapter 7 to 11. *Debtor's Motion to Convert Case Under 11 U.S.C. Sections 706(a) or 1112(a) (with Proof of Service)* Fee Amount $922 filed by Debtor Osseous Technologies of America Inc) *Notice of Opposition and Request for a Hearing; Memorandum of Points and Authorities and Declaration of Lori Ensley; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/18/2013) |
| 10/18/2013 | [139](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[128](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/18/2013. (Admin.) (Entered: 10/18/2013) |
| 10/19/2013 | [140](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[131](#) Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 10/19/2013. (Admin.) (Entered: 10/19/2013) |
| 10/22/2013 | [143](#) (15 pgs) | Application to Employ Lori J. Ensley as Trustee's Field Agent *Declarations of Richard A. Marshack and Lori J. Ensley; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/22/2013) |
| 10/22/2013 | [144](#) (5 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[143](#) Application to Employ Lori J. Ensley as Trustee's Field Agent *Declarations of Richard A. Marshack and Lori J. Ensley; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 10/22/2013) |
| 10/22/2013 | [145](#) (47 pgs) | Reply to (related document(s): [133](#) Declaration filed by Debtor Osseous Technologies of America Inc) *Trustee's Comments to Declaration of Leonard M. Shulman In Response to this Court's Order to Show Cause; Declarations of Lori Ensley and David L. Hahn in Support Thereof; with Proof of Service* |

| | | |
|---|---|---|
| | | Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/22/2013) |
| 10/23/2013 | 146 (3 pgs) | Reply to (related document(s): 145 Reply filed by Trustee David L Hahn (TR)) *Trustee's Supplemental Comments to Declaration of Leonard M. Shulman in Response to This Court's Order to Show Cause; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 10/23/2013) |
| 10/24/2013 | 150 | Hearing Held (related document(s)128 Order To Show Cause Why Debtor And Their Counsel Should Not Be Sanctioned $10,000.00 Each And $50.00 Each Per Day From October 10, 2013 to October 24,2013 For Failure To Comply With This Court's Order Entered on September 19,2013, and Held In Civil Contempt Subject To Monetary And/Or Non-Monetary Sanctions For Willfully Violating The Court's Order Entered On September 19, 2013) - GRANTED - (tlaw) - (Gonsales, Otoniel) (Entered: 11/01/2013) |
| 10/24/2013 | 151 | Hearing Held (RE: related document(s)113 Motion to Convert Case filed by Debtor Osseous Technologies of America Inc) - OFF CALENDAR - NOTICE OF VOLUNTARY DISMISSAL FILED 10/18/13 - (cr:tlaw) - (Gonsales, Otoniel) (Entered: 11/01/2013) |
| 10/25/2013 | 147 (29 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)116 Application to Employ Marshack Hays LLP as Attorney for Trustee *Declaration of Richard A. Marshack; with Proof of Service*). (Marshack, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 148 (3 pgs) | Order Granting Application by Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel (BNC-PDF) (Related Doc # 116) Signed on 10/25/2013. (Deramus, Glenda) (Entered: 10/25/2013) |
| 10/25/2013 | | Receipt of Tape Duplication Fee - $30.00 by 16. Receipt Number 80056590. (admin) (Entered: 10/28/2013) |
| 10/30/2013 | 149 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)148 Order on Application to |

| | | |
|---|---|---|
| | | Employ (BNC-PDF)) No. of Notices: 1. Notice Date 10/30/2013. (Admin.) (Entered: 10/30/2013) |
| 11/05/2013 | [152](#) (8 pgs) | Notice of lodgment *of Order re: Contempt; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[128](#) Order On Emergency Application For An Order To Show Cause RE: Debtor's Failure To File Required Schedules and Statements With The Court Under The Court's Inherent Authority Under 11 USC 105 and Rule 1001-1 Of The Local Bankruptcy Rules and Order Designating Mr. William K Knox As Person Responsible For Debtor Pursuant To Federal Rule of Bankruptcy Procedure 9001(5) - IT IS FURTHER ORDERED THAT THIS INSTANT CHAPTER 7 CASE WILL NOT BE DISMISSED FOR ANY REASON UNTIL DISMISSAL IS ORDERED BY THIS COURT AFTER NOTICE AND A HEARING. IT IS FURTHER ORDERED THAT DEBTOR'S PENDING M OTION TO CONVERT TO CHAPTER 11 ("THE CONVERSION MOTION ") FILED ON OCTOBER 4, 2013 [DOCKET ENTRY #113] ON A NO HEARING BASIS PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)(1) IS SET FOR HEARING ON OCTOBER 24, 2013 AT 10:00 A.M. (Related Doc [119](#)) Signed on 10/16/2013 (Deramus, Glenda) Modified on 10/21/2013.). (Marshack, Richard) (Entered: 11/05/2013) |
| 11/05/2013 | [153](#) (17 pgs) | Application to Employ Birch, Stewart, Kolasch & Birch LLP as Special Patent Counsel *Declarations of Richard A. Marshack and Leonard R. Svensson in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 11/05/2013) |
| 11/05/2013 | [154](#) (5 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[153](#) Application to Employ Birch, Stewart, Kolasch & Birch LLP as Special Patent Counsel *Declarations of Richard A. Marshack and Leonard R. Svensson in Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 11/05/2013) |
| 11/06/2013 | [155](#) (23 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related |

| | | |
|---|---|---|
| | | document(s)136 Motion *for Order to Operate Business; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of Service*). (Marshack, Richard) (Entered: 11/06/2013) |
| 11/06/2013 | 156 (4 pgs) | Order RE: Contempt (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 119 ) Signed on 11/6/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 11/06/2013) |
| 11/06/2013 | 157 | Hearing Set On Status Conference RE: Order RE: Contempt - Hearing to be held on 11/26/2013 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 11/06/2013) |
| 11/07/2013 | 158 (3 pgs) | Order Granting Motion For Order To Operate Business; (BNC-PDF) (Related Doc # 136 ) Signed on 11/7/2013 (Bolte, Nickie) (Entered: 11/07/2013) |
| 11/07/2013 | 159 (12 pgs) | Motion to Extend Time *Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 11/07/2013) |
| 11/07/2013 | 160 (7 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice (RE: related document 159 Trustee's Motion for Order Extending Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 356); with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 11/07/2013) |
| 11/08/2013 | 161 (6 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The Hearing On Trustee's Motion For Order Extending The Deadline To Accept Or Reject Executory Contract Under 11 U.S.C. Section 365 Will Take Place On November 14, 2013 At 11:00 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701 (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related |

| | | Doc # 160 ) Signed on 11/8/2013 (Bolte, Nickie) (Entered: 11/08/2013) |
|---|---|---|
| 11/08/2013 | 162 | Hearing Set (RE: related document(s)159 Trustee's Motion for Order Extending The Deadline To Accept Or Reject Executory Contract Under 11 U.S.C. Section 365 - filed by Trustee David L Hahn (TR)) The Hearing date is set for 11/14/2013 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 11/08/2013) |
| 11/08/2013 | 163 (11 pgs) | Notice of motion/application *Notice of Hearing Re: Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365; with Proof of Service [Hrg. 11/14/13 at 11:00 a.m., Ctrm. 5C]* Filed by Trustee David L Hahn (TR) (RE: related document(s)159 Motion to Extend Time *Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 11/08/2013) |
| 11/08/2013 | 164 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)156 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 11/08/2013. (Admin.) (Entered: 11/08/2013) |
| 11/09/2013 | 165 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)158 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/09/2013. (Admin.) (Entered: 11/09/2013) |
| 11/10/2013 | 166 (25 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)143 Application to Employ Lori J. Ensley as Trustee's Field Agent *Declarations of Richard A. Marshack and Lori J. Ensley; with Proof of Service*). (Marshack, Richard) (Entered: 11/10/2013) |
| 11/10/2013 | 167 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)161 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 11/10/2013. (Admin.) (Entered: 11/10/2013) |

| | | |
|---|---|---|
| 11/13/2013 | [168](#)<br>(4 pgs) | Declaration re: *Telephonic and Written Notice of The Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)[159](#) Motion to Extend Time *Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365; Memorandum of Points and Authorities and Declaration of David L. Hahn in Support Thereof; with Proof of S). (Marshack, Richard) (Entered: 11/13/2013)* |
| 11/14/2013 | 171 | Hearing Held (RE: related document(s)[159](#) Motion to Extend Time Trustee's Motion for Order Extending the Deadline to Accept or Reject Executory Contract Under 11 U.S.C. Section 365 filed by Trustee David L Hahn (TR)) - GRANTED - (cr:pere) - (Bernson, Alicia) (Entered: 11/20/2013) |
| 11/15/2013 | [169](#)<br>(3 pgs) | Order Granting Application By Chapter 7 Trustee To Employ Lori J. Ensley As Field Agent And Approval Of Interim Payment Procedure. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [143](#)) Signed on 11/15/2013. (Bolte, Nickie) (Entered: 11/15/2013) |
| 11/19/2013 | [170](#)<br>(4 pgs) | Order Approving Trustee's Motion For Order Extending The Deadline To Accept Or Reject Executory Contract Under 11 U.S.C. Section 365 To February 28, 2014; (BNC-PDF) (Related Doc # [159](#) ) Signed on 11/19/2013 (Bolte, Nickie) (Entered: 11/19/2013) |
| 11/20/2013 | [172](#)<br>(74 pgs) | Corporate resolution authorizing filing of petitions , Statement of Corporate Ownership filed., Declaration concerning debtor's schedules , Declaration Re: Electronic Filing , Disclosure of Compensation of Attorney for Debtor , Equity Security Holders , Schedule A , Schedule B , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Statement of Financial Affairs , Statement of related cases , Summary of Schedules , Verification of List of Creditors (Mailing List) *with proof of service* Filed by Debtor Osseous Technologies of America Inc. (Shulman, Leonard) WARNING: Item subsequently amended by docket |

| | | |
|---|---|---|
| | | entry #174. Modified on 11/21/2013 (Shimizu, Tina). (Entered: 11/20/2013) |
| 11/20/2013 | [173](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[169](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 11/20/2013. (Admin.) (Entered: 11/20/2013) |
| 11/21/2013 | 174 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature (Debtor). THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)[172](#) Corp Resolution Auth Filing filed by Debtor Osseous Technologies of America Inc, Corporate Ownership Statement, Declaration Re Sched, Declaration Re: Electronic Filing, Disclosure of Compensation of Attorney for Debtor, Equity Security Holders, Schedule A - Real Property, Schedule B - Personal Property, Schedule D - Creditors Holding Secured Claims, Schedule E - Creditors Holding Unsecured Priority Claims, Schedule F - Creditors Holding Unsecured Nonpriority Claims, Schedule G, Schedule H, Statement of Financial Affairs, Statement of Related Case, Summary of Schedules, Verification of List of Creditors (Mailing List)) (Shimizu, Tina) (Entered: 11/21/2013) |
| 11/21/2013 | [175](#) (1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)[172](#) Corp Resolution Auth Filing filed by Debtor Osseous Technologies of America Inc, Corporate Ownership Statement, Declaration Re Sched, Declaration Re: Electronic Filing, Disclosure of Compensation of Attorney for Debtor, Equity Security Holders, Schedule A - Real Property, Schedule B - Personal Property, Schedule D - Creditors Holding Secured Claims, Schedule E - Creditors Holding Unsecured Priority Claims, Schedule F - Creditors Holding Unsecured Nonpriority Claims, Schedule G, Schedule H, Statement of Financial Affairs, Statement of Related Case, Summary of Schedules, Verification of List of Creditors (Mailing List)) (Shimizu, Tina) (Entered: 11/21/2013) |
| 11/21/2013 | [176](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[170](#) Order on Motion to Extend |

EXHIBIT 2
Page 86

| | | Time (BNC-PDF)) No. of Notices: 1. Notice Date 11/21/2013. (Admin.) (Entered: 11/21/2013) |
|---|---|---|
| 11/22/2013 | [177](#) (4 pgs) | Declaration re: *Trustee's Response Re: Debtor's Schedules and Statements of Affairs; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[156](#) Order on Motion for Contempt (BNC-PDF)). (Marshack, Richard) (Entered: 11/22/2013) |
| 11/23/2013 | [178](#) (2 pgs) | BNC Certificate of Notice (RE: related document(s) [175](#) Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 11/23/2013. (Admin.) (Entered: 11/23/2013) |
| 11/24/2013 | [179](#) (27 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[153](#) Application to Employ Birch, Stewart, Kolasch & Birch LLP as Special Patent Counsel *Declarations of Richard A. Marshack and Leonard R. Svensson in Support; with Proof of Service*). (Marshack, Richard) (Entered: 11/24/2013) |
| 11/25/2013 | [180](#) (3 pgs) | Order Granting Application to Employ Birch, Stewart, Kolasch & Birch, LLP As Intellectual Property Attorneys; (BNC-PDF) (Related Doc # [153](#)) Signed on 11/25/2013. (Bolte, Nickie) (Entered: 11/25/2013) |
| 11/26/2013 | [181](#) (3 pgs) | Order Vacating Contempt Order And Taking Matter Of Calendar. IT IS ORDERED: The Order Re Contempt ("Contemp Order") filed on November 6, 2013 as Docket No. 156 is vacated; and the hearing on the Contempt Order scheduled for November 26, 2013 at 10:00 is vacated; (Related Doc # [79](#) ) Signed on 11/26/2013 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Bolte, Nickie) (Entered: 11/26/2013) |
| 11/26/2013 | 182 | Hearing Held on Status Conference (Related Doc #[79](#)) RE: Order re: Contempt - OFF CALENDAR PER ORDER ENTERED 11/26/13 - (cr:gons) - (Gonsales, Otoniel) (Entered: 11/26/2013) |
| 11/27/2013 | [183](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[180](#) Order on Application to |

| | | |
|---|---|---|
| | | Employ (BNC-PDF)) No. of Notices: 1. Notice Date 11/27/2013. (Admin.) (Entered: 11/27/2013) |
| 11/28/2013 | 184 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)181 Order Vacating Order (BNC-PDF)) No. of Notices: 1. Notice Date 11/28/2013. (Admin.) (Entered: 11/28/2013) |
| 12/02/2013 | 185 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee David L Hahn (TR). Proofs of Claims due by 3/7/2014. Government Proof of Claim due by 11/18/2013. (Hahn (TR), David) (Entered: 12/02/2013) |
| 12/05/2013 | 186 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 185 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee David L Hahn (TR)) No. of Notices: 53. Notice Date 12/05/2013. (Admin.) (Entered: 12/05/2013) |
| 12/18/2013 | 187 (17 pgs) | Motion *Trustees Motion for entry of an Order approving the employment agreement with Ms. Natalie Wilson effective October 14, 2013 and for an order retroactively authorizing the Trustee to make certain payments to the United States Patent Office; Declaration of David L. Hahn; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 12/18/2013) |
| 12/18/2013 | 188 (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)187 Motion *Trustees Motion for entry of an Order approving the employment agreement with Ms. Natalie Wilson effective October 14, 2013 and for an order retroactively authorizing the Trustee to make certain payments to the United States Patent Office; Declaration of David L. Hahn; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 12/18/2013) |
| 12/23/2013 | 189 (4 pgs) | Addendum to voluntary petition *to include Federal Tax ID Number with proof of service* Filed by Debtor Osseous Technologies of America Inc. (Shulman, Leonard) (Entered: 12/23/2013) |
| 12/26/2013 | 190 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 1/29/2014 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Proofs of Claims due by |

| | | |
|---|---|---|
| | | 3/7/2014. Government Proof of Claim due by 11/18/2013. (Corona, Heidi) (Entered: 12/26/2013) |
| 12/28/2013 | <u>191</u><br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) <u>190</u> Meeting of Creditors Chapter 7 Asset) No. of Notices: 51. Notice Date 12/28/2013. (Admin.) (Entered: 12/28/2013) |
| 12/30/2013 | <u>192</u><br>(4 pgs) | Objection/Request for Hearing to Oppose to Enter Into Employment Agreement (related document(s): <u>187</u> Motion *Trustees Motion for entry of an Order approving the employment agreement with Ms. Natalie Wilson effective October 14, 2013 and for an order retroactively authorizing the Trustee to make certain payments to the United States Patent Office; Dec filed by Trustee David L Hahn (TR)); Filed by Interested Party Kenneth Cordle (Daniels, Sally) (Entered: 12/31/2013)* |
| 01/03/2014 | <u>193</u><br>(3 pgs) | Notice of Hearing *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)<u>187</u> Motion *Trustees Motion for entry of an Order approving the employment agreement with Ms. Natalie Wilson effective October 14, 2013 and for an order retroactively authorizing the Trustee to make certain payments to the United States Patent Office; Declaration of David L. Hahn; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 01/03/2014) |
| 01/03/2014 | 194 | Hearing Set (RE: related document(s)<u>187</u> Motion By Chapter 7 Trustee To (1) Enter Into Employment Agreement; And (2) To Retroactively Approve Payments Made To The United States Patent Office - filed by Trustee David L Hahn (TR)) The Hearing date is set for 1/23/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 01/07/2014) |
| 01/17/2014 | <u>195</u><br>(2 pgs) | Withdrawal of Request for Hearing to Oppose Trustee's Motion to (1) Enter into Employment Agreement; And (2) Retroactively Approve Payments Made to the United States Patent Office Filed by Interested Party Kenneth Cordle (RE: related document(s)<u>192</u> Objection). (Gonsales, Otoniel) (Entered: 01/17/2014) |

| | | |
|---|---|---|
| 01/19/2014 | [196](#) (30 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[187](#) Motion *Trustees Motion for entry of an Order approving the employment agreement with Ms. Natalie Wilson effective October 14, 2013 and for an order retroactively authorizing the Trustee to make certain payments to the United States Patent Office; Dec). (Marshack, Richard) (Entered: 01/19/2014)* |
| 01/21/2014 | [197](#) (2 pgs) | Order Granting Motion By Chapter 7 Trustee To (1) Enter Into Employment Agreement; and (2) To Retroactively Approve Payments Made To The United States Patent Office (BNC-PDF) (Related Doc # [187](#) ) - The Hearing Scheduled For 10:00 A.M. On January 23, 2014 Is Taken Off Calendar Signed on 1/21/2014 (Deramus, Glenda) (Entered: 01/21/2014) |
| 01/23/2014 | [198](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[197](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 01/23/2014. (Admin.) (Entered: 01/23/2014) |
| 01/23/2014 | 199 | Hearing Held - OFF CALENDAR - WITHDRAWAL OF REQUEST FOR HEARING FILED 1-17-14 (RE: related document(s)[187](#) Generic Motion filed by Trustee David L Hahn (TR)) (cr:dani) (Bustillos, Denise) (Entered: 01/28/2014) |
| 01/30/2014 | 200 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 02/19/14 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Hahn (TR), David) (Entered: 01/30/2014) |
| 01/30/2014 | [201](#) (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 01/30/2014) |
| 01/31/2014 | [202](#) | Motion to Reject Lease or Executory Contract *Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) - |

| | | |
|---|---|---|
| | | [ORDER SHORTENING TIME GRANTED - HEARING TO BE HELD ON FEBRUARY 19, 2014 AT 9:30 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701] - Modified on 1/31/2014 (Bolte, Nickie). (Entered: 01/31/2014) |
| 01/31/2014 | 203 (7 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice [Re: (DK 202) Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365]* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 01/31/2014) |
| 01/31/2014 | 204 (4 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The hearing on Trustee's Motion For Order Rejecting Potential Executory Contract Of Zimmer Dental Incorporated Under 11 U.S.C. Section 365 will be held on February 19, 2014 at 9:30 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701 - (BNC-PDF) (Related Doc # 203 ) Signed on 1/31/2014 (Bolte, Nickie) (Entered: 01/31/2014) |
| 01/31/2014 | 205 | Hearing Set (RE: related document(s)202 Trustee's Motion For Order Rejecting Potential Executory ContractOf Zimmer Dental Incorporated Under 11 U.S.C. Section 365 - filed by Trustee David L Hahn (TR)) The Hearing date is set for 2/19/2014 at 09:30 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 01/31/2014) |
| 02/02/2014 | 206 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)204 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 02/02/2014. (Admin.) (Entered: 02/02/2014) |
| 02/03/2014 | 207 (9 pgs) | Notice of Hearing *Re: Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 USC Section 365; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)202 Motion to Reject Lease or Executory Contract *Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and* |

| | | |
|---|---|---|
| | | *Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) - [ORDER SHORTENING TIME GRANTED - HEARING TO BE HELD ON FEBRUARY 19, 2014 AT 9:30 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701] - Modified on 1/31/2014.). (Marshack, Richard) (Entered: 02/03/2014) |
| 02/13/2014 | [208](#) (5 pgs) | Declaration re: *Telephonic and Written Notice of Hearing on Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365* Filed by Trustee David L Hahn (TR) (RE: related document (s)[202](#) Motion to Reject Lease or Executory Contract *Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; and Declaration of David L. Hahn in S). (Marshack, Richard) (Entered: 02/13/2014)* |
| 02/13/2014 | [209](#) (17 pgs; 3 docs) | Adversary case 8:14-ap-01043. Complaint by David L. Hahn against American Express. (Charge To Estate). (Attachments: # [1](#) Summons and Notice of Status Conference # [2](#) Adversary Proceeding Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)),(13 (Recovery of money/property - 548 fraudulent transfer)),(14 (Recovery of money/property - other)) (Marshack, Judith) NOTE: NATURE OF SUIT RE: (14 (Recovery of money/property - other) WAS REMOVED TO REFLECT ADVERSARY PROCEEDING COVER SHEET FILED. Modified on 2/14/2014 (Gonsales, Otoniel). (Entered: 02/13/2014) |
| 02/14/2014 | [210](#) (8 pgs) | Emergency motion *for Order: (1) Removing the Exhibits Attached to the Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated from the Court's Docket; (2) Authorizing the Trustee to Re-File the Same Under Seal Pursuant to 11 U.S.C. Section 107(b) and Local Bankruptch Rule 5003-2(c), or, in the alternative to Restrict Public Access to These Pleadings; and (3) Authorizing Zimmer Dental Incorporated to File any Response to the Motion Under Seal with Proof of* |

| | | |
|---|---|---|
| | | *Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 02/14/2014) |
| 02/14/2014 | [211](#) (7 pgs) | Notice of lodgment *re: Order for Emergency Motion* Filed by Trustee David L Hahn (TR) (RE: related document(s)[210](#) Emergency motion *for Order: (1) Removing the Exhibits Attached to the Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated from the Court's Docket; (2) Authorizing the Trustee to Re-File the Same U).* (Marshack, Richard) *(Entered: 02/14/2014)* |
| 02/15/2014 | [212](#) (5 pgs) | Stipulation By David L Hahn (TR) and *Zimmer Dental Inc. to Continue Hearing re: Motion for Order Rejecting Potential Executory Contract; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 02/15/2014) |
| 02/15/2014 | [213](#) (5 pgs) | Notice of lodgment *of Order; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[212](#) Stipulation By David L Hahn (TR) and *Zimmer Dental Inc. to Continue Hearing re: Motion for Order Rejecting Potential Executory Contract; with Proof of Service*). (Marshack, Richard) (Entered: 02/15/2014) |
| 02/18/2014 | [214](#) (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Hearing RE: Motion For Order Rejecting Potential Executory Contract Of Zimmer Dental Inc. Under 11 U.S.C. Section 365 From February 19, 2014 To March 13, 2014 At 10:00 a.m. in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701. IT IS FURTHER ORDERED: Any opposition and/or response by Zimmer must be filed at least ten (10) days prior to the March 13, 2014 hearing. The deadline to assume or reject executory contracts pursuant to 11 U.S.C. Section 365(d)(1) is extended to March 24, 2014. And The deadline to file a Proof of Claim is extended to March 31, 2014 as to Zimmer only. (BNC-PDF) (Related Doc # [212](#) ) Signed on 2/18/2014 (Bolte, Nickie) (Entered: 02/18/2014) |
| 02/18/2014 | [215](#) (2 pgs) | Order Granting Emergency Ex Parte Motion For Order: (1) Removing The Exhibits Attached To The Trustee's Motion For Order Rejecting Potential |

| | | |
|---|---|---|
| | | Executory Contract Of Zimmer Dental Incorporated And Declaration Of Richard Marshack From The Court's Docket; (2) Authorizing The Trustee To Re-File The Same Under Seal Pursuant To 11 U.S.C. Section 107(b) And Local Bankruptcy Rule 5003-2 (c), Or, In The Alternative To Restrict Public Access To These Pleadings; And (3) Authorizing Zimmer Dental Incorporated To File Any Response To The Motion Under Seal (Related Doc # 210 ) Signed on 2/18/2014 (Bolte, Nickie) (Entered: 02/18/2014) |
| 02/18/2014 | 217 (6 pgs) | Motion to Appear pro hac vice by Wendy W. Ponader Filed by Creditor Zimmer Dental Inc. (Gonsales, Otoniel) (Entered: 02/19/2014) |
| 02/18/2014 | 218 (1 pg) | Receipt for Motion to Appear pro hac vice - Receipt No: SA809696, Paid in US District Court, Division 8, Amount $325.00 - Filed by Creditor Zimmer Dental Inc. (RE: related document(s)217 Motion to Appear pro hac vice filed by Creditor Zimmer Dental Inc.) (Gonsales, Otoniel) (Entered: 02/19/2014) |
| 02/19/2014 | 216 (2 pgs) | Notice of Appearance and Request for Notice by Calvin L Litsey Filed by Creditor Zimmer Dental Inc.. (Litsey, Calvin) (Entered: 02/19/2014) |
| 02/19/2014 | 219 | Hearing Continued (RE: related document(s)202 Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365 filed by Trustee David L Hahn (TR)) - HEARING CONTINUED TO: 3/13/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 PER ORDER ENTERED 2/18/14. - (cr:dani) - The case judge is Scott C Clarkson (Gonsales, Otoniel) (Entered: 02/20/2014) |
| 02/20/2014 | 220 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 03/26/14 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor appeared. (Hahn (TR), David) (Entered: 02/20/2014) |
| 02/20/2014 | 221 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 02/20/2014) |
| 02/20/2014 | | |

|  |  |  |
|---|---|---|
|  | [222](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[214](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/20/2014. (Admin.) (Entered: 02/20/2014) |
| 02/20/2014 | [223](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[215](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/20/2014. (Admin.) (Entered: 02/20/2014) |
| 02/20/2014 | [225](#)<br>(1 pg) | Order Granting Application Of Non-Resident Attorney Wendy W. Ponader To Appear In The Above-Entitled Case - (BNC-PDF) (Related Doc # [217](#)) Signed on 2/20/2014. (Bolte, Nickie) (Entered: 02/26/2014) |
| 02/21/2014 | [224](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Selth, James. (Selth, James) (Entered: 02/21/2014) |
| 02/28/2014 | [226](#)<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[225](#) Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 02/28/2014. (Admin.) (Entered: 02/28/2014) |
| 03/03/2014 | [227](#)<br>(13 pgs) | Response to (related document(s): [202](#) Motion to Reject Lease or Executory Contract *Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; and Declaration of David L. Hahn in S filed by Trustee David L Hahn (TR)) Filed by Creditor Zimmer Dental Inc. (Finlayson, Jesse) (Entered: 03/03/2014)* |
| 03/06/2014 | [228](#)<br>(5 pgs) | Reply to (related document(s): [202](#) Motion to Reject Lease or Executory Contract *Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; and Declaration of David L. Hahn in S filed by Trustee David L Hahn (TR), [227](#) Response filed by Creditor Zimmer Dental Inc.) Trustee's Reply to Zimmer Dental Inc. Response to Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Inc.; with Proof of* |

| | | |
|---|---|---|
| | | *Service Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 03/06/2014)* |
| 03/13/2014 | 233 | Hearing Continued (RE: related document(s)202 Trustee's Motion For Order Rejecting Potential Executory ContractOf Zimmer Dental Incorporated Under 11 U.S.C. Section 365 filed by Trustee David L Hahn (TR)) - HEARING CONTINUED FROM 3/13/2014 AT 10:00 AM TO 3/13/2014 at 11:30 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 ON COURTS OWN MOTION - (cr:gons) - The case judge is Scott C Clarkson (Gonsales, Otoniel) (Entered: 03/19/2014) |
| 03/13/2014 | 234 | Hearing Held (RE: related document(s)202 Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365 filed by Trustee David L Hahn (TR)) filed by Trustee David L Hahn (TR) - MOTION GRANTED - (cr:gons) - (Gonsales, Otoniel) (Entered: 03/19/2014) |
| 03/17/2014 | 229 (4 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 10/31/13 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Marshack, Richard) (Entered: 03/17/2014) |
| 03/17/2014 | 230 (4 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 11/30/13 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Marshack, Richard) (Entered: 03/17/2014) |
| 03/17/2014 | 231 (4 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 12/31/13 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Marshack, Richard) (Entered: 03/17/2014) |
| 03/17/2014 | 232 (4 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 1/31/14 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Marshack, Richard) (Entered: 03/17/2014) |
| 03/25/2014 | 235 (7 pgs) | Notice of lodgment *of Order Approving Trustee's Motion for Order Rejecting Potential Executory Contract of Zimmer Dental, Inc.; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)202 Motion to Reject Lease or Executory Contract *Trustee's Motion for Order* |

| | | |
|---|---|---|
| | | *Rejecting Potential Executory Contract of Zimmer Dental Incorporated Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) - [ORDER SHORTENING TIME GRANTED - HEARING TO BE HELD ON FEBRUARY 19, 2014 AT 9:30 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701] - Modified on 1/31/2014.). (Wood, David) (Entered: 03/25/2014) |
| 03/26/2014 | 236 (82 pgs) | Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Party Dr. Jay Malmquist; Memorandum of Points and Authorities; and Declaration of David L. Hahin in Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 03/26/2014) |
| 03/26/2014 | 237 (6 pgs) | Notice of motion/application *Notice of Trustee's Motion for Order Approving Compromise with Third Party Dr. Jay Malmquist; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)236 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Party Dr. Jay Malmquist; Memorandum of Points and Authorities; and Declaration of David L. Hahin in Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 03/26/2014) |
| 03/27/2014 | 238 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 05/07/14 at 10:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Hahn (TR), David) (Entered: 03/27/2014) |
| 03/27/2014 | 239 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 03/27/2014) |
| 03/31/2014 | 240 (3 pgs) | Document/Statement by Natalie Wilson Filed by Interested Party Natalie Wilson (Gonsales, Otoniel) (Entered: 04/01/2014) |
| 04/02/2014 | | |

|  |  |  |
|---|---|---|
|  | 241<br>(2 pgs) | Order Approving Trustee's Motion For Order Rejecting Potential Executory Contract Of Zimmer Dental Incorporated Under 11 U.S.C. Section 365 (BNC-PDF) (Related Doc # 202 ) Signed on 4/2/2014 (Bolte, Nickie) (Entered: 04/02/2014) |
| 04/04/2014 | 242<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)241 Order on Motion to Reject Lease or Executory Contract (BNC-PDF)) No. of Notices: 1. Notice Date 04/04/2014. (Admin.) (Entered: 04/04/2014) |
| 04/15/2014 | 243<br>(94 pgs) | Declaration re: non opposition *Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)236 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Party Dr. Jay Malmquist; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service*). (Wood, David) (Entered: 04/15/2014) |
| 04/17/2014 | 244<br>(2 pgs) | Order Granting Trustee's Motion For Order Approving Compromise With Third Party Dr. Jay Malmquist. IT IS ORDERED: The Trustee Is Authorized To Enter Into The Agreement Attached As Exhibit "1" To The Motion; And Pursuant to the Agreement, the Trustee is hereby authorized to file dismissal of that certain adversary entitled Osseous Technologies of America, Inc. v. Jay P.Malmquist, District Court Case No. SACV13-1121JST (RZx) (BNC-PDF) (Related Doc # 236) Signed on 4/17/2014. (Bolte, Nickie) Additional attachment(s) added on 4/17/2014 (Bolte, Nickie). (Entered: 04/17/2014) |
| 04/19/2014 | 245<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)244 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 04/19/2014. (Admin.) (Entered: 04/19/2014) |
| 04/21/2014 | 246<br>(4 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending 2/28/14 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 04/21/2014) |

| | | |
|---|---|---|
| 04/21/2014 | 247<br>(4 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 3/31/14 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 04/21/2014) |
| 04/22/2014 | 248<br>(51 pgs) | Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 04/22/2014) |
| 04/22/2014 | 249<br>(9 pgs) | Application shortening time *for Hearing on Trustee's Motion for Order Authorizing Sale of Assets of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 04/22/2014) |
| 04/22/2014 | 250 | Hearing Set (RE: related document(s)248 Trustee's Motion For Order Authorizing Sale Of Assets Of The Estate (A) Outside The Ordinary Course Of Business; (b) Subject To Overbid; And (C) For Determination Of Good Faith Purchaser Under 11 U.S.C. Section 363(M) - No Fee filed by Trustee David L Hahn (TR)) The Hearing date is set for 5/14/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 04/22/2014) |
| 04/22/2014 | 251<br>(7 pgs) | Order Granting Application and Setting Hearing On Shortened Notice RE: Trustee's Motion for Order Authorizing Sale of Assets of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m). Hearing Set For: May 14, 2014 at 10:00 A.M., Courtroom 5C, 411 W. Fourth St., Santa Ana, CA 92701 (BNC-PDF) (Related Doc # 249 ) Signed on 4/22/2014 (Steinberg, Elizabeth) (Entered: 04/22/2014) |
| 04/22/2014 | 252 | |

| | | |
|---|---|---|
| | | Hearing Set (RE: related document(s)248 Trustee's Motion for Order Authorizing Sale of Assets of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; nd (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363 (M); The Hearing date is set for 5/14/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Steinberg, Elizabeth) (Entered: 04/22/2014) |
| 04/23/2014 | 253 (22 pgs) | Notice of motion/application *Notice of Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)248 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 04/23/2014) |
| 04/23/2014 | 254 (2 pgs) | Notice of sale of estate property (LBR 6004-2) Debtor's Machinery, equipment & other fixed assets; Personal property of business; Inventory; Customer Lists, etc./Trustee, David L. Hahn Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 04/23/2014) |
| 04/24/2014 | 255 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)251 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 04/24/2014. (Admin.) (Entered: 04/24/2014) |
| 04/29/2014 | 256 (3 pgs) | Notice *of Increased Hourly Rates for Marshack Hays LLP with Proof of Service* Filed by Trustee David L Hahn (TR). (Marshack, Richard) (Entered: 04/29/2014) |
| 04/30/2014 | 257 (1 pg) | |

| | | |
|---|---|---|
| | | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ponader, Wendy. (Ponader, Wendy) (Entered: 04/30/2014) |
| 04/30/2014 | [258](#) (8 pgs) | Notice *of Amended Proposed Bid Procedures Re: Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[248](#) Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 04/30/2014) |
| 05/01/2014 | [259](#) (9 pgs) | Statement *William K. Knox's: (1) Comments to the Trustee's Motion for Order Authorizing Sale of Assets of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) for Determination of Good Faith Purchaser Under 11 U.S.C. §363(m); and (2) Request for Short Continuance of Hearing; Declaration of Natalie Wilson in Support (with Proof of Service)* Filed by Interested Party William K Knox. (Shulman, Leonard) (Entered: 05/01/2014) |
| 05/07/2014 | [260](#) (9 pgs) | Reply to (related document(s): [248](#) Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good F filed by Trustee David L Hahn (TR)) Trustee's Reply to William Knox's Comments to the Trustee's Motion for Order Authorizing Sale of the Assets of the Estate; Declaration of David L. Hahn; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 05/07/2014) |
| 05/07/2014 | 261 | |

|  |  | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 07/23/14 at 10:30 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Hahn (TR), David) (Entered: 05/07/2014) |
|---|---|---|
| 05/07/2014 | 262<br>(2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 05/07/2014) |
| 05/08/2014 | 263<br>(6 pgs) | Supplemental *Debtor's Supplemental Opposition to Trustee's Motion for Order Authorizing Sale of Assets of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. § 3643(m) with Proof of Service* Filed by Debtor Osseous Technologies of America Inc. (Goe, Robert) (Entered: 05/08/2014) |
| 05/09/2014 | 264<br>(4 pgs) | Substitution of attorney Filed by Debtor Osseous Technologies of America Inc. (Goe, Robert) (Entered: 05/09/2014) |
| 05/14/2014 | 266 | Hearing Continued (RE: related document(s)248 Trustee's Motion Tor Order Authorizing Sale Of Assets Of The Estate (A) Outside The Ordinary Course Of Business; (B) Subject To Overbid; And (C) For Determination Of Good Faith Purchaser Under 11 U.S.C. Section 363(m) - No Fee filed by Trustee David L Hahn (TR)) - HEARING CONTINUED TO: 5/27/2014 at 01:00 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. - (cr:tlaw) - The case judge is Scott C Clarkson (Gonsales, Otoniel) (Entered: 05/15/2014) |
| 05/15/2014 | 265<br>(5 pgs) | Notice *of Zimmer Dental Inc. Election Under 11 U.S.C. §365(n) in Connection With the Rejection of Executory Contracts* Filed by Creditor Zimmer Dental Inc. (RE: related document(s)241 Order Approving Trustee's Motion For Order Rejecting Potential Executory Contract Of Zimmer Dental Incorporated Under 11 U.S.C. Section 365 (BNC-PDF) (Related Doc # 202) Signed on 4/2/2014). (Finlayson, Jesse) (Entered: 05/15/2014) |
| 05/15/2014 | 267<br>(5 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 4/30/14 *with* |

| | | |
|---|---|---|
| | | *Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 05/15/2014) |
| 05/19/2014 | 268 (4 pgs) | Declaration re: *Declaration of William K. Knox Regarding $25,000 Deposit to Bid with Proof of Service* Filed by Debtor Osseous Technologies of America Inc (RE: related document(s)248 Motion For Sale of Property of the Estate under Section 363 (b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good F). (Goe, Robert) (Entered: 05/19/2014)* |
| 05/20/2014 | 269 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Labowe, Richard. (Labowe, Richard) (Entered: 05/20/2014) |
| 05/20/2014 | 270 (5 pgs) | Declaration re: *Declaration of D. Edward Hays in Support of Trustee's Motion for Order Authorizing Sale of Assests of the Estate (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(M); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)248 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good F). (Hays, D) (Entered: 05/20/2014)* |
| 05/20/2014 | 271 (9 pgs) | Notice of lodgment *Order Granting Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)253 Notice of motion/application *Notice of Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)248 Motion For Sale of Property of the |

| | | |
|---|---|---|
| | | Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR)).). (Marshack, Richard) (Entered: 05/20/2014) |
| 05/20/2014 | | Receipt of Tape Duplication Fee - $30.00 by 02. Receipt Number 80058943. (admin) (Entered: 05/21/2014) |
| 05/21/2014 | 272 (5 pgs) | Response to (related document(s): 248 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good F filed by Trustee David L Hahn (TR)* Filed by Interested Party Michael Tuber (Labowe, Richard) (Entered: 05/21/2014) |
| 05/21/2014 | 273 (9 pgs) | Response to (related document(s): 248 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good F filed by Trustee David L Hahn (TR)* Debtors Supplemental Response To Trustees Motion For Order Authorizing Sale Of Assets Of The Estate (A) Outside The Ordinary Course Of Business; (B) Subject To Overbid; and (C) For Determination Of Good Faith Purchaser Under 11 U.S.C. §363(m); Declaration Of William Knox In Support Thereof with proof of service Filed by Debtor Osseous Technologies of America Inc (Goe, Robert) (Entered: 05/21/2014) |
| 05/22/2014 | 274 (7 pgs) | Notice of Hearing *Notice of Continued Hearing Re: Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)248 Motion For Sale of Property of the |

| | | |
|---|---|---|
| | | Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 05/22/2014) |
| 05/27/2014 | 276 | Hearing Held (RE: related document(s)248Trustee's Motion For Order Authorizing Sale Of Assets Of The Estate (A) Outside The Ordinary Course Of Business; (b) Subject To Overbid; And (C) For Determination Of Good Faith Purchaser Under 11 U.S.C. Section 363(M) - No Fee filed by Trustee David L Hahn (TR)) - MOTION GRANTED - (cr:mcca) (Bolte, Nickie) (Entered: 05/29/2014) |
| 05/29/2014 | 275 (9 pgs) | Notice of lodgment *Order Granting Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)248 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Trustee's Motion for Order Authorizing Sale of Assets of the Estates (A) Outside the Ordinary Course of Business; (B) Subject to Overbid; and (C) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); Memorandum of Points and Authorities; and Declaration of David L. Hahn In Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 05/29/2014) |
| 05/29/2014 | 277 (5 pgs) | Stipulation By David L Hahn (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n); with Proof of Service* Filed by Trustee David L Hahn (TR) (Grimshaw, Matthew) (Entered: 05/29/2014) |
| 05/29/2014 | 278 (4 pgs) | Order Granting Trustee's Motion For Order Authorizing Sale Of Assets Of The Estate (A) |

| | | |
|---|---|---|
| | | Outside The Ordinary Course Of Business; (B) Subject To Overbid; And (C) For Determination Of Good Faith Purchaser Under 11 U.S.C. Section 363 - (BNC-PDF) (Related Doc # 248 ) Signed on 5/29/2014 (Bolte, Nickie) (Entered: 05/29/2014) |
| 05/30/2014 | | Receipt of Tape Duplication Fee - $30.00 by 01. Receipt Number 80059084. (admin) (Entered: 06/02/2014) |
| 05/30/2014 | | Receipt of Tape Duplication Fee - $30.00 by 01. Receipt Number 80059085. (admin) (Entered: 06/02/2014) |
| 05/31/2014 | 279 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)278 Order on Motion for Sale of Property under Section 363(b) (BNC-PDF)) No. of Notices: 1. Notice Date 05/31/2014. (Admin.) (Entered: 05/31/2014) |
| 06/03/2014 | 280 (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Hearing: RE: Motion For Order Rejecting Potential Executory Contract Of Zimmer Dental Inc. Under 11 U.S.C. Section 365. IT IS FURTHER ORDERED: The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election and set the matter for hearing is continued 30 days to, and including, June 28, 2014. Zimmer may file a response to any opposition by Trustee to Zimmer's Section 365 Election within fourteen (14) days of the Trustee's response and/or opposition. (BNC-PDF) (Related Doc # 277 ) Signed on 6/3/2014 (Bolte, Nickie) (Entered: 06/03/2014) |
| 06/05/2014 | 281 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)280 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2014. (Admin.) (Entered: 06/05/2014) |
| 06/06/2014 | 282 (14 pgs; 2 docs) | Adversary case 8:14-ap-01178. Complaint by DAVID L HAHN against Diners Club. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Preferential and Fraudulant Transfers [11 U.S.C. Section 547, 548, 550 and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of |

| | | |
|---|---|---|
| | | Suit: (12 (Recovery of money/property - 547 preference)),(13 (Recovery of money/property - 548 fraudulent transfer)) (Marshack, Judith) (Entered: 06/06/2014) |
| 06/18/2014 | 283 (8 pgs) | Stipulation By Michael Onstad and *Regarding Return of Bidder Deposit* Filed by Creditor Michael Onstad (Gaschen, Beth) (Entered: 06/18/2014) |
| 06/18/2014 | 284 (2 pgs) | Order Approving Stipulation Regarding Return Of Bidder Deposit. (Related Doc # 283 ) Signed on 6/18/2014 (Bolte, Nickie) (Entered: 06/18/2014) |
| 06/18/2014 | 285 (3 pgs) | Proof of service Filed by Creditor Michael Onstad (RE: related document(s)284 Order (Generic) (BNC-PDF)). (Gaschen, Beth) (Entered: 06/18/2014) |
| 06/20/2014 | 286 (5 pgs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 5/31/14 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 06/20/2014) |
| 06/20/2014 | 287 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)284 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/20/2014. (Admin.) (Entered: 06/20/2014) |
| 06/24/2014 | 288 (34 pgs) | Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 06/24/2014) |
| 06/24/2014 | 289 (10 pgs) | Notice of Hearing *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)288 Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Marshack, Richard) (Entered: 06/24/2014) |
| 06/24/2014 | 290 | Hearing Set (RE: related document(s)288 Application By Chapter 7 Trustee To Employ Columbia Capital Advisors Inc., As Intellectual Property Broker - filed by Trustee David L Hahn (TR)) The Hearing date is set for 7/31/2014 at |

| | | |
|---|---|---|
| | | 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 06/25/2014) |
| 06/27/2014 | 291 (6 pgs) | Stipulation By David L Hahn (TR) and *Zimmer Dental Inc to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n); with Proof of Service* Filed by Trustee David L Hahn (TR) (Grimshaw, Matthew) (Entered: 06/27/2014) |
| 06/27/2014 | 292 (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n). IT IS FURTHER ORDERED that: (1) The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued 60 days to, and including, August 29, 2014; and (2) Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition; (Related Doc # 291 ) Signed on 6/27/2014 (Bolte, Nickie) (Entered: 06/27/2014) |
| 06/29/2014 | 293 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)292 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/29/2014. (Admin.) (Entered: 06/29/2014) |
| 06/30/2014 | 294 (3 pgs) | Notice of Change of Address . (Finlayson, Jesse) WARNING: Item subsequently amended by docket entry no: 295 Modified on 7/1/2014 (Gonsales, Otoniel). (Entered: 06/30/2014) |
| 07/01/2014 | 295 | Notice to Filer of Error and/or Deficient Document. **You must contact the ECF Help Desk at 213-894-2365 in order to change your email address.** (RE: related document(s)294 Notice of Change of Address (multi)) (Gonsales, Otoniel) (Entered: 07/01/2014) |
| 07/15/2014 | 296 (80 pgs) | Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with* |

| | | |
|---|---|---|
| | | *Proof of Service* Filed by Trustee David L Hahn (TR) (Wood, David) (Entered: 07/15/2014) |
| 07/15/2014 | [297](#) (7 pgs) | Notice of motion/application *Notice of Trustee's for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[296](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 07/15/2014) |
| 07/16/2014 | [298](#) (5 pgs) | Monthly Operating Report. Operating Report Number: 9. For the Month Ending 6/30/14 *with Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 07/16/2014) |
| 07/17/2014 | [299](#) (7 pgs) | Opposition to (related document(s): [288](#) Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* filed by Trustee David L Hahn (TR)) *[Limited Opposition]* Filed by Creditor Dr. William Costigan (Flahaut, M) (Entered: 07/17/2014) |
| 07/17/2014 | [300](#) (5 pgs) | Opposition to (related document(s): [288](#) Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* filed by Trustee David L Hahn (TR)) *Dr. Michael Onstad's Joinder in the Limited Opposition of Creditor Dr. William Costigan to Application by Chapter 7 Trustee to Employ Columbia Capital Advisors, Inc., as Intellectual Property Broker With Proof of Service* Filed by Creditor Michael Onstad (Marticello, Robert) (Entered: 07/17/2014) |
| 07/21/2014 | [301](#) (4 pgs) | Notice *45-day Notice to Professionals; with Proof of Service* Filed by Trustee David L Hahn (TR). (Wood, David) (Entered: 07/21/2014) |
| 07/21/2014 | | |

| | | |
|---|---|---|
| | | Receipt of Tape Duplication Fee - $30.00 by 02. Receipt Number 80059646. (admin) (Entered: 07/22/2014) |
| 07/24/2014 | 302 (5 pgs) | Reply to (related document(s): 288 Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* filed by Trustee David L Hahn (TR) *Reply in Support of Chapter 7 Trustee's Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker; with Proof of Service* Filed by Trustee David L Hahn (TR) (Wood, David) (Entered: 07/24/2014) |
| 07/24/2014 | 303 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/01/14 at 10:30 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Hahn (TR), David) (Entered: 07/24/2014) |
| 07/24/2014 | 304 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 07/24/2014) |
| 07/29/2014 | 305 (4 pgs) | Opposition to (related document(s): 296 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Ser filed by Trustee David L Hahn (TR)) with Proof of Service Filed by Debtor Osseous Technologies of America Inc (Goe, Robert) (Entered: 07/29/2014)* |
| 07/29/2014 | | Receipt of Tape Duplication Fee - $30.00 by 02. Receipt Number 80059750. (admin) (Entered: 07/30/2014) |
| 07/31/2014 | 306 | Hearing Held (RE: related document(s)288 Application By Chapter 7 Trustee To Employ Columbia Capital Advisors Inc As Intellectual Property Broker: Declarations Of David L. Hahn, Roger Zickfeld And Richard A. Marshack In Support filed by Trustee David L Hahn (TR)) MOTION GRANTED AS AMENDED BY |

| | | |
|---|---|---|
| | | PARTIES ON THE RECORD. (cr:bust) (Le, James) (Entered: 08/05/2014) |
| 08/07/2014 | [307](#) (8 pgs) | Notice of lodgment *of Order Granting Application by Chapter 7 Trustee to Employ Columbia Capital Advisors, Inc., as Intellectual Property Broker; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[288](#) Application to Employ Columbia Capital Advisors, Inc. as Intellectual Property Broker *Declarations of David L. Hahn, Roger Zickfeld and Richard A. Marshack in support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 08/07/2014) |
| 08/11/2014 | [308](#) (3 pgs) | Notice of Hearing *on Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis [Docket No. 296]; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document(s)[296](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 08/11/2014) |
| 08/12/2014 | 309 | Hearing Set (RE: related document(s)[296](#) Motion to Approve Compromise Under Rule 9019 filed by Trustee David L Hahn (TR)) The Hearing date is set for 9/4/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Mccall, Audrey) (Entered: 08/12/2014) |
| 08/12/2014 | [310](#) (5 pgs) | Declaration re: *Declaration of Sheila Blackerby re The Opposition To Chapter 7 Trustee's Motion For An OrdeAuthorizing Trustee To Enter Into Stipulation With Third Party Mr. Patrick Curranr* Filed by Debtor Osseous Technologies of America Inc. (Goe, Robert) (Entered: 08/12/2014) |
| 08/13/2014 | [311](#) (28 pgs) | Objection (related document(s): [296](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and* |

| | | |
|---|---|---|
| | | *Declaration of David L. Hahn in Support; with Proof of Ser filed by Trustee David L Hahn (TR)) Dr. Michael Onstad's Limited Objection to the Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; and the Declarations of Robert S. Marticello and Carol Sheets in Support Thereof* Filed by Creditor Michael Onstad (Marticello, Robert) (Entered: 08/13/2014) |
| 08/14/2014 | 312 | Notice to Filer of Error and/or Deficient Document **Document filed without Carol Sheets's holographic signature and/or was not accompanied by the required Local Bankruptcy form Electronic Filing Declaration. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)311 Objection filed by Creditor Michael Onstad) (Le, James) (Entered: 08/14/2014) |
| 08/14/2014 | 313 (4 pgs) | Declaration re: *Original Signature to Declaration of Carol Sheets in Support of Limited Objection* Filed by Creditor Michael Onstad (RE: related document(s)311 Objection). (Marticello, Robert) (Entered: 08/14/2014) |
| 08/14/2014 | | Receipt of Tape Duplication Fee - $60.00 by 01. Receipt Number 80059909. (admin) (Entered: 08/15/2014) |
| 08/15/2014 | 314 (5 pgs) | Stipulation By Marshack Hays LLP and *Birch, Stewart, Kolasch & Birch, LLP and Lori J. Ensley to Continue Hearing on Fee Applications; with Proof of Service* Filed by Attorney Marshack Hays LLP (Wood, David) (Entered: 08/15/2014) |
| 08/15/2014 | 315 (5 pgs) | Notice of lodgment *of Order; with Proof of Service* Filed by Attorney Marshack Hays LLP (RE: related document(s)314 Stipulation By Marshack Hays LLP and *Birch, Stewart, Kolasch & Birch, LLP and Lori J. Ensley to Continue Hearing on Fee Applications; with Proof of Service*). (Wood, David) (Entered: 08/15/2014) |
| 08/18/2014 | 316 (1 pg) | Order Approving Stipulation To Continue Hearing On Fee Applications To October 2, 2014 at 10:00 a.m. in Courtroom 5C, located at 411 West Fourth |

| | | |
|---|---|---|
| | | Street, Santa Ana, CA 92701 (BNC-PDF) (Related Doc # 314 ) Signed on 8/18/2014 (Bolte, Nickie) (Entered: 08/18/2014) |
| 08/18/2014 | 317 (3 pgs) | Order Granting Application By Chapter 7 Trustee To Employ Columbia Capital Advisors Inc., As Intellectual Property Broker - (BNC-PDF) (Related Doc # 288) Signed on 8/18/2014. (Bolte, Nickie) (Entered: 08/18/2014) |
| 08/20/2014 | 318 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)316 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/20/2014. (Admin.) (Entered: 08/20/2014) |
| 08/20/2014 | 319 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)317 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/20/2014. (Admin.) (Entered: 08/20/2014) |
| 08/25/2014 | 320 (4 pgs) | Withdrawal re: *Notice of Withdrawal of Dr. Michael Onstad's Limited Objection to the Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis With Proof of Service* Filed by Creditor Michael Onstad (RE: related document(s)311 Objection). (Gaschen, Beth) (Entered: 08/25/2014) |
| 08/28/2014 | 321 (16 pgs) | Reply to (related document(s): 296 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Ser filed by Trustee David L Hahn (TR)) Trustee's Reply to Osseous Technologies of America's Opposition to the Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; and Declaration of David L. Hahn; with Proof of Service Filed by Trustee David L Hahn (TR) (Marshack, Richard) (Entered: 08/28/2014)* |
| 08/29/2014 | 322 (6 pgs) | Stipulation By David L Hahn (TR) and *and Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n): with Proof of Service* Filed by |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)       Page 66 of 108
Case 8:13-bk-14500-SC   Doc 569   Filed 11/22/17   Entered 11/22/17 13:44:50   Desc
Main Document    Page 120 of 237

| | | |
|---|---|---|
| | | Trustee David L Hahn (TR) (Grimshaw, Matthew) (Entered: 08/29/2014) |
| 08/29/2014 | 323 (2 pgs) | Order Granting Stipulation between the Trustee and Zimmer Dental Inc. to continue response deadline to Zimmer Dental Inc., Election under 11 U.S.C. Section 365(n) - is continued 60 days to, and including, October 31, 2014 (BNC-PDF) (Related Doc # 322 ) Signed on 8/29/2014 (Mccall, Audrey) (Entered: 08/29/2014) |
| 08/31/2014 | 324 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)323 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/31/2014. (Admin.) (Entered: 08/31/2014) |
| 09/04/2014 | 325 | Hearing Held (RE: related document(s)296 Motion For Order Approving Compromise With Third Parties Patrick Curran And Thomas Polis filed by Trustee David L Hahn (TR)) MOTION GRANTED - (cr:jale) (Le, James) (Entered: 09/05/2014) |
| 09/05/2014 | 326 (324 pgs; 4 docs) | First Interim Application for Approval of Fees and Reimbursement of Expenses by Lori J. Ensley; Declaration of Lori J. Ensley in support thereof - for Lori J. Ensley, Financial Advisor, Period: 10/13/2013 to 8/31/2014, Fee: $101,715.00, Expenses: $11,906.43. Filed by Other Professional Lori J. Ensley (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (Gonsales, Otoniel) (Entered: 09/08/2014) |
| 09/05/2014 | 327 | Hearing Set (RE: related document(s)326 First Interim Application For Approval Of Fees And Reimbursement Of Expenses By Lori J. Ensley For The Period from October 13, 2013 Through August 31, 2014 - Fees: $101,715.00; Costs: $11,906.43 - filed by Other Professional Lori J. Ensley) The Hearing date is set for 10/2/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 09/08/2014) |
| 09/09/2014 | 328 (156 pgs) | Application for Compensation *First Interim; Declaration of David A. Wood in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 10/1/2013 to 7/31/2014, Fee: $223,750.00, Expenses: $6,753.51. Filed by |

| | | Attorney Marshack Hays LLP (Wood, David) (Entered: 09/09/2014) |
|---|---|---|
| 09/09/2014 | [329](#) (46 pgs) | Application for Compensation *First Interim; Declarations of Leonard Svensson and David A. Wood in support; with Proof of Service* for Birch, Stewart, Kolasch & Birch, LLP, Special Counsel, Period: 11/1/2013 to 6/30/2014, Fee: $25,206.50, Expenses: $6,576.45. Filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP (Wood, David) (Entered: 09/09/2014) |
| 09/09/2014 | [330](#) (8 pgs) | Notice of Hearing *with Proof of Service* Filed by Attorney Marshack Hays LLP (RE: related document(s)[326](#) First Interim Application for Approval of Fees and Reimbursement of Expenses by Lori J. Ensley; Declaration of Lori J. Ensley in support thereof - for Lori J. Ensley, Financial Advisor, Period: 10/13/2013 to 8/31/2014, Fee: $101,715.00, Expenses: $11,906.43. Filed by Other Professional Lori J. Ensley (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4), [328](#) Application for Compensation *First Interim; Declaration of David A. Wood in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 10/1/2013 to 7/31/2014, Fee: $223,750.00, Expenses: $6,753.51. Filed by Attorney Marshack Hays LLP, [329](#) Application for Compensation *First Interim; Declarations of Leonard Svensson and David A. Wood in support; with Proof of Service* for Birch, Stewart, Kolasch & Birch, LLP, Special Counsel, Period: 11/1/2013 to 6/30/2014, Fee: $25,206.50, Expenses: $6,576.45. Filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP). (Wood, David) (Entered: 09/09/2014) |
| 09/09/2014 | 331 | Hearing Set (RE: related document(s)[328](#) First Interim Application For Allowance Of Fees And Costs Filed By Marshack Hays LLP As General Counsel to Chapter 7 Trustee For The Period From October 1, 2013 To July 31, 2014 - Fees: $223,750.00; Expenses: $6,753.51 - filed by Attorney Marshack Hays LLP) The Hearing date is set for 10/2/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 09/10/2014) |

| 09/09/2014 | 332 | Hearing Set (RE: related document(s)329 First Interim Application For Allowance Of Fees And Costs Filed By Birch, Stewart, Kolasch & Birch, LLP As Intellectual Property Attorney For The Period From November 1, 2013 Through And Including June 30, 2014 - Fees: $25,206.50; Expenses$6,576.50 - filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP) The Hearing date is set for 10/2/2014 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 09/10/2014) |
| 09/18/2014 | 333 (7 pgs) | Notice of lodgment *re Order Granting Chapter 7 Trustee's Motion for An Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)296 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion for Order Approving Compromise with Third Parties Patrick Curran and Thomas Polis; Memorandum of Points and Authorities; and Declaration of David L. Hahn in Support; with Proof of Service* Filed by Trustee David L Hahn (TR)). (Wood, David) (Entered: 09/18/2014) |
| 09/19/2014 | 334 (4 pgs) | Declaration re: *Declaration of Trustee in Support of Fee Application; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)326 Application for Compensation for Lori J. Ensley, Financial Advisor, Period: 10/13/2013 to 8/31/2014, Fee: $101,715.00, Expenses: $11,906.43.). (Wood, David) (Entered: 09/19/2014) |
| 09/19/2014 | 335 (4 pgs) | Declaration re: *Declaration of Trustee in Support of Fee Application; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)328 Application for Compensation *First Interim; Declaration of David A. Wood in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 10/1/2013 to 7/31/2014, Fee: $223,750.00, Expenses: $6,753.51.). (Wood, David) (Entered: 09/19/2014) |
| 09/19/2014 | 336 (4 pgs) | Declaration re: *Declaration of Trustee in Support of Fee Application; with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document |

| | | |
|---|---|---|
| | | (s)329 Application for Compensation *First Interim; Declarations of Leonard Svensson and David A. Wood in support; with Proof of Service* for Birch, Stewart, Kolasch & Birch, LLP, Special Counsel, Period: 11/1/2013 to 6/30/2014, Fee: $25,206.50,). (Wood, David) (Entered: 09/19/2014) |
| 09/25/2014 | 337 (2 pgs) | Order Granting Chapter 7 Trustee's Motion For An Order Approving Compromise With Third Parties Patrick Curran And Thomas Polis (BNC-PDF) (Related Doc # 296) Signed on 9/25/2014. (Bolte, Nickie) (Entered: 09/25/2014) |
| 09/27/2014 | 338 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)337 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 09/27/2014. (Admin.) (Entered: 09/27/2014) |
| 10/01/2014 | 339 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/29/14 at 11:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Hahn (TR), David) (Entered: 10/01/2014) |
| 10/01/2014 | 340 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Hahn (TR), David) (Entered: 10/01/2014) |
| 10/02/2014 | 341 (5 pgs) | Notice of lodgment *with Proof of Service* Filed by Trustee David L Hahn (TR) (RE: related document (s)326 Application for Compensation for Lori J. Ensley, Financial Advisor, Period: 10/13/2013 to 8/31/2014, Fee: $101,715.00, Expenses: $11,906.43., 328 Application for Compensation *First Interim; Declaration of David A. Wood in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 10/1/2013 to 7/31/2014, Fee: $223,750.00, Expenses: $6,753.51., 329 Application for Compensation *First Interim; Declarations of Leonard Svensson and David A. Wood in support; with Proof of Service* for Birch, Stewart, Kolasch & Birch, LLP, Special Counsel, Period: 11/1/2013 to 6/30/2014, Fee: $25,206.50,). (Marshack, Richard) (Entered: 10/02/2014) |
| 10/02/2014 | 342 | |

| | | |
|---|---|---|
| | | Hearing Held (RE: related document(s)326 First Interim Application For Approval Of Fees And Reimbursement Of Expenses By Lori J. Ensley For The Period from October 13, 2013 Through August 31, 2014 - Fees: $101,715.00; Costs: $11,906.43 - filed by Other Professional Lori J. Ensley) - GRANTED - (cr:tlaw) (Law, Tamika) (Entered: 10/03/2014) |
| 10/02/2014 | 343 | Hearing Held (RE: related document(s)328 First Interim Application For Allowance Of Fees And Costs Filed By Marshack Hays LLP As General Counsel to Chapter 7 Trustee For The Period From October 1, 2013 To July 31, 2014 - Fees: $223,750.00; Expenses: $6,753.51 - filed by Attorney Marshack Hays LLP) - GRANTED - (cr:tlaw) (Law, Tamika) (Entered: 10/03/2014) |
| 10/02/2014 | 344 | Hearing Held (RE: related document(s)329 First Interim Application For Allowance Of Fees And Costs Filed By Birch, Stewart, Kolasch & Birch, LLP As Intellectual Property Attorney For The Period From November 1, 2013 Through And Including June 30, 2014 - Fees: $25,206.50; Expenses$6,576.50 - filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP) - GRANTED - (cr:tlaw) (Law, Tamika) (Entered: 10/03/2014) |
| 10/03/2014 | 345 (2 pgs) | Order Granting Interim Applications For Allowance Of Fees And Costs Filed By: (for) Marshack Hays LLP, General Counsel, Fees Awarded: $223,750.00, Expenses Awarded: $6,753.51; (for) Lori J. Ensley, As Trustee's Field Agent, Fees Awarded: $100,715.00, Expenses Awarded: $11,906.43; (for) Birch, Stewart, Kolasch & Birch, LLP, As Intellectual Property Counsel, Fees Awarded: $25,206.50, Expenses Awarded: $6,576.45 - (BNC-PDF) (Related Docs # 326, 328 and 329) - Signed on 10/3/2014. (Bolte, Nickie) (Entered: 10/03/2014) |
| 10/05/2014 | 346 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)345 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 10/05/2014. (Admin.) (Entered: 10/05/2014) |
| | | |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)       Page 71 of 108
Case 8:13-bk-14500-SC   Doc 569   Filed 11/22/17   Entered 11/22/17 13:44:50   Desc
Main Document     Page 125 of 237

| | | |
|---|---|---|
| 10/07/2014 | 347<br>(2 pgs) | Notice *of Death of Chapter 7 Trustee;* Filed by U.S. Trustee United States Trustee (SA). (Cadigan, Frank) (Entered: 10/07/2014) |
| 10/08/2014 | 348<br>(1 pg) | Notice of appointment and acceptance of trustee Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 10/08/2014) |
| 10/09/2014 | 349<br>(14 pgs; 2 docs) | Adversary case 8:14-ap-01270. Complaint by Richard A. Marshack against JP Morgan Chase Bank. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Preferential Transfers, Fraudulent Transfers, and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544,547, 548, 549, 550 and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # 1 Adversary Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)), (13 (Recovery of money/property - 548 fraudulent transfer)) (Marshack, Judith) (Entered: 10/09/2014) |
| 10/28/2014 | 350<br>(6 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 10/28/2014) |
| 10/28/2014 | 351<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc.,, Election Under 11 U.S.C. Section 365(n). IT IS ORDERED: The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued 75 days to, and including, January 16, 2015. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this matter. (Related Doc # 350) Signed on 10/28/2014 (Bolte, Nickie) (Entered: 10/28/2014) |
| 10/30/2014 | 352 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/16/14 at 01:02 PM at |

| | | RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 10/30/2014) |
|---|---|---|
| 10/30/2014 | 353 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)351 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/30/2014. (Admin.) (Entered: 10/30/2014) |
| 11/21/2014 | 354 (35 pgs) | Application to Employ Bienert, Miller & Katzman as Special Litigation Counsel *Application by Chapter 7 Trustee to Employ Bienert, Miller & Katzman as Special Litigation Counsel; Declarations of Matthew W. Grimshaw and Steve Katzman in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/21/2014) |
| 11/21/2014 | 355 (12 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document (s)354 Application to Employ Bienert, Miller & Katzman as Special Litigation Counsel *Application by Chapter 7 Trustee to Employ Bienert, Miller & Katzman as Special Litigation Counsel; Declarations of Matthew W. Grimshaw and Steve Katzman in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/21/2014) |
| 11/24/2014 | 356 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Bisconti, Anthony. (Bisconti, Anthony) (Entered: 11/24/2014) |
| 12/02/2014 | 357 (32 pgs) | Application to Employ Callahan & Blaine as Special Litigation Counsel *; Declarations of David A. Wood and Robert S. Lawrence in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Wood, David) (Entered: 12/02/2014) |
| 12/02/2014 | 358 (12 pgs) | Notice of motion/application *Notice of Application by Chapter 7 Trustee to Employ Callahan & Blaine as Special Litigation Counsel; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)357 Application to Employ Callahan & Blaine as Special Litigation Counsel *; Declarations of David A. Wood and Robert S. Lawrence in Support; with Proof of Service* Filed |

| | | |
|---|---|---|
| | | by Trustee Richard A Marshack (TR)). (Wood, David) (Entered: 12/02/2014) |
| 12/10/2014 | 359 | Declaration re: non opposition *Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)354 Application to Employ Bienert, Miller & Katzman as Special Litigation Counsel *Application by Chapter 7 Trustee to Employ Bienert, Miller & Katzman as Special Litigation Counsel; Declarations of Matthew W. Grimshaw and Steve Katzman in Support; with P).* (Grimshaw, Matthew) *WARNING: ITEM SUBSEQUENTLY MODIFIED BY DOCUMENT NUMBER 360 Modified on 12/10/2014 (Steinberg, Elizabeth). (Entered: 12/10/2014)* |
| 12/10/2014 | 360 | Notice to Filer of Error and/or Deficient Document **Other -** (RE: related document(s)359 ATTORNEY NOTIFIED TO FILE FLATTENED DOCUMENT. Declaration re: non opposition filed by Trustee Richard A Marshack (TR)) (Steinberg, Elizabeth) (Entered: 12/10/2014) |
| 12/10/2014 | 361 (52 pgs) | Declaration re: non opposition *Declaration re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)354 Application to Employ Bienert, Miller & Katzman as Special Litigation Counsel *Application by Chapter 7 Trustee to Employ Bienert, Miller & Katzman as Special Litigation Counsel; Declarations of Matthew W. Grimshaw and Steve Katzman in Support; with P).* (Grimshaw, Matthew) *(Entered: 12/10/2014)* |
| 12/10/2014 | 362 (2 pgs) | Order Granting Application by Chapter 7 Trustee to Employ Bienert, Miller & Katzman as Special Litigation Counsel. (BNC-PDF) (Related Doc # 354) Signed on 12/10/2014. (Steinberg, Elizabeth) (Entered: 12/10/2014) |
| 12/12/2014 | 363 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)362 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2014. (Admin.) (Entered: 12/12/2014) |

| 12/17/2014 | 364 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 01/13/15 at 01:02 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 12/17/2014) |
|---|---|---|
| 12/22/2014 | 365 (50 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)357 Application to Employ Callahan & Blaine as Special Litigation Counsel *; Declarations of David A. Wood and Robert S. Lawrence in Support; with Proof of Service*). (Wood, David) (Entered: 12/22/2014) |
| 12/30/2014 | 366 (2 pgs) | Order Granting Application By Chapter 7 Trustee To Employ Callahan & Blaine As Special Litigation Counsel (BNC-PDF) (Related Doc # 357) Signed on 12/30/2014. (Bolte, Nickie) (Entered: 12/30/2014) |
| 01/01/2015 | 367 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)366 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/01/2015. (Admin.) (Entered: 01/01/2015) |
| 01/13/2015 | 368 (6 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election under 11 U.S.C. Section 365(n) with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 01/13/2015) |
| 01/13/2015 | 369 (7 pgs) | Notice of lodgment *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)368 Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election under 11 U.S.C. Section 365(n) with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 01/13/2015) |
| 01/13/2015 | 370 (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Trustee's Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n) For 90 Day To, And Including, April 16, 2015. Zimmer |

| | | |
|---|---|---|
| | | may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 368 ) Signed on 1/13/2015 (Bolte, Nickie) (Entered: 01/13/2015) |
| 01/15/2015 | 371 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 02/03/15 at 01:02 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 01/15/2015) |
| 01/15/2015 | 372 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)370 Order on Motion to Extend Time (BNC-PDF)) No. of Notices: 1. Notice Date 01/15/2015. (Admin.) (Entered: 01/15/2015) |
| 01/16/2015 | 373 | Continuance of Meeting of Creditors (Rule 2003 (e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 2/3/2015 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Marshack (TR), Richard) (Entered: 01/16/2015) |
| 01/21/2015 | 374 (36 pgs) | Motion to Approve Compromise Under Rule 9019 *with American Express Centurion Bank; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Wood, David) (Entered: 01/21/2015) |
| 01/21/2015 | 375 (7 pgs) | Notice of motion/application *Notice of Chapter 7 Trustee's Motion for Order Approving Compromise with American Express Centurion Bank; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)374 Motion to Approve Compromise Under Rule 9019 *with American Express Centurion Bank; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Wood, David) (Entered: 01/21/2015) |
| 01/28/2015 | 376 (17 pgs) | Motion *Trustee's Notice of Motion and Motion under LBR 2016-2 for Approval of Cash* |

| | | |
|---|---|---|
| | | *Disbursements; Declaration of Richard A. Marshack in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard) (Entered: 01/28/2015) |
| 02/04/2015 | 377 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 03/03/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 02/04/2015) |
| 02/11/2015 | 378 (48 pgs) | Declaration re: *Entry of Order Without Hearing Pursuant to LBR 9103-1(o); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)374 Motion to Approve Compromise Under Rule 9019 *with American Express Centurion Bank; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 02/11/2015) |
| 02/11/2015 | 379 (2 pgs) | Order Approving Chapter 7 Trustee's Motion For Order Approving Compromise With American Express Centurion Bank (BNC-PDF) (Related Doc # 374) Signed on 2/11/2015. (Bolte, Nickie) (Entered: 02/11/2015) |
| 02/13/2015 | 380 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)379 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 02/13/2015. (Admin.) (Entered: 02/13/2015) |
| 02/17/2015 | 381 (22 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)376 Motion *Trustee's Notice of Motion and Motion under LBR 2016-2 for Approval of Cash Disbursements; Declaration of Richard A. Marshack in support; with Proof of Service*). (Marshack (TR), Richard) (Entered: 02/17/2015) |
| 02/18/2015 | 382 (1 pg) | Order Granting Trustee's Motion No.1 Under LBR 2016-2 For Approval Of Cash Disbursements By The Trustee. IT IS ORDERED: The Trustee is authorized to disburse funds from the estate as set forth on Exhibit B to Trustee's Motion filed as |

| | | |
|---|---|---|
| | | docket number 376 (BNC-PDF) (Related Doc # 376 ) Signed on 2/18/2015 (Bolte, Nickie) (Entered: 02/18/2015) |
| 02/20/2015 | 383 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)382 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 02/20/2015. (Admin.) (Entered: 02/20/2015) |
| 02/26/2015 | 384 (4 pgs) | Notice *of Increased Hourly Rates Charged by Marshack Hays LLP; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 02/26/2015) |
| 03/05/2015 | 385 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 04/28/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 03/05/2015) |
| 03/20/2015 | 386 (5 pgs) | Substitution of attorney Filed by Defendant CHASE BANK USA, N.A.. (Doolittle, Jonathan) (Entered: 03/20/2015) |
| 03/24/2015 | 387 (23 pgs) | Application to Employ Dennemeyer & Co., LLC as Trustee's Patent Annuity Manager *Declarations of Matthew W. Grimshaw and Nick Palazzo in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 03/24/2015) |
| 03/24/2015 | 388 (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)387 Application to Employ Dennemeyer & Co., LLC as Trustee's Patent Annuity Manager *Declarations of Matthew W. Grimshaw and Nick Palazzo in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 03/24/2015) |
| 04/11/2015 | 389 (37 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)387 Application to Employ Dennemeyer & Co., LLC as Trustee's Patent Annuity Manager *Declarations of Matthew W. Grimshaw and Nick Palazzo in support; with* |

| | | |
|---|---|---|
| | | *Proof of Service*). (Grimshaw, Matthew) (Entered: 04/11/2015) |
| 04/13/2015 | [390](#)<br>(6 pgs) | Stipulation By Richard A Marshack (TR) and *and Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. §365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 04/13/2015) |
| 04/13/2015 | [391](#)<br>(2 pgs) | Order Approving Stipulation Between The Trustee and Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n) 90 days to and including, July 19, 2015. (BNC-PDF) (Related Doc # [390](#) ) Signed on 4/13/2015 (Steinberg, Elizabeth) (Entered: 04/13/2015) |
| 04/15/2015 | [392](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[391](#) Order on Motion to Extend Time (BNC-PDF) No. of Notices: 1. Notice Date 04/15/2015. (Admin.) (Entered: 04/15/2015) |
| 04/29/2015 | 393 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 06/02/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 04/29/2015) |
| 04/30/2015 | [394](#)<br>(16 pgs) | Application to Employ Grobstein Teeple LLP as Accountants *Application of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP as Accountant; Statement of Disinterestedness in Support Thereof* Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP. (Grobstein, Howard) (Entered: 04/30/2015) |
| 04/30/2015 | [395](#)<br>(8 pgs) | Notice of motion/application *Notice of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP as Accountants* Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP. (Grobstein, Howard) (Entered: 04/30/2015) |
| 06/03/2015 | 396 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 07/17/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA |

| | | |
|---|---|---|
| | | 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 06/03/2015) |
| 06/16/2015 | 397 (2 pgs) | Order Granting Application By Chapter 7 Trustee To Employ Dennemeyer & Co., LLC As Patent Annuity Manager (BNC-PDF) (Related Doc # 387) Signed on 6/16/2015. (Bolte, Nickie) (Entered: 06/16/2015) |
| 06/18/2015 | 398 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)397 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/18/2015. (Admin.) (Entered: 06/18/2015) |
| 06/19/2015 | 399 (4 pgs) | Substitution of attorney *with Proof of Service* Filed by Petitioning Creditor Patrick Curran. (Polis, Thomas) (Entered: 06/19/2015) |
| 06/24/2015 | 400 (38 pgs) | Declaration re: *Declaration re: Entry of Order without Hearing Pursuant to LBR 9013-1(o) re: Application to Employ Grobstein Teeple LLP* Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP (RE: related document(s) 394 Application to Employ Grobstein Teeple LLP as Accountants *Application of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP as Accountant; Statement of Disinterestedness in Support Thereof* Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP.). (Grobstein, Howard) (Entered: 06/24/2015) |
| 06/25/2015 | 401 (7 pgs) | Notice of lodgment Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP (RE: related document(s)394 Application to Employ Grobstein Teeple LLP as Accountants *Application of Chapter 7 Trustee for Authorization to Employ Grobstein Teeple LLP as Accountant; Statement of Disinterestedness in Support Thereof* Filed by Accountant Grobstein Teeple Financial Advisory Services, LLP.). (Grobstein, Howard) (Entered: 06/25/2015) |
| 06/25/2015 | 402 (2 pgs) | Order Granting Trustee's Application To Employ Grobstein Teeple LLP As Accountants Effective April 6, 2015 (BNC-PDF) (Related Doc # 394) Signed on 6/25/2015. (Bolte, Nickie) (Entered: 06/25/2015) |

| | | |
|---|---|---|
| 06/27/2015 | 403<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)402 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/27/2015. (Admin.) (Entered: 06/27/2015) |
| 07/10/2015 | 404<br>(37 pgs; 2 docs) | Adversary case 8:15-ap-01300. Complaint by Richard A. Marshack against Gordon & Silver, Ltd.. (Charge To Estate) Fee Amount $350. *Complaint for Avoidance, Recovery, and Preservation of Fraudulent, and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544,549,550 and 551]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Grimshaw, Matthew) Modified on 7/10/2015 (Le, James). (Entered: 07/10/2015) |
| 07/16/2015 | 405<br>(18 pgs; 2 docs) | Adversary case 8:15-ap-01304. Complaint by Richard A. Marshack against Barclays Bank Delaware. (Charge To Estate) Fee Amount: $350 . *Complaint for Avoidance, Recovery, and Preservation of Preferential, Fraudulent, and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544, 548, 549, 550, 551; Cal. Civ. Code Sections 3439.04, 3439.05, et al.]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Grimshaw, Matthew) Modified on 7/16/2015 (Le, James). (Entered: 07/16/2015) |
| 07/16/2015 | 406<br>(8 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental To Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 07/16/2015) |
| 07/16/2015 | 407<br>(31 pgs; 2 docs) | Adversary case 8:15-ap-01305. Complaint by Richard A. Marshack against Macair, Inc., dba Komar Aviation Group. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. Sections 544, 550 and 551, Cal. Civ. Code Sections 3439.04, 3439.05, et al.,]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (14 (Recovery of money/property - other)) (Grimshaw, Matthew) (Entered: 07/16/2015) |

| | | |
|---|---|---|
| 07/16/2015 | 408<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n) To, And Including, October 19, 2015. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee?s response and/or opposition. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this matter. (BNC-PDF) (Related Doc # 406 ) Signed on 7/16/2015 (Bolte, Nickie) (Entered: 07/16/2015) |
| 07/18/2015 | 409<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)408 Order on Motion to Extend Time (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2015. (Admin.) (Entered: 07/18/2015) |
| 07/20/2015 | 410 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 08/11/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 07/20/2015) |
| 07/22/2015 | 411<br>(51 pgs; 2 docs) | Adversary case 8:15-ap-01309. Complaint by Richard A. Marshack against Bank of America, N.A.. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Fraudulent and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544, 548, 549, 550, 551 and Cal. Civ. Pro. Sections 3439.04, 3439.05, et. al.]* (Attachments: # 1 Adversary Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Wood, David) (Entered: 07/22/2015) |
| 07/22/2015 | 412<br>(32 pgs; 2 docs) | Adversary case 8:15-ap-01310. Complaint by Richard A. Marshack against St. Margaret's Episcopal School. (Charge To Estate)Fee Amount: $350. *Complaint for Avoidance, Recovery, and Preservation of Fraudulent, and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544, 548, 549, 550, 551, and Cal. Civ. Pro. Sections 3439.04, 3439.05, et al.]* (Attachments: # 1 Adversary Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent |

| | | |
|---|---|---|
| | | transfer)) (Wood, David) Modified on 7/22/2015 (Le, James). (Entered: 07/22/2015) |
| 07/23/2015 | [413](#) (31 pgs; 2 docs) | Adversary case 8:15-ap-01312. Complaint by Richard A. Marshack against Discover Financial Services. (Charge To Estate) Fee Amount: $350. *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. Sections 544, 550, and 551; Cal Civ. Code Sections 3439.04, 3439.05, et seq.]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (14 (Recovery of money/property - other)) (Marshack, Judith) Modified on 7/24/2015 (Le, James). (Entered: 07/23/2015) |
| 08/12/2015 | 414 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/06/15 at 11:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 08/12/2015) |
| 08/20/2015 | [415](#) (39 pgs; 2 docs) | Adversary case 8:15-ap-01345. Complaint by Richard A. Marshack against Weed & Co., L.C., a California corporation, Richard O. Weed. (Charge To Estate) Fee Amount $350.00. *Complaint for Avoidance, Recovery, and Preservation of Preferential Transfers, Fraudulent Transfers, and Unauthorized Post-Petition Transfers [11 USC Sections 544, 547, 548, 549, 550, and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)),(14 (Recovery of money/property - other)) (Grimshaw, Matthew) Modified on 8/20/2015 (Le, James). (Entered: 08/20/2015) |
| 08/20/2015 | [416](#) (33 pgs; 2 docs) | Adversary case 8:15-ap-01347. Complaint by Richard A. Marshack against Travel Store. (Charge To Estate) Fee Amount $350.00. *Complaint for Avoidance, Recovery, and Preservation of Preferential, Fraudulent, and Unauthorized Post-Petition Transfers [11 U.S.C. Sections 544, 547, 548, 549, 550, 551, and Cal. Civ. Pro. Sections 3439.04, 3439.05, et. al.,]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)),(14 (Recovery of money/property - |

| | | |
|---|---|---|
| | | other)) (Grimshaw, Matthew) Modified on 8/21/2015 (Le, James). (Entered: 08/20/2015) |
| 08/21/2015 | [417](#) (11 pgs; 2 docs) | Adversary case 8:15-ap-01348. Complaint by Richard A. Marshack against Steven M. Kessler. (Charge To Estate) Fee Amount $350.00. *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 USC Sections 544, 548, 550, and 551; Cal. Civ. Code Sections 3439, et seq.]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Hays, D) Modified on 8/21/2015 (Le, James). (Entered: 08/21/2015) |
| 08/21/2015 | [418](#) (11 pgs; 2 docs) | Adversary case 8:15-ap-01349. Complaint by Richard A. Marshack against Eduardo Valiera Mascarenhas. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. Sections 544, 548, 550, and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Hays, D) (Entered: 08/21/2015) |
| 08/21/2015 | [419](#) (11 pgs; 2 docs) | Adversary case 8:15-ap-01350. Complaint by Richard A. Marshack against Peter A. Russo Jr.. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. Sections 544, 548, 550 and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Hays, D) (Entered: 08/21/2015) |
| 08/21/2015 | [420](#) (11 pgs; 2 docs) | Adversary case 8:15-ap-01351. Complaint by Richard A. Marshack against Baron Barnett. (Charge To Estate). *Complaint for Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. Sections 544, 548, 550, and 551; Cal. Civ. Code Sections 3439 et seq.]* (Attachments: # [1](#) Adverary Proceeding Cover Sheet) Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)) (Hays, D) (Entered: 08/21/2015) |

| | | |
|---|---|---|
| 08/24/2015 | 421<br>(13 pgs) | Notice of Proposed Abandonment of Property of the Estate *Notice of Intent to Abandon Property Re: Certain Fraudulent Conveyance Claims [11 U.S.C. Section 554(a) and Loc. Bankr. Rule 6007-1(a)]; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 08/24/2015) |
| 10/08/2015 | 422 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/03/15 at 08:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 10/08/2015) |
| 10/14/2015 | 423<br>(3 pgs) | Stipulation By Richard A Marshack (TR) and *Defendant to Continue Defendant Steven Kessler's Response Deadline to the Trustee' Complaint; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 10/14/2015) |
| 10/14/2015 | 424<br>(4 pgs) | Withdrawal re: Filed by Trustee Richard A Marshack (TR) (RE: related document(s)423 Stipulation By Richard A Marshack (TR) and *Defendant to Continue Defendant Steven Kessler's Response Deadline to the Trustee' Complaint; with Proof of Service*). (Grimshaw, Matthew) (Entered: 10/14/2015) |
| 10/15/2015 | 425<br>(7 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 10/15/2015) |
| 10/16/2015 | 426<br>(2 pgs) | Order Granting Stipulation between the Trustee and Zimmer Dental Inc. to Continue response deadline to Zimmer Dental Inc., Election under 11 U.S.C. Section 365(n) - is Continued 90 days to and including, January 15, 2016 (BNC-PDF) (Related Doc # 425 ) Signed on 10/16/2015 (Mccall, Audrey) (Entered: 10/16/2015) |
| 10/18/2015 | 427<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)426 Stipulation and ORDER |

| | | |
|---|---|---|
| | | thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/18/2015. (Admin.) (Entered: 10/18/2015) |
| 10/20/2015 | 428 (4 pgs) | Notice *45-Day Notice to Professionals re: Hearing on Interim Fee Applications; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Wood, David) (Entered: 10/20/2015) |
| 10/21/2015 | 429 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Broker, Jeffrey. (Broker, Jeffrey) (Entered: 10/21/2015) |
| 11/04/2015 | 430 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/15 at 08:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 11/04/2015) |
| 11/06/2015 | 431 (161 pgs) | Motion to Approve Compromise Under Rule 9019 *between Estate and Patrick Curran; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/06/2015) |
| 11/06/2015 | 432 (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)431 Motion to Approve Compromise Under Rule 9019 *between Estate and Patrick Curran; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/06/2015) |
| 11/06/2015 | 433 (47 pgs) | Motion to Approve Compromise Under Rule 9019 *between Estate and BMO Harris Bank, N.A.; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/06/2015) |
| 11/06/2015 | 434 (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)433 Motion to Approve Compromise Under Rule 9019 *between Estate and BMO Harris Bank, N.A.; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed |

| | | by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/06/2015) |
|---|---|---|
| 11/06/2015 | [435](#) (57 pgs) | Motion to Approve Compromise Under Rule 9019 *between Estate and Travel Store; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/06/2015) |
| 11/06/2015 | [436](#) (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[435](#) Motion to Approve Compromise Under Rule 9019 *between Estate and Travel Store; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/06/2015) |
| 11/13/2015 | [437](#) (21 pgs) | Motion to Approve Compromise Under Rule 9019 *and Mr. Kelly Curran; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/13/2015) |
| 11/13/2015 | [438](#) (8 pgs) | Notice of motion/application *Notice of Motion to Approve Compromise Under Rule 9019 with Mr. Kelly Curran* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[437](#) Motion to Approve Compromise Under Rule 9019 *and Mr. Kelly Curran; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/13/2015) |
| 11/17/2015 | [439](#) (42 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Chase Bank USA, N.A.; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/17/2015) |
| 11/17/2015 | [440](#) (8 pgs) | Notice of motion/application *Notice of Chapter 7 Trustee's Motion for Order Approving Compromise with Chase Bank USA, N.A.; with Proof of Service* |

| | | |
|---|---|---|
| | | Filed by Trustee Richard A Marshack (TR) (RE: related document(s)439 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Chase Bank USA, N.A.; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/17/2015) |
| 11/18/2015 | 441 (59 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with St. Margaret's Episcopal School; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 11/18/2015) |
| 11/18/2015 | 442 (8 pgs) | Notice of motion/application *Chapter 7 Trustee's Motion for Order Approving Compromise with St. Margaret's Episcopal School; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)441 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with St. Margaret's Episcopal School; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 11/18/2015) |
| 11/23/2015 | 443 (175 pgs; 3 docs) | Application for Compensation for Bienert, Miller & Katzman, PLC, Trustee's Attorney, Period: 10/1/2014 to 9/30/2015, Fee: $26,452.09, Expenses: $1,290.17. Filed by Special Counsel Bienert, Miller & Katzman, PLC (Attachments: # 1 Affidavit Declaration of Anthony R. Bisconti # 2 Exhibit 1-12 to the Declaration of Anthony R. Bisconti) (Bisconti, Anthony) Warning: Item subsequently amended by docket entry no: 444 - APPLICATION TO BE HEARD ON JANUARY 6, 2016 AT 11:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 - Modified on 11/23/2015 (Bolte, Nickie). (Entered: 11/23/2015) |
| 11/23/2015 | 444 | |

| | | |
|---|---|---|
| | | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION, WHICH IS JANUARY 6, 2016 AT 11:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 .** (RE: related document(s)443 Application for Compensation filed by Special Counsel Bienert, Miller & Katzman, PLC) (Bolte, Nickie) (Entered: 11/23/2015) |
| 11/23/2015 | 445 | Hearing Set (RE: related document(s)443 First Interim Application For Allowance And Payment Of Fees And Reimbursement Of Expenes Of Bienert, Miller & Katzman, PLC, As Special Counsel To The Estate, For The Period From October 1, 2014 Through September 30, 2015 - Fees: $26,452.09l; Expenses: $1,290.17 - filed by Special Counsel Bienert, Miller & Katzman, PLC) The Hearing date is set for 1/6/2016 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 11/23/2015) |
| 11/23/2015 | 446 (175 pgs; 3 docs) | Application for Compensation *[Amended]* for Bienert, Miller & Katzman, PLC, Trustee's Attorney, Period: 10/1/2014 to 9/30/2015, Fee: $26,452.09, Expenses: $1,290.17. Filed by Special Counsel Bienert, Miller & Katzman, PLC (Attachments: # 1 Affidavit Declaration of Anthony R. Bisconti # 2 Exhibit 1-12 to the Declaration of Anthony R. Bisconti) (Bisconti, Anthony) (Entered: 11/23/2015) |
| 11/24/2015 | 447 (4 pgs) | Notice *Amended Notice; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)428 Notice *45-Day Notice to Professionals re: Hearing on Interim Fee Applications; with Proof of Service* Filed by Trustee Richard A Marshack (TR).). (Wood, David) (Entered: 11/24/2015) |
| 12/01/2015 | 448 (38 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)437 Motion to Approve |

| | | |
|---|---|---|
| | | Compromise Under Rule 9019 *and Mr. Kelly Curran; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 12/01/2015) |
| 12/01/2015 | [449](#) (71 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[435](#) Motion to Approve Compromise Under Rule 9019 *between Estate and Travel Store; Declaration of Richard A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 12/01/2015) |
| 12/01/2015 | [450](#) (61 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[433](#) Motion to Approve Compromise Under Rule 9019 *between Estate and BMO Harris Bank, N.A.; Declaration of Richard A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 12/01/2015) |
| 12/01/2015 | [451](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With BMO Harris Bank N.A. (BNC-PDF) (Related Doc # [433](#)) Signed on 12/1/2015. (Bolte, Nickie) (Entered: 12/01/2015) |
| 12/01/2015 | [452](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Travel Store (BNC-PDF) (Related Doc # [435](#)) Signed on 12/1/2015. (Bolte, Nickie) (Entered: 12/01/2015) |
| 12/01/2015 | [453](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Kelly Curran (BNC-PDF) (Related Doc # [437](#)) Signed on 12/1/2015. (Bolte, Nickie) (Entered: 12/01/2015) |
| 12/04/2015 | [454](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[451](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/04/2015. (Admin.) (Entered: 12/04/2015) |
| 12/04/2015 | [455](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[452](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/04/2015. (Admin.) (Entered: 12/04/2015) |

| | | |
|---|---|---|
| 12/04/2015 | 456<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)453 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/04/2015. (Admin.) (Entered: 12/04/2015) |
| 12/07/2015 | 457<br>(56 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)439 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Chase Bank USA, N.A.; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 12/07/2015) |
| 12/07/2015 | 458<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Chase Bank USA, N.A. (BNC-PDF) (Related Doc # 439) Signed on 12/7/2015. (Steinberg, Elizabeth) (Entered: 12/07/2015) |
| 12/08/2015 | 459<br>(73 pgs) | Declaration re: non opposition *w* Filed by Trustee Richard A Marshack (TR) (RE: related document (s)441 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with St. Margaret's Episcopal School; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof). (Wood, David) (Entered: 12/08/2015)* |
| 12/08/2015 | 460<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise with St. Margaret's Episcopal School. (BNC-PDF) (Related Doc # 441) Signed on 12/8/2015. (Steinberg, Elizabeth) (Entered: 12/08/2015) |
| 12/09/2015 | 461<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)458 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/09/2015. (Admin.) (Entered: 12/09/2015) |
| 12/10/2015 | 462<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)460 Order on Motion to Approve Compromise Under Rule 9019 (BNC- |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE) Page 91 of 108
Case 8:13-bk-14500-SC Doc 569 Filed 11/22/17 Entered 11/22/17 13:44:50 Desc
Main Document Page 145 of 237

| | | |
|---|---|---|
| | | PDF)) No. of Notices: 1. Notice Date 12/10/2015. (Admin.) (Entered: 12/10/2015) |
| 12/14/2015 | 463 (27 pgs) | Application for Payment of: Interim Fees And/or Expenses for Birch, Stewart, Kolasch & Birch, LLP , Attorney for Special intellectual property counsel, Period: 1/13/2014 to 11/13/2015, Fee: $13420.60, Expenses: $14884.14. Filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP (Le, James) (Entered: 12/15/2015) |
| 12/14/2015 | 466 | Hearing Set (RE: related document(s)463 Application For Payment Of Interim Fees And/Or Expenses For Birch, Stewart, Kolasch & Birch, LLP, Special Intellectual Property Counsel, For The Period From January 13, 2014 Through And Including November 13, 2015 - Fees: $13,420.60; Expenses: $14,884.14 - filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP) The Hearing date is set for 1/6/2016 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 12/16/2015) |
| 12/15/2015 | 464 (334 pgs) | Application for Compensation *Second Interim; Declaration of Matthew W. Grimshaw in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 8/1/2014 to 11/30/2015, Fee: $254,657.50, Expenses: $7,221.77. Filed by Attorney Marshack Hays LLP (Grimshaw, Matthew) (Entered: 12/15/2015) |
| 12/15/2015 | 465 (8 pgs) | Notice of Hearing *with Proof of Service* Filed by Attorney Marshack Hays LLP (RE: related document(s)446 Application for Compensation *[Amended]* for Bienert, Miller & Katzman, PLC, Trustee's Attorney, Period: 10/1/2014 to 9/30/2015, Fee: $26,452.09, Expenses: $1,290.17. Filed by Special Counsel Bienert, Miller & Katzman, PLC (Attachments: # 1 Affidavit Declaration of Anthony R. Bisconti # 2 Exhibit 1-12 to the Declaration of Anthony R. Bisconti), 463 Application for Payment of: Interim Fees And/or Expenses for Birch, Stewart, Kolasch & Birch, LLP, Attorney for Special intellectual property counsel, Period: 1/13/2014 to 11/13/2015, Fee: $13420.60, Expenses: $14884.14. Filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP, 464 |

| | | |
|---|---|---|
| | | Application for Compensation *Second Interim; Declaration of Matthew W. Grimshaw in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 8/1/2014 to 11/30/2015, Fee: $254,657.50, Expenses: $7,221.77. Filed by Attorney Marshack Hays LLP). (Grimshaw, Matthew) (Entered: 12/15/2015) |
| 12/15/2015 | 468 | Hearing Set (RE: related document(s)464 Second Interim Application For Allowance Of Fees And Costs Filed By Marshack Hays LLP As General Counsel For Chapter 7 Trustee, For The Period From August 1, 2014 Through November 30, 2015 - Fees: $254,657.50; Expenses: $7,221.77 - filed by Attorney Marshack Hays LLP) The Hearing date is set for 1/6/2016 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 12/22/2015) |
| 12/17/2015 | 467 | Continuance of Meeting of Creditors (Rule 2003 (e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 02/23/16 at 08:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. (Marshack (TR), Richard) (Entered: 12/17/2015) |
| 12/29/2015 | 469 (4 pgs) | Declaration re: *Declaration of Trustee in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)464 Application for Compensation *Second Interim; Declaration of Matthew W. Grimshaw in support; with Proof of Service* for Marshack Hays LLP, Trustee's Attorney, Period: 8/1/2014 to 11/30/2015, Fee: $254,657.50, Expenses: $7,221.77.). (Marshack (TR), Richard) (Entered: 12/29/2015) |
| 12/29/2015 | 470 (4 pgs) | Declaration re: *Declaration of Trustee in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)463 Application for Compensation for Birch, Stewart, Kolasch & Birch, LLP, Other Professional, Period: 1/13/2014 to 11/13/2015, Fee: $13420.60, Expenses: $14884.14.). (Marshack (TR), Richard) (Entered: 12/29/2015) |
| 12/29/2015 | 471 (4 pgs) | Declaration re: *No Objection of Chapter 7 Trustee* Filed by Special Counsel Bienert, Miller & |

| | | |
|---|---|---|
| | | Katzman, PLC (RE: related document(s)443 Application for Compensation for Bienert, Miller & Katzman, PLC, Trustee's Attorney, Period: 10/1/2014 to 9/30/2015, Fee: $26,452.09, Expenses: $1,290.17.). (Bisconti, Anthony) (Entered: 12/29/2015) |
| 01/06/2016 | 472 | Hearing Held (RE: related document(s)446 Application for Compensation [Amended] for Bienert, Miller & Katzman, PLC, Trustee's Attorney, Period: 10/1/2014 to 9/30/2015, Fee: $26,452.09, Expenses: $1,290.17 filed by Special Counsel Bienert, Miller & Katzman, PLC) - GRANTED BY DEFAULT. (Gonsales, Otoniel) (Entered: 01/07/2016) |
| 01/06/2016 | 473 | Hearing Held (RE: related document(s)463 Application for Compensation for Birch, Stewart, Kolasch & Birch, LLP, Other Professional, Period: 1/13/2014 to 11/13/2015, Fee: $13420.60, Expenses: $14884.14 filed by Other Professional Birch, Stewart, Kolasch & Birch, LLP) GRANTED BY DEFAULT. (Gonsales, Otoniel) (Entered: 01/07/2016) |
| 01/06/2016 | 474 | Hearing Held (RE: related document(s)464 Second Interim Application For Allowance Of Fees And Costs Filed By Marshack Hays LLP As General Counsel For Chapter 7 Trustee, For The Period From August 1, 2014 Through November 30, 2015 - Fees: $254,657.50; Expenses: $7,221.77 filed by Attorney Marshack Hays LLP) - GRANTED BY DEFAULT. (Gonsales, Otoniel) (Entered: 01/07/2016) |
| 01/11/2016 | 475 (2 pgs) | Order Granting Interim Applications For allowance Of Fees And Costs Filed By: (BNC-PDF) (Related Doc # 446) First Interim Application for Bienert, Miller & Katzman, PLC, Special Counsel For Trustee, fees awarded: $26,452.09, expenses awarded: $1,290.17, Granting Application For Compensation (BNC-PDF) (Related Doc # 463) Second Interim Application for Birch, Stewart, Kolasch & Birch, LLP, Intellectual Property Counsel for Trustee , fees awarded: $13,420.60, expenses awarded: $14,884.14, Granting Application For Compensation (BNC-PDF) (Related Doc # 464) Second Interim Application |

| | | |
|---|---|---|
| | | for Marshack Hays LLP, General Counsel For Trustee, fees awarded: $254,657.50, expenses awarded: $7,221.77 Signed on 1/11/2016. (Bolte, Nickie) (Entered: 01/11/2016) |
| 01/13/2016 | 476 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)475 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 01/13/2016. (Admin.) (Entered: 01/13/2016) |
| 01/14/2016 | 477 (7 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc.to Continue Response Deadline to Zimmer Dental, Inc. Election Under 11 U.S.C. Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 01/14/2016) |
| 01/14/2016 | 478 (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n). IT IS ORDERED that the stipulation is approved as follows: 1. The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued 90 days to, and including, May 20, 2016; 2. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition; and 3. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this matter. (BNC-PDF) (Related Doc # 477 ) Signed on 1/14/2016 (Bolte, Nickie) (Entered: 01/14/2016) |
| 01/16/2016 | 479 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)478 Order on Motion to Extend Time (BNC-PDF)) No. of Notices: 1. Notice Date 01/16/2016. (Admin.) (Entered: 01/17/2016) |
| 02/25/2016 | 480 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 430 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/15 at 08:02 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Debtor absent. |

| | | |
|---|---|---|
| | | (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 02/25/2016) |
| 03/25/2016 | 481 (41 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Steven M. Kessler; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 03/25/2016) |
| 03/25/2016 | 482 (8 pgs) | Notice of motion/application *Chapter 7 Trustee's Motion for Order Approving Compromise with Steven M. Kessler; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)481 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Steven M. Kessler; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 03/25/2016) |
| 04/13/2016 | 483 (56 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)481 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Steven M. Kessler; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in support; with Proof of Service*). (Wood, David) (Entered: 04/13/2016) |
| 04/14/2016 | 484 (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Steven M. Kessler (BNC-PDF) (Related Doc # 481) Signed on 4/14/2016. (Bolte, Nickie) (Entered: 04/14/2016) |
| 04/14/2016 | 485 (29 pgs) | Motion to Approve Compromise Under Rule 9019 *Between Estate and Peter A. Russo; Declaration of Richard A. Marshack in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 04/14/2016) |
| 04/14/2016 | 486 (8 pgs) | Notice of motion/application *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 485 Motion to Approve Compromise Under Rule 9019 |

| | | |
|---|---|---|
| | | *Between Estate and Peter A. Russo; Declaration of Richard A. Marshack in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 04/14/2016) |
| 04/16/2016 | [487](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[484](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 04/16/2016. (Admin.) (Entered: 04/16/2016) |
| 05/09/2016 | [488](#) (44 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) [485](#) Motion to Approve Compromise Under Rule 9019 *Between Estate and Peter A. Russo; Declaration of Richard A. Marshack in support; with Proof of Service*). (Wood, David) (Entered: 05/09/2016) |
| 05/09/2016 | [489](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise with Peter A. Russo (BNC-PDF) (Related Doc # [485](#)) Signed on 5/9/2016. (Mccall, Audrey) (Entered: 05/09/2016) |
| 05/11/2016 | [490](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[489](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 05/11/2016. (Admin.) (Entered: 05/11/2016) |
| 05/12/2016 | [491](#) (7 pgs) | Motion to Withdraw as Attorney *Notice Of Motion And Motion Of Goe & Forsythe, LLP For An Order Authorizing Withdrawal As Counsel For Debtor; Memorandum Of Points And Authorities And Declaration Of Robert P. Goe In Support Thereof with proof of service* Filed by Attorney Goe & Forsythe, LLP (Goe, Robert) (Entered: 05/12/2016) |
| 05/12/2016 | 494 | Hearing Set (RE: related document(s)[491](#) Motion Of Goe & Forsythe, LLP For An Order Authorizing Withdrawal As Counsel For Debtor filed by Attorney Goe & Forsythe, LLP) The Hearing date is set for 6/22/2016 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (Bolte, Nickie) (Entered: 05/18/2016) |
| 05/13/2016 | [492](#) (29 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Eduardo Valiera Mascarenhas; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 05/13/2016) |

| | | |
|---|---|---|
| 05/13/2016 | 493<br>(8 pgs) | Notice of motion/application *Notice of Chapter 7 Trustee's Motion for Order Approving Compromise with Eduardo Valiera Mascarenhas; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 492 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Eduardo Valiera Mascarenhas; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 05/13/2016) |
| 05/19/2016 | 495<br>(7 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 05/19/2016) |
| 05/20/2016 | 496<br>(11 pgs) | Motion *Trustee's Notice of Motion and Cash Disbursement Motion #2; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard) (Entered: 05/20/2016) |
| 05/23/2016 | 497<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365 (n). IT IS ORDERED: The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued 90 days to, and including, August 19, 2016. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this matter. (BNC-PDF) (Related Doc # 495 ) Signed on 5/23/2016 (Bolte, Nickie) (Entered: 05/23/2016) |
| 05/25/2016 | 498<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)497 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/25/2016. (Admin.) (Entered: 05/25/2016) |
| 06/02/2016 | 499<br>(44 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 492 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Eduardo Valiera Mascarenhas; Memorandum of Points and Authorities; and Declaration of* |

| | | |
|---|---|---|
| | | *Richard A. Marshack in Support; with Proof of Servi).* (Wood, David) (Entered: 06/02/2016) |
| 06/06/2016 | [500](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Eduardo Valiera Mascarenhas. (BNC-PDF) (Related Doc # [492](#)) Signed on 6/6/2016. (Bolte, Nickie) (Entered: 06/06/2016) |
| 06/07/2016 | [501](#) (17 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) [496](#) Motion *Trustee's Notice of Motion and Cash Disbursement Motion #2; with Proof of Service*). (Marshack (TR), Richard) (Entered: 06/07/2016) |
| 06/07/2016 | [502](#) (1 pg) | Order Granting Trustee's Motion No. 2 Under LBR 2016-2 For Approval Of Cash Disbursements By The Trustee. IT IS ORDERED: The trustee is authorized to disburse funds from the estate as set forth on Exhibit B to Trustee's Motion filed as docket number [496](#) . (BNC-PDF) (Related Doc # [496](#) ) Signed on 6/7/2016 (Bolte, Nickie) (Entered: 06/07/2016) |
| 06/08/2016 | [503](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[500](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 06/08/2016. (Admin.) (Entered: 06/08/2016) |
| 06/09/2016 | [504](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[502](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 06/09/2016. (Admin.) (Entered: 06/09/2016) |
| 06/22/2016 | [505](#) (1 pg) | Order Granting Motion Of Goe & Forsythe, LLP For An Order Authorizing Withdrawal As Counsel For Debtor (BNC-PDF) (Related Doc # [491](#)) Signed on 6/22/2016. (Bolte, Nickie) (Entered: 06/22/2016) |
| 06/22/2016 | 509 | Hearing Held (RE: related document(s)[491](#) Motion Of Goe & Forsythe, LLP For An Order Authorizing Withdrawal As Counsel For Debtor filed by Attorney Goe & Forsythe, LLP) - GRANTED BY DEFAULT. (Gonsales, Otoniel) (Entered: 06/27/2016) |
| 06/23/2016 | [506](#) (50 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Macair, Inc. dba Komar Aviation Group; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee |

| | | Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 06/23/2016) |
|---|---|---|
| 06/23/2016 | [507](#) (8 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[506](#) Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Macair, Inc. dba Komar Aviation Group; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 06/23/2016) |
| 06/24/2016 | [508](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[505](#) Order on Motion to Withdraw as Attorney (BNC-PDF)) No. of Notices: 1. Notice Date 06/24/2016. (Admin.) (Entered: 06/24/2016) |
| 07/01/2016 | [510](#) (70 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Gordon & Silver, Ltd.; Memorandum of Points and Authorities; and Declaration of Ricahrd A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 07/01/2016) |
| 07/01/2016 | [511](#) (8 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[510](#) Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Gordon & Silver, Ltd.; Memorandum of Points and Authorities; and Declaration of Ricahrd A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 07/01/2016) |
| 07/12/2016 | [512](#) (65 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) [506](#) Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Macair, Inc. dba Komar Aviation Group; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support; with Proo). (Wood, David) (Entered: 07/12/2016)* |
| 07/12/2016 | [513](#) (2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Macair, Inc., dba Komar Aviation Group (BNC-PDF) (Related Doc # [506](#)) Signed on 7/12/2016. (Bolte, Nickie) (Entered: 07/12/2016) |

| | | |
|---|---|---|
| 07/15/2016 | 514<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)513 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 07/15/2016. (Admin.) (Entered: 07/15/2016) |
| 07/22/2016 | 515<br>(85 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 510 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Gordon & Silver, Ltd.; Memorandum of Points and Authorities; and Declaration of Ricahrd A. Marshack in Support; with Proof of Service*). (Wood, David) (Entered: 07/22/2016) |
| 07/22/2016 | 516<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion Approving Compromise With Gordon & Silver, LTD. (BNC-PDF) (Related Doc # 510) Signed on 7/22/2016. (Bolte, Nickie) (Entered: 07/22/2016) |
| 07/24/2016 | 517<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)516 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 07/24/2016. (Admin.) (Entered: 07/24/2016) |
| 08/15/2016 | 518<br>(4 pgs) | Motion *for Leave to Depose Incarcerated Witness William K. Knox* Filed by Defendant Barclays Bank Delaware (Tran, Thuy) (Entered: 08/15/2016) |
| 08/15/2016 | 519<br>(3 pgs) | Notice of motion/application Filed by Defendant Barclays Bank Delaware (RE: related document(s)518 Motion *for Leave to Depose Incarcerated Witness William K. Knox* Filed by Defendant Barclays Bank Delaware). (Tran, Thuy) (Entered: 08/15/2016) |
| 08/15/2016 | 520<br>(3 pgs) | Voluntary Dismissal of Motion Filed by Defendant Barclays Bank Delaware (RE: related document(s)518 Motion *for Leave to Depose Incarcerated Witness William K. Knox*). (Tran, Thuy) (Entered: 08/15/2016) |
| 08/17/2016 | 521<br>(8 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc., to Continue Response Deadline to Zimmer Dental, Inc. Election Under 11 USC Section 365(n): with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 08/17/2016) |
| 08/18/2016 | 522<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election 11 U.S.C. Section 365(n). IT |

| | | |
|---|---|---|
| | | IS ORDERED: Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued to, and including, January 20, 2017. Zimmer may file a response to the Trustee?s opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this matter. (BNC-PDF) (Related Doc # 521 ) Signed on 8/18/2016 (Bolte, Nickie) (Entered: 08/18/2016) |
| 08/20/2016 | 523 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)522 ORDER to extend time (BNC-PDF)) No. of Notices: 1. Notice Date 08/20/2016. (Admin.) (Entered: 08/20/2016) |
| 09/28/2016 | 524 (7 pgs) | Request for Assignment to Mediation Program Filed by Trustee Richard A Marshack (TR) (Wood, David) (Entered: 09/28/2016) |
| 09/28/2016 | 525 (5 pgs) | Order assigning matter to mediation program and appointing mediator and alt. mediator on OBJ TO CLAIM/CLAIM RESOLUTION Mediator: Hon. Meredith A. Jury, 3420 Twelfth Street, Suite 324, Riverside, CA 92501; Telephone Number: 951-774-1043; Money At Issue: $1,000,001 to $5,000,000; (BNC-PDF) Signed on 9/28/2016 (RE: related document(s)524 Request for Assignment to Mediation Program (motion) filed by Trustee Richard A Marshack (TR)). (Bolte, Nickie) (Entered: 09/28/2016) |
| 09/30/2016 | 526 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)525 Order assigning matter to mediation program and appointing mediator and alt. mediator on OBJ TO CLAIM/CLAIM RESOLUTION (BNC-PDF)) No. of Notices: 1. Notice Date 09/30/2016. (Admin.) (Entered: 09/30/2016) |
| 10/11/2016 | 527 (1 pg) | Document / Hearing Held - Continued for Telephonic Status Conference on Nov 3, 2016 at 9:00 a.m. before Judge Jury in Courtroom 301 at 3420 12th Street, Riverside, CA. All counsel pre-approved for telephonic appearance. (Hawkinson, Susan) (Entered: 10/12/2016) |
| 11/03/2016 | 528 (1 pg) | Document / Hearing Held - Status Conference re: Settlement Conference with Judge Jury in Courtroom 301 in the Riverside Division. (Hawkinson, Susan) (Entered: 11/03/2016) |
| | | |

| | | |
|---|---|---|
| 12/20/2016 | 529<br>(80 pgs) | Motion to Approve Compromise Under Rule 9019 *with Bank of America, N.A., Memorandum of Points and Authorities; and Declaration of Richard A. Marsahck in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 12/20/2016) |
| 12/20/2016 | 530<br>(9 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)529 Motion to Approve Compromise Under Rule 9019 *with Bank of America, N.A., Memorandum of Points and Authorities; and Declaration of Richard A. Marsahck in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Grimshaw, Matthew) (Entered: 12/20/2016) |
| 12/21/2016 | 531<br>(60 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Citibank N.A. with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack, Judith) (Entered: 12/21/2016) |
| 12/21/2016 | 532<br>(9 pgs) | Notice *Chapter 7 Trustee's Notice of Motion for Order Approving Compromise with Citibank N.A. with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)531 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Citibank N.A. with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Marshack, Judith) (Entered: 12/21/2016) |
| 01/09/2017 | 533<br>(74 pgs) | Declaration re: non opposition *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 531 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Citibank N.A. with Proof of Service*). (Marshack, Judith) (Entered: 01/09/2017) |
| 01/10/2017 | 534<br>(2 pgs) | Order Granting Motion Approving Compromise With Citibank N.A. - Adversary No. 8:15-ap-01312-SC. IT IS ORDERED: The Settlement Agreement attached as Exhibit 1 to the Motion between the Chapter 7 Trustee and Citibank N.A. is approved. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 531) Signed on 1/10/2017. (Bolte, Nickie) (Entered: 01/10/2017) |
| 01/12/2017 | 535<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)534 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 01/12/2017. (Admin.) (Entered: 01/12/2017) |

| | | |
|---|---|---|
| 01/17/2017 | 536<br>(97 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s)529 Motion to Approve Compromise Under Rule 9019 *with Bank of America, N.A., Memorandum of Points and Authorities; and Declaration of Richard A. Marsahck in Support; with Proof of Service*). (Wood, David) (Entered: 01/17/2017) |
| 01/17/2017 | 537<br>(8 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental, Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 01/17/2017) |
| 01/17/2017 | 538<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365 (n). IT IS ORDERED: 1. The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued to, and including, April 21, 2017. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 537 ) Signed on 1/17/2017 (Bolte, Nickie) (Entered: 01/17/2017) |
| 01/17/2017 | 539<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion For Order Approving Compromise With Bank Of America N.A. (BNC-PDF) (Related Doc # 529) Signed on 1/17/2017. (Bolte, Nickie) (Entered: 01/17/2017) |
| 01/19/2017 | 540<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)538 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 01/19/2017. (Admin.) (Entered: 01/19/2017) |
| 01/19/2017 | 541<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)539 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 01/19/2017. (Admin.) (Entered: 01/19/2017) |
| 01/27/2017 | 542<br>(5 pgs) | Notice *of Increased Hourly Rates Charged by Marshack Hays LLP; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Wood, David) (Entered: 01/27/2017) |
| 02/23/2017 | 543<br>(48 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Barclays Bank Delaware, Adversary Case No.: 8:15-ap-* |

| | | |
|---|---|---|
| | | *01304-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack, Judith) (Entered: 02/23/2017) |
| 02/23/2017 | 544 (8 pgs) | Notice *of Motion for Order Approving Compromise with Barclays Bank Delaware, Adversary Cse No.: 8:15-ap-01304-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)543 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Barclays Bank Delaware, Adversary Case No.: 8:15-ap-01304-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Marshack, Judith) (Entered: 02/23/2017) |
| 03/30/2017 | 545 (5 pgs) | Notice *of Association of Counsel for Creditor Dr. Ronald Cardoso* Filed by Creditor Dr. Ronald Cardoso. (Gamliel, Amir) (Entered: 03/30/2017) |
| 04/11/2017 | 546 (61 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)543 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Barclays Bank Delaware, Adversary Case No.: 8:15-ap-01304-SC with Proof of Service*). (Marshack, Judith) (Entered: 04/11/2017) |
| 04/13/2017 | 547 (2 pgs) | Order Granting Chapter 7 Trustee's Motion For Order Approving Compromise With Barclay's Bank Delaware Adversary Case No. 8:15-ap-01304-SC. IT IS ORDERED: The Status Conference set for May 10, 2017 at 11:00 a.m. is vacated. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 543) Signed on 4/13/2017. (Bolte, Nickie) (Entered: 04/13/2017) |
| 04/15/2017 | 548 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)547 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 04/15/2017. (Admin.) (Entered: 04/15/2017) |
| 04/19/2017 | 549 (8 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 U.S.C. Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 04/19/2017) |
| 04/19/2017 | 550 (2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365 |

| | | |
|---|---|---|
| | | (n) To And Including August 25, 2017. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 549 ) Signed on 4/19/2017 (Bolte, Nickie) (Entered: 04/19/2017) |
| 04/20/2017 | 551 (80 pgs) | Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Richard O. Weed and Weed & Co., L.C., a California Corporation; Adversary Case No.: 8:15-ap-01345-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack, Judith) (Entered: 04/20/2017) |
| 04/20/2017 | 552 (8 pgs) | Notice *of Chapter 7 Trustee's Motion for Order Approving Compromise with Richard O. Weed and Weed & Co., L.C., a California Corporation; Adversary Case No.: 8:15-ap-01345-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)551 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Richard O. Weed and Weed & Co., L.C., a California Corporation; Adversary Case No.: 8:15-ap-01345-SC with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Marshack, Judith) (Entered: 04/20/2017) |
| 04/21/2017 | 553 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)550 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/21/2017. (Admin.) (Entered: 04/21/2017) |
| 05/11/2017 | 554 (94 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)551 Motion to Approve Compromise Under Rule 9019 *Chapter 7 Trustee's Motion for Order Approving Compromise with Richard O. Weed and Weed & Co., L.C., a California Corporation; Adversary Case No.: 8:15-ap-01345-SC with Proof of Service*). (Marshack, Judith) (Entered: 05/11/2017) |
| 05/12/2017 | 555 (2 pgs) | Order Granting Chapter 7 Trustee's Motion for Approving Compromise with Richard O. Weed and Weed & Co., L.C. a California Corporation, Adversary Case No.: 8:15-AP-0135-SC; The Pre-Trial Conference set for June 14, 2017 at 10:00 a.m. is vacated (BNC-PDF) (Related Doc # 551) Signed on 5/12/2017. (Mccall, Audrey) (Entered: 05/12/2017) |
| 05/14/2017 | 556 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)555 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2017. (Admin.) (Entered: 05/14/2017) |

| | | |
|---|---|---|
| 05/23/2017 | 557<br>(9 pgs) | Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *Cash Disbursement Motion #3; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/23/2017) |
| 06/09/2017 | 558<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by White, Johnny. (White, Johnny) (Entered: 06/09/2017) |
| 06/10/2017 | 559<br>(14 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)557 Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *Cash Disbursement Motion #3; with Proof of Service*). (Marshack (TR), Richard) (Entered: 06/10/2017) |
| 06/12/2017 | 560<br>(1 pg) | Order Granting Trustee's Motion For Approval of Cash Disbursements [LBR 2016-2] (BNC-PDF) (Related Doc # 557 ) Signed on 6/12/2017 (Bolte, Nickie) (Entered: 06/12/2017) |
| 06/14/2017 | 561<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)560 Order on Motion For Approval of Cash Disbursements by the Trustee Under LBR 2016-2 (BNC-PDF)) No. of Notices: 1. Notice Date 06/14/2017. (Admin.) (Entered: 06/14/2017) |
| 08/23/2017 | 562<br>(8 pgs) | Stipulation By Richard A Marshack (TR) and *Zimmer Dental Inc. to Continue Response Deadline to Zimmer Dental Inc., Election Under 11 USC Section 365(n); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Grimshaw, Matthew) (Entered: 08/23/2017) |
| 08/23/2017 | 563<br>(2 pgs) | Order Approving Stipulation Between The Trustee And Zimmer Dental Inc. To Continue Response Deadline To Zimmer Dental Inc., Election Under 11 U.S.C. Section 365 (n). IT IS ORDERED: The deadline for the Trustee to file a response and/or opposition, if any, to Zimmer's Section 365 Election is continued to, and including, November 27, 2017. Zimmer may file a response to the Trustee's opposition to Zimmer's Section 365 Election within 14 days of the Trustee's response and/or opposition. This Stipulation is without prejudice to the Trustee and Zimmer entering into further written agreements or filing motions regarding this |

| | | |
|---|---|---|
| | | matter. (BNC-PDF) (Related Doc # 562 ) Signed on 8/23/2017 (Bolte, Nickie) (Entered: 08/23/2017) |
| 08/25/2017 | 564 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)563 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/25/2017. (Admin.) (Entered: 08/25/2017) |
| 11/01/2017 | 565 (8 pgs) | Motion to Abandon REQUIRED FEE DEFERRED *Estate's Interest, if any, in EU Application; Declaration of Richard A. Marshack in support; with Proof of Service*. Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard) (Entered: 11/01/2017) |
| 11/01/2017 | 566 (8 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)565 Motion to Abandon REQUIRED FEE DEFERRED *Estate's Interest, if any, in EU Application; Declaration of Richard A. Marshack in support; with Proof of Service*. Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 11/01/2017) |
| 11/21/2017 | 567 (22 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)565 Motion to Abandon REQUIRED FEE DEFERRED *Estate's Interest, if any, in EU Application; Declaration of Richard A. Marshack in support; with Proof of Service*.). (Marshack (TR), Richard) (Entered: 11/21/2017) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/21/2017 11:04:37 | | |
| **PACER Login:** | mh4052870:3453976:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:13-bk-14500-SC Fil or Ent: filed From: 8/23/2011 To: 11/21/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page |

| | | | counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 3

1 | RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
2 | DAVID A. WOOD, #272406
dwood@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt Avenue
4 | Irvine, California 92620
Telephone:  (949) 333-7777
5 | Facsimile:   (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
DAVID L. HAHN
7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10 |

11 | In re | Case No. 8:13-bk-14500-SC

12 | OSSEOUS TECHNOLOGIES OF AMERICA, INC., | Chapter 7

13 | | TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ASSETS OF THE ESTATE (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) SUBJECT TO OVERBID; AND (C) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); MEMORANDUM OF POINTS AND AUTHORITIES;AND DECLARATION OF DAVID L. HAHN IN SUPPORT

14 | Debtor.

15 |

16 |

17 |

18 | | Date:      TBD
19 | | Time:      TBD
| Ctrm.:     5C
20 |

21 | / / /

22 | / / /

23 | / / /

24 |

25 |

26 |

27 |

28 |

# TABLE OF CONTENTS

1.   THE SALE .................................................................................................................4

A.   Summary of Terms of Sale ......................................................................................4

B.   Subject to Overbid ...................................................................................................5

2.   LEGAL ARGUMENT ...............................................................................................8

A.   The Trustee Believes that the Proposed Sales Price Are Fair and Reasonable ........8

B.   Legal Authority to Approve Sale .............................................................................8

1.   Sound Business Justification....................................................................................8

2.   Notice ......................................................................................................................9

3.   Estimated Taxes .....................................................................................................10

4.   Adequate Price .......................................................................................................10

C.   Waiver of the Fourteen-Day Period for Effectiveness of Sale Order .....................10

D.   Good Faith Purchaser Determination......................................................................11

3.   CONCLUSION .......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*In re Abbotts Dairies of Pennsylvania, Inc.,*

788 F.2d 143, 147 (3rd Cir. 1986) ......................................................................... 11

*In re Continental Air Lines, Inc.,*

  780 F.2d 1223 (5th Cir. 1986) .............................................................................. 9

*In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.,*

  77 B.R. 15, 21 (Bankr. E.D.Pa. 1987) .............................................................. 8, 11

*In re M Capital Corp.,*

  290 BR 743 (9th Cir. BAP 2003) .......................................................................... 12

i

182946v1/1028-024

EXHIBIT 3
Page 158

1  *In re Pine Coast Enterprise, Ltd.*,

2      147 BR 30, 33 (Bankr. ND Ill. 1992) ............................................................ 11

3  *In re Walter*,

4      83 B.R. 14 (B.A.P. 9th Cir. 1988) ............................................................ 8, 9

5  *Kham and Nate's Shoes No. 2 v. First Bank*,

6      908 F.2d 1351, 1355 (7th Cir. 1990) ............................................................ 11

7  *Lionel* ............................................................................................................ 9

8  **Statutes**

9  11 U.S.C. § 365(f) ............................................................................................ 9

10 11 U.S.C. §101(31)(B) ...................................................................................... 11

11 11 U.S.C. §363 ................................................................................................. 7

12 11 U.S.C. §363(b) ........................................................................................ 8, 11

13 11 U.S.C. §363(b)(1) ..................................................................................... 7, 9

14 11 U.S.C. §363(m) ................................................................................ 4, 5, 10, 11

15

16 **Rules**

17 Federal Rule of Bankruptcy Procedure Rule 6004(g)..................................... 5, 9

18 Federal Rule of Bankruptcy Procedure Rule 6004(h).................................... 9, 10

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

EXHIBIT 3
Page 159

182946v1/1028-024

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

3  PARTIES:

4         DAVID L. HAHN in his capacity as Chapter 7 Trustee (the "Trustee") of the Estate

5  of Osseous Technologies of America, Inc. ("Debtor") hereby moves the Court for an approving the

6  sale of certain of Debtor's assets as defined below.   In support thereof the Trustee respectfully

7  represents as follows;

8  1.    <u>BACKGROUND INFORMATION</u>

9         An Involuntary Petition against the Debtor was filed on May 22, 2013 by creditor:

10  Patrick Curran.

11         On June 20, 2013, the Debtor filed its answer to the Involuntary Petition.

12         On August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code

13  was entered (the "Relief Order No. 1").  Thereafter, on August 23, 2013, Debtor and Mr. Curran

14  filed a stipulation for "Delay and Execution of Entry and Entry for Order for Relief and Anticipated

15  Request for Dismissal of Case Pending Completion of Settlement" (the "Dismissal Stipulation").

16  The court granted the Stipulation, and vacated Relief Order No. 1 via an order entered on August 23,

17  2013 (the "Stipulation Order").

18         On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy case

19  (the "Dismissal Motion").

20         On September 9, 2013, the court issued an "Order To Show Cause Why Order For

21  Relief Should Not be Entered" (the "OSC") which was set for hearing for September 19, 2013.

22  After the hearing held on September 19, 2013, the court entered an "Order For Relief in An

23  Involuntary Case" (the "Relief Order No. 2."). Pursuant to the Relief Order No. 2, Debtor was to

24  "file within seven (7) days after entry of this order for relief, a list containing the name and address

25  of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. . . Debtor

26  must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure 1007 within

27  fourteen (14) days after entry of this Order for Relief." See Relief Order No. 2, pg. 2, lns 6-11.

28  Stated otherwise, Debtor had until September 26, 2013 to file a list of creditors, and until October 3,

1   2013 to file his schedules and statement of financial affairs.

2   　　　　On October 2, 2013, David L. Hahn was appointed as Chapter 7 trustee ("Trustee")

3   for the bankruptcy estate ("Estate"). Debtor filed a stipulation vacating the Dismissal Motion which

4   was approved by the court via an order entered on October 2, 2013.

5   　　　　In violation of Relief Order No. 2, Debtor failed to file a list of creditors, schedules,

6   or a statement of financial affairs.  Accordingly, on November 6, 2013, this Court entered an Order

7   RE: Contempt (the "Contempt Order"), which found Debtor and Mr. William K. Knox in civil

8   contempt of Relief Order No. 2. Thereafter, on November 20, 2013, Debtor filed its schedules and

9   statement of financial affairs as Dk. No. 172.

10   　　　　The Trustee believes there are potential assets that can be sold for the benefit of the

11   Estate and creditors. Since October 2, 2013, the Trustee and his counsel have been in negotiations

12   with several different parties and entities for the sale of the distribution business (i.e., Debtor's

13   inventory, equipment, personal property, customer list, telephone number, website, etc.) (the

14   "Purchased Assets").

15   　　　　In December of 2013, the Trustee and his counsel began to negotiate a sale of certain

16   assets owned by Debtor to Mr. Michael Tuber, as agent for a New York limited liability company to

17   be formed prior to the Closing Date (collectively the "Buyer"). The Trustee and the Buyer may, from

18   time to time, be referred to as the "Parties." On or about April 18, 2014, the parties entered into an

19   "Asset Purchase Agreement" (the "APA"). A true and correct copy of the APA is attached to the

20   declaration of David L. Hahn (the "Hahn Decl.") as Exhibit "1".

21   　　A.　　The Assets

22   　　　　As set forth in the APA, the Trustee agrees to sell to the Buyer, and the Buyer

23   agree to purchase from the Trustee, the Estate's interest, if any, in the assets set forth below:

24   　　　　　　i.　All of Debtor's machinery, equipment and other fixed assets; including the

25   　　　　　　　　machinery, equipment and fixed assets specified on Schedule 1.01(a) of the

26   　　　　　　　　APA;

27   　　　　　　ii.　All of Debtor's personal property of the Business (except that property

28   　　　　　　　　specifically excluded in the Agreement and/or otherwise set forth in Schedule

2

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

1.03 of the Agreement), including the personal property specified on Schedule 1.01(b) of the APA, if any;

   iii.  All of Debtor's inventory except the inventory described in paragraph 1.03 and Schedule 1.03 of the APA;

   iv.  Debtor's customer list;

   v.  All of Debtor's telephone numbers, assignable licenses, URL's domain names, websites and web addresses used in connection with the Business;

   vi.  All books, records, logs, papers, files, location files, correspondence, reports, account information, records and other business files and records; and

   vii.  All books and records in the possession of Debtor, related to certain molds located in Brazil and utilized to create the product commonly referred to as the "bone collector."

The above list of assets is hereinafter referred to as "Transferred Assets." However, only the Estate's interest in the Transferred Assets set forth above are being sold by the Trustee to the Buyer. The Estate's interest in all other assets including any cash and cash equivalents, deposits, and accounts receivable, any and all causes of action the Estate may have, any known and unknown intellectual property or trade secrets, any technology stemming from any and all patents held by OTA or assigned to OTA or contained in any pending patent applications, any and all experimental and clinical data related to the Food and Drug Administration 510(k) submission(s), and collagen products (as defined in the APA) remains property of the OTA Bankruptcy Estate. Therefore, expressly excluded from the definition of "Transferred Assets" purchased and sold under the terms and conditions of the APA are any assets of OTA that are not specifically identified above and the assets being excluded include but are not limited to, patent applications, and/or patents developed, assigned, or otherwise conveyed to OTA. The list of excluded assets includes but is not limited to the assets set forth in the APA as Schedule 1.03.

   B.  <u>The Offer</u>

On April 18, 2014, the Trustee entered into an Asset Purchase Agreement (the "Offer") with Buyers for the purchase of the Transferred Assets for the amount of two hundred and

forty thousand dollars ($240,000) (the "Base Purchase Price"). The Base Purchase Price will only be

reduced to the extent that the Closing Inventory Inspection (defined in Section 2.05 of the APA)

determines that the value of the inventory is less than the Inventory Threshold Amount (defined in

Section 2.05 of the APA). At which point, then the Base Purchase Price will be reduced dollar for

dollar at the cost of Inventory for which the value of the Closing Inventory Inspection is less than the

Inventory Threshold Amount (the "Inventory Adjustment")[1]. For example, if the value of the

inventory at the Closing Inventory Inspection is $196,401.61, the Buyer will receive a ten thousand

dollar ($10,000.00) credit, and the final purchase price will be $230,000.00 (the "Final Purchase

Price").  The Inventory Adjustment was negotiated by the parties to insure that the Debtor would not

liquidate and/or engage in a "fire sale" prior to closing.

C.      The Proposed Sale

The Trustee has determined that it is in the best interest of the Estate to proceed with

the sale to Buyers for the sum of $240,000.

The Buyer deposited twenty five thousand dollars ($25,000.00) (the "Sale Deposit")

concurrently with the execution and delivery of the APA. The Deposits shall be refundable only if

certain conditions to the sale are not satisfied or the Buyer is not the successful bidder in the event

overbids are received.

This Motion seeks approval for the Trustee to sell the Transferred Assets on

substantially the terms and conditions set forth in the APA.   The Motion also seeks an Order

determining that Buyer is a good faith purchaser entitled to the protections of 11 U.S.C. §363(m).

1.      THE SALE

A.      Summary of Terms of Sale

THIS IS A SUMMARY ONLY AND DOES NOT CONSTITUTE PART OF AN

AGREEMENT BETWEEN THE PARTIES.  THE SALE TO THE BUYER WILL BE IN

---

[1] The "Inventory Threshold Amount" is defined in Section 2.05 of the APA as "(i) the value of
Inventory at cost as specified on Schedule 2.7, less (ii) Twenty Thousand Dollars ($20,000.00.)." *See*
Hahn Decl., Ex. 1, pg. 3.

ACCORDANCE WITH THE TERMS OF THE ASSET PURCHASE AGREEMENT EXECUTED

BETWEEN THE PARTIES.

        The proposed terms of sale include the following:

        1.     Subject to Bankruptcy Court approval, the Trustee has accepted the offer to sell the Transferred Assets to Buyers for the sum of $240,000 (subject to the Inventory Adjustment);

        2.     Express conditions of the sale include: (1) entry of an Order approving the sale; (2) payment of the Sale Deposit to the Trustee; (3) performance of obligations and delivery of documents; and (3) the Closing Inventory Inspection.  The Buyers' offer is otherwise non-contingent.

        3.     The proposed sale is subject to overbid as set forth below;

        4.     The Sale Deposit shall be refundable only if the conditions to the sale are not satisfied or the Buyers are not the successful bidder in the event overbids are received.  Any potential overbidders are encouraged to obtain a copy of the Motion and contact Trustee's counsel prior to the hearing;

        5.     The Motion seeks an Order determining that Buyer (or any successful overbidders) are good faith purchasers entitled to the protections of 11 U.S.C. §363(m); and

        6.     The Motion further seeks to eliminate the fourteen-day stay on the effectiveness of any Order approving the sale otherwise applicable pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure.

        B.   <u>Subject to Overbid</u>

        The Assets will be sold subject to overbid at an open auction to be conducted in Court at the time that this Motion is heard.  The Trustee has established the following overbid procedures, which shall govern any bidding:

        1.     Any person or entity that is interested in purchasing the Assets (the "Bidders") must serve the Trustee's counsel with an initial bid in conformance with this paragraph ("Initial

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

EXHIBIT 3
Page 164

1 Bid"), such that any Initial Bid is actually received no later than 10:00 a.m. on May 1, 2014 (the

2 "Bid Deadline");

3         2.     Any Initial Bid must remain open until the conclusion of the auction

4 ("Auction") of the Property to be held at the hearing on this Motion on May _____, 2014 at 10:00

5 am;

6         3.     Any Initial Bid must provide for a minimum purchase price of at least

7 $255,000.00 (the "Minimum Bid");

8         4.     Any Initial Bid must be for the Assets "as is, where is" and shall not contain

9 any financing, due diligence, or any other contingency, termination fee, or any similar fee/expense

10 reimbursement;

11         5.     Any Initial Bid must be accompanied by proof satisfactory to the Trustee that

12 such bidder has sufficient funds to make the specified deposit and the financial ability to complete

13 the sale;

14         6.     Any Initial Bid must be made by a person or entity who has completed its due

15 diligence review of the Transferred Assets and is satisfied with the results thereof; and

16         7.     Any Initial Bid must be accompanied by a non-refundable deposit in the form

17 of certified funds or cashier's check payable to the Trustee in the minimum amount of $255,000.00,

18 which amounts shall be nonrefundable if the bid is determined by the Court to be the highest and

19 best bid for the Transferred Assets (the "Best Bid").

20         Any entity that submits a timely, conforming Initial Bid shall be deemed a "Qualified

21 Bidder" and may bid for the Transferred Assets at the Hearing.  Unless otherwise permitted by the

22 Court, any entity that fails to submit a timely, conforming Initial Bid, as set forth above, shall be

23 disqualified from bidding for the Transferred Assets.

24         If the Trustee receives a timely, conforming Initial Bid for the Transferred Assets, an

25 auction will be conducted in Court during the hearing, in which all Qualified Bidders may

26 participate.  The Auction shall be governed by the following procedures:

27         1.     All Qualified Bidders shall be deemed to have consented to the core

28 jurisdiction of the Bankruptcy Court, to have waived any right to jury trial in connection with any

6

1  disputes relating to the Auction or the sale of the Assets, and to entry of a final order approving the

2  sale;

3         2.     The minimum bidding increment during the Auction shall be $5,000.00;

4         3.     Bidding shall commence at the greater of the amount of the highest Initial Bid,

5  or $255,000.00.

6         The Court will determine which of the bids is the best bid (the "Successful Bidder").

7  The Successful Bidder must pay at the closing all amounts reflected in the best bid in cash and such

8  other consideration as agreed upon.

9       C.    Trustee's Disclosure of Possible Overbidders

10         First, the Trustee has negotiated with several other individual's and/or entities over

11  the past few months. However, said individuals and/or entities have signed various non-disclosure

12  agreements' ("NDA's"). Thus, the Trustee will not disclose their identities unless ordered by the

13  Court.

14         Second, Debtor's former principal Mr. William K. Knox ("Mr. Knox") has

15  approached the Trustee regarding the purchase of substantially all of Debtor's assets. Mr. Knox has

16  made clear that he cannot bid and/or overbid on any of Debtor's assets without some written

17  expression from the Trustee confirming the Trustee's interest. Mr. Knox informed the Trustee that

18  he could not organize a group of investors for the purchase of any of OTA's assets without such

19  written expression of the Trustee's interest. Accordingly, the Trustee drafted the attached letter of

20  intent (the "LOI") indicating his interest in such asset purchase agreement. A true and correct copy

21  of the LOI is attached to the Hahn Declaration as Exhibit "4." Notably, the LOI specifically provides

22  that:

23        [N]othing in this letter is binding and merely reflects that the Trustee will continue to

24        negotiate with Mr. Knox and/or his representatives to consummate a deal substantially similar to the terms described above. Nothing in this letter precludes the

25        Trustee from **contacting, negotiating, and/or consummating an agreement with other third parties for the purchase or license of any or all of OTA's assets.**"

26  

27        *See* Hahn Declaration, Exhibit 4, pg. 4.

28  

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

EXHIBIT 3
Page 166

182946v1/1028-024

1    In an abundance of caution, the Trustee seeks to disclose this LOI to all parties in

2   interest in conjunction with this instant sale Motion. Mr. Knox and any third party is welcome to

3   place an overbid at the hearing on this Motion.

4

5   2.    LEGAL ARGUMENT

6        A.    The Trustee Believes that the Proposed Sales Price Are Fair and Reasonable

7            For the following reasons, the Trustee believes that the proposed sales price is fair

8   and reasonable under the circumstances:

9        1.    The Trustee believes that the proposed sales will yield market value for the

10  Transferred Assets;

11       2.    The Trustee has negotiated with various parties and entities since November

12  2013, and believes this instant APA is in the best interest of the Estate; and

13       3.    The foregoing bidding procedures provide further assurance that the

14  maximum possible sales price will be received for the Transferred Assets.

15           On the basis of the foregoing considerations, the Trustee believes that the proposed

16  sales are fair and reasonable, and will ensure that the Estate realizes the highest possible sales prices

17  for the Assets.

18       B.    Legal Authority to Approve Sale

19           Under 11 U.S.C. §363, a Trustee is empowered to sell assets of the estate "after

20  notice and a hearing."  The standards for approval of a sale pursuant to §363(b)(1) require that the

21  proponent of the sale establish that: (1) a "sound business purpose justifies the sale;" (2) "accurate

22  and reasonable notice" of the sale was provided; (3) the "price to be paid is adequate, *i.e.*, fair and

23  reasonable"; and (4) "good faith, *i.e.*, the absence of any lucrative deals with insiders, is present."

24  *See, In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.,* 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987).

25  The Trustee's proposed sale of the Transferred Assets conforms with each of these requirements.

26       1.    Sound Business Justification

27           The Ninth Circuit in *In re Walter,* 83 B.R. 14 (B.A.P. 9th Cir. 1988) has adopted a

28  flexible, case by case test to determine whether the business purpose for a proposed sale justifies

8

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

disposition of property of the estate under §363(b).  The Court in *In re Continental Airlines, Inc.*
explained the *Walter* test:

> Whether the proffered business justification is sufficient depends on the case.
> As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all
> salient factors pertaining to the proceeding and, accordingly, act to further the
> diverse interests of the debtor, creditors and equity holders, alike.  He might,
> for example, look to such relevant factors as the proportionate value of the
> assets to the estate as a whole, the amount of lapsed time since the filing, the
> likelihood that a plan of reorganization will be proposed and confirmed in the
> near future, the effect of the proposed disposition on future plans of
> reorganization, the proceeds to be obtained from the disposition vis-à-vis any
> appraisals of the property, which of the alternatives of use, sale or lease the
> proposal envisions and, most importantly perhaps, whether the asset is
> increasing or decreasing in value.  This list is not intended to be exclusive, but
> merely to provide guidance to the bankruptcy judge.

*Walter, supra,* at 19-20 *quoting, In re Continental Air Lines, Inc.,* 780 F.2d 1223 (5th Cir. 1986).

In this case, the facts surrounding the sale support the Trustee's business decision to
sell the Assets.  The sale will bring approximately $240,000.00 to the Estate, which will allow for a
distribution to creditors.  The Trustee believes that the $240,000.00 is a fair price for the Transferred
Assets for the following reasons. First, the Trustee believes that the price is fair as Ms. Natalie
Wilson has submitted her resignation and no longer is employed by Debtor as of mid-March. Thus,
as a result, the Trustee's agent Ms. Lori Ensley has been operating the business on her own. The sale
contemplated in the APA will eliminate the need to have Ms. Ensley continue to operate the day to
day operations of Debtor. Thus, the Estate will save additional expense that would otherwise be paid
to Ms. Ensley to operate the business. Second, the Trustee has been approached by other potential
purchasers, and will he believes that there may be an "auction," the Base Purchase Price is consistent
with the Trustee's discussions with other prospective purchasers. Third, the Base Purchase Price is
appropriate given the sales generated since October 2013, when the Trustee first took over the
business. The proposed sale of the Transferred Assets is a sound business decision because it will
generate significant cash proceeds for the Estate.

2.   Notice

The Trustee must give notice of any sale of property of the Estate.  11 U.S.C.
§363(b)(1).   In the instant matter, the Trustee will give notice to all known creditors, all parties to

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

EXHIBIT 3
Page 168

182946v1/1028-024

1  leases, and any other prospective buyers.  The Trustee respectfully suggests that service of the

2  Motion is appropriate and property and constitutes adequate and reasonable notice.

3               3.      Estimated Taxes

4               According to section 2.04 of the APA, Buyer shall pay all sales and use taxes, if any,

5  that arise from the purchase contemplated in the APA.

6               4.      Adequate Price

7               The Trustee suggests that the price to be paid is fair and reasonable. The proposed

8  overbid procedures will ensure that the Estate realizes the highest possible sales prices for the

9  Assets. As set forth in the declaration of David Hahn, the $240,000.00 Base Purchase Price is a fair

10  and reasonable price for the Transferred Assets.

11              5.      Treatment of Liens

12              In this case, there are no known secured or perfected liens encumbering the

13  Transferred Assets. Therefore, any sale of the assets shall be free and clear of any liens pursuant to

14  11 U.S.C. § 365(f).

15              6.      Commissions

16              In this case, the Trustee is not seeking to pay commissions to any party for the sale of

17  the Transferred Assets.

18       C.     Waiver of the Fourteen-Day Period for Effectiveness of Sale Order

19              Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides: "[a]n

20  order authorizing the use, sale, or lease of property other than cash collateral is stayed until the

21  expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h).

22  The legislative history provides:

23              The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not
               applicable so that the property may be used, sold, or leased immediately in
24              accordance with the order entered by the court.  Alternatively, the court may
               order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less
25              than 10 [now 14] days.

26              Given the notice and full opportunity to object, respond, or participate in overbid

27
28  procedures presented by this Motion, the Trustee believes that, unless there are objections to the

Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that 6004(h) is not applicable and the Assets may be sold immediately. Accordingly, the Trustee requests that the Court order that the sale may be effectuated immediately upon entry of the Order approving this Motion and authorizing the sale of the Assets.

D.   Good Faith Purchaser Determination

The proposed Buyer is a good faith purchaser entitled to the protections of 11 U.S.C. §363(m).  Section 363(m) authorizes the Court to make a finding that a buyer is a good faith purchaser.  A good faith purchaser of property is protected from the effects of reversal of the order authorizing a sale as long as the trial court finds that the purchaser acted in good faith and the aggrieved party fails to obtain a stay of the sale order.  Although the Code does not define the term "good faith," courts have provided guidance as to the appropriate factors to consider.  In essence, the purpose of Section 363(m) is to disable courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith.  *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355 (7th Cir. 1990).

Generally speaking, the requirement that a purchaser act in good faith speaks to the integrity of his conduct in the course of the sale proceeding and focuses primarily on the disclosure of all material sale terms and the absence of fraud or collusion.  *See*, *In re Pine Coast Enterprise, Ltd.*, 147 BR 30, 33 (Bankr. ND Ill. 1992); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).  The "good faith" requirement set forth in 11 U.S.C. §363(m) "focuses principally on the element of special treatment of the debtor's insiders in the sale transaction."  *See, In re Industrial Valley Refrig. & Air Cond. Supplies, Inc., supra*, 77 B.R. 15, 17.

In this case, there is no proposed sale to an insider, nor have any insiders received any special treatment or consideration.  The Buyer has prepared and submitted the offer in good faith. While Mr. Tuber is a supplier to Debtor, he and his companies have not asserted any claim against the Estate. The Buyer has performed all of the conditions imposed on them in connection with the Sale.  Moreover, Mr. Tuber is not formerly or presently an insider pursuant to the definition set forth in 11 U.S.C. §101(31)(B).  Pursuant to §363(m), the Court should therefore find that the Sale has

1    been entered into in good faith and the Buyer is entitled to the protections of 11 U.S.C. §363(m).

2    *See*, *In re M Capital Corp.*, 290 BR 743 (9th Cir. BAP 2003) (court may not make a finding of good

3    faith in the absence of evidence, but may make such a finding if appropriate evidence is presented).

4           Based upon the foregoing, the Trustee submits that the Motion satisfies the standards

5    for approval of a sale of the Transferred Assets outside of the ordinary course of business pursuant to

6    §363(b) and good cause exists to make a finding that the Buyer or overbidder, if any, is purchasing

7    the Asset in "good faith" pursuant to Bankruptcy Code §363(m).

8    3.    <u>CONCLUSION</u>

9           Based on the foregoing, the Trustee respectfully requests that the Court enter an order

10    that provides that:

11           1.    The Motion is granted;

12           2.    The Trustee is authorized to sell the Transferred Assets outside the ordinary

13    course of business;

14           3.    The Trustee is authorized to sign all documents necessary to consummate the

15    sale;

16           4.    The Trustee is authorized to pay the other costs of sale;

17           5.    The 14 day stay regarding the effectiveness of the order shall we waived;

18           6.    The Buyer (or any successful overbidders) are entitled to the protections set

19    forth in 11 U.S.C. §363(m) as good faith purchasers.

20           7.    Such other further relief as the Court may deem just and proper.

21

22    DATED:  April 21, 2014          Respectfully submitted,

23                   MARSHACK HAYS LLP

24                    /s/ Richard A. Marshack

             By: _____

25                   RICHARD A. MARSHACK

26                   DAVID A. WOOD
               Attorneys for Chapter 7 Trustee,

27                   DAVID L. HAHN

28

TRUSTEE'S MOTION TO SELL ESTATE ASSETS

EXHIBIT 3
Page 171

# <u>DECLARATION OF DAVID L. HAHN</u>

I, David L. Hahn, declare and state as follows:

1.    I am the duly appointed Chapter 7 Trustee in the Chapter 7 case of Osseous Technologies of America, Inc. (the "Debtor"). The matters stated herein are within my own knowledge or information and, if called upon to testify, I could and would competently testify thereto.

2.    An Involuntary Petition against the Debtor was filed on May 22, 2013 by creditor: Mr. Patrick Curran.

3.    On June 20, 2013, the Debtor filed its answer to the Involuntary Petition.

4.    On August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered (the "Relief Order No. 1"). Thereafter, on August 23, 2013, Debtor and Mr. Curran filed a stipulation for "Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for Dismissal of Case Pending Completion of Settlement" (the "Dismissal Stipulation"). The court granted the Stipulation, and vacated Relief Order No. 1 via an order entered on August 23, 2013 (the "Stipulation Order").

5.    On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy case (the "Dismissal Motion").

6.    On September 9, 2013, the court issued an "Order To Show Cause Why Order For Relief Should Not be Entered" (the "OSC") which was set for hearing for September 19, 2013. After the hearing held on September 19, 2013, the court entered an "Order For Relief in An Involuntary Case" (the "Relief Order No. 2."). Pursuant to the Relief Order No. 2, Debtor was to "file within seven (7) days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. . . Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure 1007 within fourteen (14) days after entry of this Order for Relief." *See Relief Order No. 2,* pg. 2,

lns 6-11. Stated otherwise, Debtor had until September 26, 2013 to file a list of creditors, and until October 3, 2013 to file his schedules and statement of financial affairs.

7.      On October 2, 2013, I was appointed as Chapter 7 trustee for the bankruptcy estate ("Estate").

8.      Debtor filed a stipulation vacating the Dismissal Motion which was approved by the court via an order entered on October 2, 2013.

9.      In violation of Relief Order No. 2, Debtor failed to file a list of creditors, schedules, or a statement of financial affairs.

10.     Accordingly, on November 6, 2013, this Court entered an Order RE: Contempt (the "Contempt Order"), which found Debtor and Mr. William K. Knox in civil contempt of Relief Order No. 2. Thereafter, on November 20, 2013, Debtor filed its schedules and statement of financial affairs as Dk. No. 172.

11.     On October 10, 2013, I visited Debtor's premises (the "Business") in an attempt to understand the nature of the business and whether it should be operated as a going concern or simply shut down and liquidated.

12.     The Business is a medical device company which focuses on the sale and distribution of dental products. Specifically, the Business sells various dental products, and sells supplies to doctors who specialize in the restoration and placement of dental implants.

13.     After discussion with my counsel of record, I caused to be filed a motion to operate the Business (the "Motion to Operate") on October 18, 2013. This Court approved the Motion to Operate pursuant to an order entered on November 7, 2013 (the "Operation Order"). A true and correct copy of the Operation Order is attached here as Exhibit "2."

14.     On November 15, 2013, the Court approved my application to employ Ms. Lori J. Ensley as field agent (the "Ensley Employment Order").  A true and correct copy of the Ensley Employment Order is attached here as Exhibit "3."

15.     In December 2013, my counsel and I began to negotiate with various parties and entities, including Mr. Michael Tuber, for a sale of the Transferred Assets. Mr. Tuber and I, through counsel, were able to negotiate the Asset Purchase Agreement (the "APA"). Subject to

1  Bankruptcy Court approval, I have accepted the offer from the Buyer as set forth in the APA. A true

2  and correct copy of the APA is attached hereto as Exhibit "1."

3          16.     The proposed Buyer information is as follows: Mr. Michael Tuber of A Titan

4  Instruments, Inc., as agent for a New York limited liability company to be formed prior to the

5  Closing Date defined in the APA.

6          17.     In compliance with APA, the Buyer has deposited the full $25,000.00 Sale

7  Deposit, which shall be refundable only if sale of the Transferred Assets is not approved.

8          18.     I am informed and believe that there are no secured or perfected liens against

9  the Transferred Assets.

10         19.     The Motion seeks approval to sell the Transferred Assets on substantially the

11 terms and conditions set forth in the APA.

12         20.     I performed a discounted cash flow analysis to determine the appropriate

13 purchase price of the Transferred Assets. Based on this analysis, I determined that an initial Base

14 Purchase Price of $240,000.00 is a reasonable price for the Transferred Assets. Moreover, the Base

15 Purchase Price is similar to the numbers that my counsel and I discussed and/or negotiated with

16 other parties and entities for the Transferred Assets.

17         21.     Further, this price is corroborated based on an analysis of the inventory and

18 Debtor's generated sales and profit since October 2013.

19         22.     I have been approached by other prospective buyers, and believe that there

20 may be overbids at any sale hearing.

21         23.     Debtor's former principal Mr. William K. Knox ("Mr. Knox") has

22 approached me regarding the purchase of substantially all of Debtor's assets.

23         24.     Mr. Knox has made clear that he cannot bid and/or overbid on any of

24 Debtor's assets without some written expression from me confirming the such interest.

25         25.     Accordingly, my counsel and I drafted the attached letter of intent (the

26 "LOI") indicating my interest in such asset purchase agreement. A true and correct copy of the LOI

27 is attached to here as Exhibit "4."

28

1       26.    The LOI specifically provides that I may negotiate, discuss, and consummate

2  any sale of OTA's assets with any third parties. However, in an abundance of caution, I wanted to

3  provide all parties in interest full disclosure of this LOI.

4       27.    The Motion also seeks an Order determining that Buyers are good faith

5  purchasers entitled to the protections of 11 U.S.C. §363(m). The Buyer does not have any

6  connection or relationship with me. While Mr. Tuber is a supplier to Debtor, he is not an insider as

7  defined by 11 U.S.C. §101(31)(B).

8       28.    The proposed sale is subject to overbids as set forth in the motion. The

9  Deposit shall be refundable only if the sale of the Transferred Assets is not approved.

10       29.    The Motion further seeks to eliminate the fourteen-day stay on the

11  effectiveness of any Order approving the sale otherwise applicable pursuant to Federal Rule of

12  Bankruptcy Procedure 6004(g).

13       30.    The proposed sale is estimated to provide a significant amount of cash into

14  the estate which can be used to pay allowed administrative and unsecured claims, I believe that the

15  proposed sale is in the best interest of the estate.

16

17     I declare under penalty of perjury under the laws of the United States of America, that

18  the foregoing is true and correct. Executed on April _2 2_, 2014, at Rancho Santa Margarita,

19  California.

20

21                        DAVID L. HAHN, Chapter 7 Trustee

22

23

24

25

26

27

28

16

DECLARATION OF DAVID HAHN

182946v1/1028-024

EXHIBIT 3
Page 175

EXHIBIT  1

EXHIBIT 3
Page 176

EXECUTED VERSION

# ASSET PURCHASE AGREEMENT

This **ASSET PURCHASE AGREEMENT** (the "Agreement") is made as of April 16th, 2014, by and between David L. Hahn, solely in his capacity as the Chapter 7 Bankruptcy Trustee for Osseous Technologies of America, Inc. (the "Seller"), and Michael Tuber, as agent for a New York limited liability company to be formed prior to the Closing Date as defined below (the "Buyer").

## RECITALS

**WHEREAS**, Osseous Technologies of America, Inc. ("OTA") is engaged in the business of designing, manufacturing, distributing, and selling various medical devices (the "Business");

**WHEREAS**, on or about May 22, 2013, an involuntary petition was filed against OTA by creditor Mr. Patrick Curran under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California (the "OTA Case");

**WHEREAS**, on or about September 19, 2013, the Bankruptcy Court for the Central District of California (the "Court") entered an "Order for Relief in An Involuntary Case" (the "Relief Order") in the OTA Case;

**WHEREAS**, on or about October 2, 2013, David L. Hahn was appointed Chapter 7 Trustee of OTA;

**WHEREAS**, subject to Court approval, Buyer desires to acquire certain assets of the Business, all as further set forth below.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## ARTICLE I

## ASSET DESCRIPTION

**1.01** **Assets.** Seller agrees that at the Closing, as defined in Section 5.01, other than the Excluded Assets defined in Section 1.03 below, it shall sell, assign, transfer and convey to Buyer, free and clear of all other liens, claims, encumbrances and other interests, and Buyer agrees that it shall purchase and acquire from Seller, all of Seller's right, title and interest in the all of the assets described below, if any, by Seller in connection with the Business (the "Purchased Assets"); including, the following:

(a)    All of Seller's machinery, equipment and other fixed assets; including the machinery, equipment and fixed assets specified on Schedule 1.01(a), if any;

(b)    All of Seller's personal property of the Business; including the personal property specified on Schedule 1.01(b), if any;

(c)    All of Seller's inventory of any kind (the "Inventory") except the inventory described herein in paragraph 1.03 and Schedule 1.03;

(d)    The Seller's customer list, which shall itemize all of the Business' past and current customers;

EXHIBIT 1, PAGE 177
EXHIBIT 3

(e)     All of Seller's telephone numbers, assignable licenses, URL's, domain names, websites and web addresses used in connection with the Business;

(f)     All of Seller's supplies used in connection with the Business; and

(g)     Except for Seller's original corporate files and records, all books, records, logs, papers, files, location files, correspondence, reports, account information, records and other business files and records; specifically including, without limitation, all books and records in the possession of Seller, related to certain molds located in Brazil and utilized to create the product commonly referred to as the "bone collector."

Buyer acknowledges that Seller is only selling the Estate's interest in the above assets. Buyer, for example, acknowledges that there is a dispute as to the ownership of the molds discussed in 1.01(g) and that the Seller may not be the actual owners of the molds. Buyer is buying the estates interest, if any, in the molds, and the rights, if any, to prosecute any and all causes of actions to regain possession of the molds.

**1.02    Intentionally Omitted.**

**1.03    Excluded Assets.** Notwithstanding anything to the contrary in this Agreement, the following assets of Seller (collectively the "Excluded Assets") are not part of the sale and purchase contemplated hereunder, and are excluded from the Purchased Assets and shall remain the property of Seller subsequent to the Closing:

(a)     Seller's cash and cash equivalents;

(b)     Seller's deposits, prepaid amounts and accounts receivable;

(c)     Seller's rights in and to all causes of action and lawsuits, including but not limited to any causes of action the Estate may have under 11 U.S.C. §§ 544, 545, 547, 548, or 553 or any causes of action the Estate may have against Mr. William K. Knox individually;

(d)     any of the assets specified in Schedule 1.03;

(e)     any known and unknown intellectual property or trade secrets, and records or files related thereto owned, assigned, or otherwise licensed to Seller;

(f)     any technology or rights to technology stemming from any and all intellectual property held, assigned, owned, or licensed to Seller;

(g)     any and all experimental or clinical data, results or information contained in or related to the Food and Drug Administration 510(k) submission(s) or approval(s) related to the sale and/or distribution of the collagen products; and

(h)     Excluded Collagen Products (defined below).

For purposes of this Agreement, Excluded Collagen Products shall mean those collagen products that comprise a portion of the Inventory and which are packaged or branded as "Zimmer" or which were previously and/or currently manufactured by United Biomedical Technologies, Inc., and subject to any distribution agreements with Zimmer Dental, Inc.

Despite that the Excluded Assets described in subsection 1.03(e) and (f) are not part of the sale and purchase contemplated hereunder, Seller represents and warrants that the Buyer shall not be prevented or impaired from selling the Inventory to third parties subsequent the Closing in the ordinary course of its business due to such assets not being included in the sale and purchase contemplated hereunder.

## ARTICLE II

## PURCHASE PRICE

**2.01   Amount of Purchase Price.**  In consideration for the transfer of the Purchased Assets, Buyer hereby agrees to pay to Seller a purchase price in the amount of **TWO HUNDRED FORTY THOUSAND ($240,000.00) U.S. DOLLARS**, less the Inventory Adjustment (defined below), if any (the "Purchase Price") at the Closing.

**2.02   Sale Deposit.**  Concurrent with the execution and delivery of this Agreement, Buyer is delivering to the Trustee a deposit (the "Sale Deposit") in the form of a certified check made payable to "David L. Hahn, Chapter 7 Trustee via overnight delivery to Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620 in the amount of Twenty Five Thousand Dollars ($25,000.00) payable to the order of the Bankruptcy Estate of OTA, which deposit shall be held by the Trustee in escrow and applied toward payment of the Purchase Price at Closing. The memo line of such cashier's check shall reference "Bankruptcy Case Number: 8:13-bk-14500-SC. In the event this Agreement is terminated in accordance with Article XI, then the Sale Deposit shall be returned to Buyer within two (2) days of such termination.

**2.03   No Assumption of Liabilities other than Executory Contracts.**  Except for the Executory Contracts, Buyer shall have no responsibility for any liabilities or obligations of Seller.

**2.04   Taxes.**  Buyer shall pay all sales and use taxes, if any, that arise from the acquisition of the Purchased Assets.

**2.05   Inventory Adjustment.**  Buyer and Seller acknowledges that Inventory will increase or decrease depending on sales and acquisitions between the date first set forth above and the Closing; provided, however, Seller shall, in accordance with the provisions set forth in Section 6.01(b), only sell Inventory in the ordinary course of business. Notwithstanding the foregoing herein, immediately prior to the Closing Date, the Seller and Purchaser shall jointly inspect the Inventory (the "Closing Inventory Inspection"). In the event that the value of the Inventory at the Closing Inventory Inspection is determined to be less than the Inventory Threshold Amount, then the Purchase Price shall be reduced on a dollar for dollar basis by which the value of Inventory at cost at the Closing Inventory Inspection is less than the Inventory Threshold Amount (the "Inventory Adjustment"). For purposes of this Agreement, the Inventory Threshold Amount shall mean the amount calculated as follows: (i) the value of Inventory at cost as specified on Schedule 2.7, less (ii) Twenty Thousand Dollars ($20,000.00). For example, if the value of the Inventory at the Closing Inventory Inspection is $196,401.61, the Buyer will receive a ten thousand ($10,000.00) credit, and the final purchase price will be $230,000.00.

EXHIBIT 1, PAGE 179
EXHIBIT 3
Page 179

Notwithstanding the foregoing, Buyer shall have the option, within its sole discretion, to waive its right to take a physical inventory as provided herein. For purposes of this Agreement, value of each item of Inventory for purposes of the Inventory Adjustment shall be equal to the cost of acquiring each item of Inventory; provided, however, with respect to valuing all items Inventory that, as of the Closing Date, have been discontinued by Seller or no longer sold in the ordinary course of the Business, Purchaser shall receive a thirty three percent (33%) discount from the Seller's cost of such items of Inventory. However, the thirty three percent (33%) discount is applied in the in the Purchase Price defined herein in Section 2.01. The same calculation will be used in determining the Inventory Adjustment. Buyer will apply the thirty three percent (33%) discount to only the same inventory the thirty three percent (33% ) discount was applied in ascertaining the Purchase Price stated herein Schedule 2.7. In connection with the foregoing, Seller shall provide Buyer with access and use of all books and records of the Business to confirm the acquisition cost of the Inventory.

**2.06    Higher Bids.**    Buyer recognizes and is aware the sale of the Purchased Assets, as contemplated herein, is subject to any higher or better bids that the Seller may receive in connection with the sale of the Purchased Assets to a third party, together with objections by creditors and parties in interest.

**2.07    Allocation.**    The Purchase Price shall be allocated among the Purchased Assets in the manner set forth on Schedule 2.7. All federal, state and local tax returns and reports shall be filed in a manner consistent with such allocation, and neither party will assert or maintain a position inconsistent with such allocation in any administrative or judicial proceeding, including any tax audit or other tax proceeding.

## ARTICLE III

## REPRESENTATIONS AND WARRANTIES

**3.01    Seller's Representations and Warranties.** Seller represents, warrants and covenants to Buyer as of the date hereof and as of the Closing:

(a)    Power and Authority. Seller has the full power and authority to execute, deliver, and perform his obligations under this Agreement, subject to the approval of the Court as described herein. Upon entry by the Court of an order authorizing and approving the sale of the Purchased Assets as contemplated herein, this Agreement and all agreements, instruments, and documents herein provided to be executed by Seller are and as of the Closing will be duly authorized, executed, and delivered by, and are and will be binding upon Seller.

(b)    No Transfer of Assets. Seller has not disposed of, transferred or agreed to transfer any of the Purchased Assets except inventory sold in the ordinary course of business and/or as otherwise specified in this Agreement, other than pursuant to orders entered by the Court.

(c)    No Litigation. To the best of Seller's knowledge, there are no actions, suits or proceedings pending or threatened in any court or before any administrative agency which would prevent Seller from completing the sale of the Purchased Assets to Buyer.

(d)    No Other Warranties by Seller/Release and Waiver by Buyer. Except as to the express warranties contained in this Agreement, the Seller does not make and disclaims any and all

EXHIBIT 1, PAGE 180
EXHIBIT 3
Page 180

warranties with respect to the Purchased Assets, including but not limited to, any implied warranties or merchantability or fitness for a particular purpose and otherwise sells the Purchased Assets to Buyer AS IS WHERE IS WITH ALL FAULTS AND DEFECTS, WITHOUT ANY EXPRESS OR IMPLIED WARRANTIES OF ANY KIND OR NATURE.

3.02    **Buyer's Representations and Warranties.** Buyer represents, warrants and covenants to Seller as of the date hereof and as of the Closing:

(a)    Corporate Organization. Buyer is a New York limited liability company duly organized, validly existing and in good standing under the laws of New York.

(b)    Power and Authority. Buyer has all requisite power and authority to enter into this Agreement and carry out all of its obligations under this Agreement. The officer or officers of Buyer who shall execute and deliver this Agreement have been duly authorized to do so by all requisite action on the part of Buyer.

(c)    No Litigation. To the best of Buyer's knowledge, there are no actions, suits or proceedings pending or threatened in any court or before any administrative agency which would prevent Buyer from effectuating the transaction contemplated herein.

(d)    Capability. Buyer is willing, authorized, capable and qualified financially, legally and otherwise, to unconditionally perform all obligations under this Agreement.

## ARTICLE IV

## CONDITIONS PRECEDENT TO CLOSING

4.01    **Buyer's Conditions.** Buyer's obligation to close the transaction contemplated herein is subject to the satisfaction at or prior to the Closing of each of the following conditions (any of which contained in subsections (b), (c) or (d) may be waived in writing by Buyer):

(a)    Bankruptcy Court Approval. Within five (5) days of obtaining all signatures required for execution of this Agreement, Seller will file a motion for approval of this Agreement. The Court shall have entered a final order (which has not been stayed on appeal) (the "Sale Approval Order") approving Seller's motion for approval of this Agreement by no later than May 31, 2014, and (i) authorizing Seller to transfer the Purchased Assets to Buyer free and clear of all liens, claims, encumbrances, and other interests except as otherwise provided herein, (ii) authorizing Seller to assign the Executory Contracts to Buyer, and (iii) determining that Buyer is a good-faith purchaser. Seller's notice of the motion shall include a specific statement that the sale is free and clear of all claims for successor liability against Buyer.

(b)    Performance of Obligations. All terms, covenants, agreements and conditions set forth in this Agreement to be complied with and performed by Seller on or prior to the Closing shall have been fully complied with and performed in all material respects, and all representations and warranties of Seller shall be true on the Closing in all material respects as if made on and as of such date.

(c)    Delivery of Documents. Seller's transfer and sale of the Purchased Assets hereunder shall be effected by the delivery by Seller to Buyer at the Closing of a bill of sale for all items of personal property and other good and sufficient instruments of sale, transfer, assignment and

conveyance and all consents of third parties necessary thereto as shall be required, or as may be reasonably necessary in order to effectively vest in Buyer good and marketable title to the Purchased Assets and effectuate the transaction contemplated herein.

(d)    Inventory Inspection. Seller's determination at the Closing Inventory Inspection that the Inventory is in good condition, and is not damaged or defective in any material respect.

**4.02    Seller's Conditions.** Seller's obligation to close the transaction contemplated herein is subject to the satisfaction at or prior to the Closing of each of the following conditions (any which contained in subsections (b) or (c) may be waived in writing by Seller):

(a)    Bankruptcy Court Approval. The Court shall have entered the Sale Approval Order, and Buyer must be found to be successful bidder.

(b)    Performance of Obligations. All terms, covenants, agreements and conditions set forth in this Agreement to be complied with and performed by Buyer on or prior to the Closing shall have been fully complied with and performed in all material respects, and all representations and warranties of Buyer shall be true on the Closing in all material respects as if made on and as of such date.

(c)    Delivery of Documents. Buyer and shall have executed and delivered to Seller all documents and evidence requested by Seller in its reasonable discretion to determine whether Buyer is willing, authorized, capable and qualified financially, legally and otherwise, to unconditionally perform all obligations under this Agreement.

## ARTICLE V

## CLOSING

**5.01    Closing.** The closing of the sale of the Purchased Assets (the "Closing") shall occur via the remote exchange of documents between the parties' counsel or as otherwise mutually agreed, after all conditions to Closing shall be satisfied, but in any event, no later than ten (10) days following the Sale Approval. At or before the Closing: (i) Buyer shall pay in cash to Seller the Purchase Price, less the amount of the Deposit, by wire transfer or certified check of immediately available funds; and (ii) Seller shall deliver to Buyer possession of the Purchased Assets and all documents reasonably requested by Buyer to effectuate same. The cashier's check shall be made payable to "David L. Hahn, Chapter 7 Trustee," via overnight delivery to Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620. The memo line of such payment shall reference "Bankruptcy Case Number 8:13-bk-14500-SC."

## ARTICLE VI

## COVENANTS AND ACKNOWLEDGEMENTS PENDING CLOSING

**6.01    Conduct of Business.** Seller covenants that, pending the Closing, without Buyer's prior written consent:

(a)    Preserving Assets. Seller shall use reasonable best efforts to preserve the Purchased Assets and maintain them in the same condition as of the date of this Agreement, reasonable wear and tear excepted;

(b) <u>Sale of Assets</u>. Except the sale of Inventory in the ordinary course of business, which may reduce the Purchase Price in accordance with the Inventory Adjustment, Seller shall not sell or otherwise dispose of any material asset which constitutes a portion of the Purchased Assets; and

(c) <u>Insurance.</u> Seller shall continue to carry the existing insurance policies with respect to the Purchased Assets.

**6.02** **Representations True**. The representations and warranties contained herein shall continue to be true and correct on and as of the Closing as if made on and as of the Closing; and Seller shall advise Buyer promptly in writing of any condition or circumstance occurring from the date hereof up to and including the Closing which would cause the representations and warranties of Seller to become untrue in any material respect.

## ARTICLE VII

## COVENANTS OF ACCESS AND COOPERATION

**7.01** **Access.** Seller shall give Buyer access during normal business hours throughout the period prior to the Closing to the Purchased Assets and to Seller's books, contracts, commitments and other records with respect thereto, and shall furnish Buyer during such period with such information in Seller' possession concerning the Purchased Assets as Buyer may reasonably request.

**7.02** **Litigation: Claims.** Each party covenants and agrees to promptly notify the other if any litigation or claims becomes known to any of them between the date of this Agreement and the Closing and relating to or affecting the Purchased Assets.

## ARTICLE VIII

## RISK OF LOSS

Risk of loss to the Purchased Assets shall not pass to Buyer until the Closing. In the event of the material destruction or damage of any material Purchased Assets prior to Closing, Seller shall promptly notify Buyer in writing. Buyer shall have ten (10) days from receipt of such notice to notify Seller of its election to terminate this Agreement. Upon Buyer providing such notice to Seller, this Agreement shall cease and terminate and be of no further force or effect, and neither party shall have any rights against the other by reason of this Agreement and/or such termination. In the alternative, Buyer may elect to accept insurance proceeds payable to Seller to cover the loss, may propose a reduction in the Purchase Price to reflect the loss or may propose other modified terms and, in such event, Seller and Buyer shall negotiate in good faith to reach an agreement to a revised acquisition of the Purchased Assets. Seller agrees to support a modification that has been bargained and agreed to in writing and signed on behalf of both Seller and Buyer and, as needed, to immediately seek Court approval of the modifications on shortened notice, if so requested by Buyer.

## ARTICLE IX

## NOTICES

**9.01** **Notices.** All notices, requests, demands and other communications under this Agreement shall be in writing and shall be deemed to have been duly given on the date of delivery, if

delivered personally, or on the fifth (5th) business day after mailing if mailed by first class mail, registered or certified, postage prepaid and properly addressed as follows:

To Seller: Ossesous Technologies of America, Inc.
 Attn: David L. Hahn, Chapter 7 Trustee
 22342 Avenida Empresa, Suite 200
 Rancho Santa Margarita, California 92688

With copy to: Marshack Hays LLP
 Attn: Richard A. Marshack, Esq.
 870 Roosevelt Avenue
 Irvine, California 92620

To Buyer: Michael Tuber, as agent for an entity to be formed
 97 Main Street
 Hamburg, New York 14075

With copy to: Lipsitz Green Scime Cambria LLP
 Attn: Michael Schiavone, Esq.
 42 Delaware Avenue, Suite 120
 Buffalo, New York 14202

 **9.02** **Changes.** Any party hereto may change its contact information for the purpose of receiving notices or demands as herein provided by a written notice given in the manner provided above to the other parties hereto, which notice of change of address shall not become effective, however, until the actual receipt thereof by the other parties.

## ARTICLE X

## INDEMNIFICATION

 **10.01** **Seller's Indemnity.** Seller covenants and agrees to indemnify and save and hold Buyer, and its members and managers, harmless at all times after the Closing in respect of any and all liabilities, actions, suits, proceedings, demands, assessments, judgments, costs and expenses, including attorneys' fees, whether known or unknown, disclosed or undisclosed, arising from any misrepresentation, breach of warranty or nonfulfillment of any agreement on the part of Seller under this Agreement, or in any certificate or other instruments or agreements provided for in this Agreement. Notwithstanding anything to the contrary herein, Seller's indemnity obligation shall be limited to the amount of the Purchase Price, and shall expire as of the date the OTA Case is closed.

 **10.02** **Buyer's Indemnity.** Buyer covenants and agrees to indemnify and save and hold Seller harmless at all times after the Closing in respect of any and all liabilities, actions, suits, proceedings, demands, assessments, judgments, costs and expenses, including attorneys' fees, whether known or unknown, disclosed or undisclosed, arising from any misrepresentation, breach of warranty or nonfulfillment of any agreement on the part of Buyer under this Agreement or in any certificate or other instruments or agreements provided for in this Agreement. Notwithstanding anything to the contrary herein, Buyer's indemnity obligation shall be limited to the amount of the Purchase Price, and shall expire as of the date the OTA Case is closed.

**10.03   Notice of Indemnity.** The indemnified party shall provide the indemnifying party notice of any such claims of liability with reasonable promptness and the indemnifying party, at its election, shall have the right of defense in such proceedings, by counsel of its own choosing, at the indemnifying party's expense. The indemnified party shall cooperate fully in all respects with the indemnifying party in any such defense, including, without limitation, by making available to the indemnifying party all pertinent information under the control of the indemnified party, at the sole cost and expense of the indemnifying party. If the indemnifying party does not notify the indemnified party within ten (10) days of the indemnified party's notice to the indemnifying party of a potential claim that the indemnifying party will defend the same, or should the indemnifying party fail to file any answer or pleading at least five (5) days before the same is due, the indemnified party may defend or settle such claim or action in such manner as the indemnified party deems appropriate, in its sole discretion. If the indemnifying party so notifies the indemnified party concurrently with the indemnifying party's notice of election to defend, the indemnifying party may defend, but not settle, a claim without waiving its right to assert that such claim is not subject to the indemnity agreements in this Article X. If the indemnifying party elects to defend a claim, the indemnified party may, at the indemnified party's expense, participate in such matter with counsel of the indemnified party's own choosing.

## ARTICLE XI

## TERMINATION

**11.01   Termination In Absence Of A Default.** Any party may terminate the Agreement by written notice upon the failure of the other party to satisfy, as of the Closing, one or more of the conditions precedent set forth in Article IV above. In the absence of any existing default by Buyer, Seller shall return the Sale Deposit to Buyer within two (2) business days after the Agreement is terminated.

**11.02   Termination As A Result of Failure to Obtain Sale Approval.** Any party may terminate the Agreement by written notice upon the failure to obtain the Court Approval by May 31, 2014.

**11.03   Termination As A Result Of A Default.** If any party materially breaches any covenant or representation or is otherwise in material default under the terms of the Agreement, the other party may terminate the Agreement; provided, however, prior to terminating this Agreement, the non-defaulting party shall provide the other party with written notice of the alleged breach or default, and the other party shall have ten (10) days thereafter to cure such breach or default.

## ARTICLE XII

## MISCELLANEOUS

**12.01   Further Assurances.** Each party shall, at the request of the other, at any time and from time to time following the Closing hereunder, execute and deliver to the requesting party all such further instruments as may be reasonably necessary or appropriate in order to more effectively assign, transfer and convey to Buyer the Purchased Assets, or to perfect or record Buyer's title to or interest in the Purchased Assets, or otherwise carry out the provisions of this Agreement.

**12.02   Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of California, without reference to conflict of law principles, and except as superseded by applicable federal laws.

1720348v9

9

181949v1/1028-024

EXECUTED VERSION

**12.03  Bankruptcy Court Jurisdiction.** The resolution of any and all disputes between the parties herein concerning the Purchased Assets or this Agreement, including any indemnification claims pursuant to Article X shall be subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California.

**12.04  Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, personal representatives, and permitted assigns.

**12.05  Arms Length Transaction.** The acquisition of the Purchased Assets as contemplated herein, and the relationship between Seller and Buyer, and their respective agents, is wholly "arms length."

**12.06  Time of Essence.** Time is of the essence of this Agreement and all of the terms, provisions, covenants and conditions hereof.

**12.07  Captions.** The captions appearing at the commencement of the sections hereof are descriptive only and for convenience in reference to this Agreement and in no way whatsoever define, limit or describe the scope or intent of this Agreement, nor in any way affect this Agreement.

**12.08  Fees and Expenses.** The parties hereto shall each bear their own expenses, including but not limited to legal fees, incident to the negotiation and preparation of this Agreement and the consummation of the transactions contemplated hereby.

**12.09  Entire Agreement.** This Agreement constitutes the entire agreement between the parties pertaining to the subject matter hereof and supersedes all prior agreements, representations, and understandings of the parties. No additions to or modification of this Agreement shall be binding unless executed in writing by all the parties. Except as may be otherwise provided in this Agreement, no waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver, and no waiver shall be binding unless evidenced by an instrument in writing executed by the party making the waiver.

**12.10  Execution in Counterparts.** This Agreement may be executed by the parties in multiple counterparts, which taken together shall be deemed one original document.

**SELLER**

David L. Hahn, solely in his capacity as
Trustee for the Bankruptcy Estate of Osseous
Technologies of America, Inc.

**BUYER**

Michael Tuber, as agent for an entity to be formed

1720348v9                                        10

181949v1/1028-024

EXECUTED VERSION

**12.03    Bankruptcy Court Jurisdiction.** The resolution of any and all disputes between the parties herein concerning the Purchased Assets or this Agreement, including any indemnification claims pursuant to Article X shall be subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Central District of California.

**12.04    Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, personal representatives, and permitted assigns.

**12.05    Arms Length Transaction.** The acquisition of the Purchased Assets as contemplated herein, and the relationship between Seller and Buyer, and their respective agents, is wholly "arms length.""

**12.06    Time of Essence.** Time is of the essence of this Agreement and all of the terms, provisions, covenants and conditions hereof.

**12.07    Captions.** The captions appearing at the commencement of the sections hereof are descriptive only and for convenience in reference to this Agreement and in no way whatsoever define, limit or describe the scope or intent of this Agreement, nor in any way affect this Agreement.

**12.08    Fees and Expenses.** The parties hereto shall each bear their own expenses, including but not limited to legal fees, incident to the negotiation and preparation of this Agreement and the consummation of the transactions contemplated hereby.

**12.09    Entire Agreement.** This Agreement constitutes the entire agreement between the parties pertaining to the subject matter hereof and supersedes all prior agreements, representations, and understandings of the parties. No additions to or modification of this Agreement shall be binding unless executed in writing by all the parties. Except as may be otherwise provided in this Agreement, no waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver, and no waiver shall be binding unless evidenced by an instrument in writing executed by the party making the waiver.

**12.10    Execution in Counterparts.** This Agreement may be executed by the parties in multiple counterparts, which taken together shall be deemed one original document.

**SELLER**

_____
David L. Hahn, solely in his capacity as
Trustee for the Bankruptcy Estate of Osseous
Technologies of America, Inc.

**BUYER**

_____
Michael Tuber, as agent for an entity to be formed

1720348v9                                              10

181949v1/1028-024

EXECUTED VERSION

## Schedule 1.01(a)

### Machinery, Equipment, Fixed Assets

1) Shipping materials, i.e, boxes, bubble wrap, etc., in the Estate's possession;
2) The Estate's interest, if any, in the molds described in Section 1.01(g);
3) Scales for weighing shipments;
4) The Estate interest, if any, in the desks, chairs, filing cabinets, and inventory racks located at 4500 Campus Drive, Suite 662, Newport Beach, CA;
5) Copy of the Inventory Control Book for the past year located in the "inventory room" located at 4500 Campus Drive, Suite 662, Newport Beach, CA.

EXHIBIT 1, PAGE 28

EXHIBIT 3
Page 188

EXECUTED VERSION

## Schedule 1.01(b)

### Personal Property

1) Customer list and purchase reports, vendor list, and history of purchases made within the past 12 months within the Trustee's possession; and
2) All drawings files in the Trustee's possession related to the inventory being purchased.
3) All of OTA's computers and printers.

EXHIBIT 1, PAGE 28

EXHIBIT 3
Page 108

**Schedule 1.03**

**Excluded Assets**

1. U.S. Patent No. 8,353,967
2. U.S. Patent Application 13/148261
3. U.S. Patent Application 13/262889
4. Any and all known or unknown patents or pending patent applications held by OTA or otherwise assigned to OTA;
5. Any intellectual property, owned by OTA and/or assigned to OTA.
6. Any and all experimental or clinical data, results or information contained in or related to the Food and Drug Administration 510(k) submission(s) or approval(s) related to the sale and/or distribution of the collagen products; and
7. All inventory that involves collagen related products, included but not limited to the following inventory:
   a. Any and all inventory previously and/or currently manufactured by United Biomedical Technologies Inc., that is subject to any distribution agreement(s) with Zimmer Dental;

**Schedule 2.7**

**Allocation**

1.  Inventory - $226,401.61
2.  Personal Property - $2,000.00
3.  Goodwill - $11,598.39

EXHIBIT 1, PAGE 38
EXHIBIT 3
Page 191

EXHIBIT  2
EXHIBIT 3
Page 192

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  **MARSHACK HAYS LLP**
   870 Roosevelt Avenue
4  Irvine, CA 92620
   Telephone:  (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   DAVID L. HAHN
7

FILED & ENTERED

NOV 07 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte     DEPUTY CLERK

8           UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11  In re                                    Case No.  8:13-bk-14500-SC

12  OSSEOUS TECHNOLOGIES OF                  Chapter  7
    AMERICA, INC.,
13                                           **ORDER GRANTING MOTION FOR ORDER
                                             TO OPERATE BUSINESS**
14          Debtor.
                                             [Unopposed Motion – No Service of Proposed
15                                           Order or Lodgment Period Required Pursuant to
                                             LBR 9021-1(b)(4)]
16

17

18          The Court having read and considered the Chapter 7 Trustee's Motion for Order to

19  Operate the Business of Debtor and Declarations of  David L. Hahn and Lori J. Ensley in

20  Support (the "Motion") filed as Docket No. 136 and it appearing from the Declaration of Non-

21  Opposition filed by Richard A. Marshack as Docket No. 155 that proper notice has been given

22  and good cause has been shown, the Court hereby makes its Order as follows:

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **IT IS HEREBY ORDERED** that the Motion is granted.

2    **IT IS FURTHER ORDERED**:

3        1.    The Trustee is authorized, but not required, to continue the operations of

4    Business for a period of nine (9) months or until such time as the Trustee is able to secure an

5    offer to purchase the Business and close the sale;

6        2.    In the event that the Trustee is unable to secure an offer to purchase the

7    Business by the end of the nine (9) month period, the Trustee may in his discretion move this

8    Court for an order extending the operation period;

9        3.    The Trustee is authorized to collect payment for products sold and pay

10   regular monthly expenses consistent with the Proposed Budget attached as Exhibit "1" to the

11   Motion;

12       4.    The Trustee is authorized to terminate operation at his sole discretion; and

13       5.    The Trustee is authorized to maintain the U.S. Bank account for continued

14   use.

15                                      # # #

16

17

18

19

20

21

22

23

24
Date: November 7, 2013

25                                      Scott C. Clarkson
                                        United States Bankruptcy Judge

26

27

28

EXHIBIT 2, PAGE 38
EXHIBIT 3
Page 194

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING TRUSTEE'S MOTION TO OPERATE BUSINESS** was entered on the date indicated as A Entered@ on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **November 7, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Addison K Adams     aadams@richardsonpatel.com
- M Douglas Flahaut     flahaut.douglas@arentfox.com
- Jeffrey S Goodfried     jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)     trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- David E Libman     thansen@enterprisecounsel.com
- Richard     A     Marshack     rmarshack@marshackhays.com, lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- Thomas J Polis     tom@polis-law.com
- Leonard M Shulman     lshulman@shbllp.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**DEBTOR**
Osseous Technologies of America Inc
4695 MacArthur Ct Ste 1430
Newport Beach, Ca 92660-1869

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an A Entered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an A Entered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT  3

EXHIBIT 3
Page 196

1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   DAVID A. WOOD, #272406
    dwood@marshackhays.com
3   **MARSHACK HAYS LLP**
    870 Roosevelt Avenue
4   Irvine, CA 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Attorneys for Chapter 7 Trustee,
    DAVID L. HAHN
7

8

9                    **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

11

12   **In re**                              Case No.  8:13-bk-14500-SC

13   **OSSEOUS TECHNOLOGIES OF**            Chapter  7
     **AMERICA, INC.,**
14                                          **ORDER GRANTING APPLICATION BY**
                                            **CHAPTER 7 TRUSTEE TO EMPLOY LORI**
15            **Debtor.**                   **J. ENSLEY AS FIELD AGENT AND**
                                            **APPROVAL OF INTERIM PAYMENT**
16                                          **PROCEDURE**

17                                          **[Unopposed Motion – No Service of Proposed**
                                            **Order or Lodgment Period Required Pursuant**
18                                          **to LBR 9021-1(b)(4)]**

19

20

21        The Court having read and considered the Chapter 7 Trustee's Application to Employ

22   Lori J. Ensley ("Agent") as the Trustee's Field Agent in this case pursuant to 11 U.S.C. §327,

23   effective October 13, 2013 (the "Application") filed as Docket No. 143 and it appearing from the

24   Declaration of Non-Opposition filed by Richard A. Marshack as Docket No. 166 that proper

25   notice has been given and good cause has been shown, the Court hereby makes its Order as

26   follows:

27   / / /

28   / / /

FILED & ENTERED

NOV 15 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte    DEPUTY CLERK

CHANGES MADE BY COURT

152334v1/1028-024                           1

1      **IT IS HEREBY ORDERED** that the Chapter 7 Trustee's Application to employ LORI

2 J. ENSLEY as the Trustee's Field Agent pursuant to 11 U.S.C. Section 327 <u>with compensation</u>

3 <u>under 11 U.S.C. § 330</u> is hereby granted.

4      **IT IS FURTHER ORDERED** that Trustee is authorized to pay 100% of Agent's out-of-

5 pocket costs and 80% of Agent's fees in an amount not to exceed $10,400, on a monthly basis.

6                                   # # #

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Date: November 15, 2013

25                                     Scott C. Clarkson
                                    United States Bankruptcy Judge

26

27

28

152334v1/1028-024

EXHIBIT 3, PAGE 36
EXHIBIT 3
Page 198

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY FIELD AGENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of  **November 15, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Addison K Adams    aadams@richardsonpatel.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Jeffrey S Goodfried    jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)    trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- David E Libman    thansen@enterprisecounsel.com
- Richard    A    Marshack    rmarshack@marshackhays.com, lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- Thomas J Polis    tom@polis-law.com
- Leonard M Shulman    lshulman@shbllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**DEBTOR**
Osseous Technologies of America Inc
4695 MacArthur Ct Ste 1430
Newport Beach, Ca 92660-1869

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9021-1.1.NOTICE.ENTERED.ORDER**

# David L. Hahn
**CHAPTER 7 TRUSTEE**
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, California  92688
Telephone 949/888-1014

April xx, 2014

## LETTER OF INTENT

This letter of intent by and between (a) David L. Hahn the Chapter, 7 Trustee (the "Trustee") for the Bankruptcy Estate of Osseous Technologies of America ("OTA") (Case No. 8:13-bk-14500-SC), and (b) Mr. William K. Knox ("Knox") to effect the purchase and/or license of the furniture, fixtures, equipment, customer lists, inventory, supplies and intellectual property owned by OTA (all other assets remaining a part of the bankruptcy estate). This letter is not a binding agreement. The parties have discussed pursuing one of two options:

### Option A:

(1) Knox shall pay an initial payment of $1 million in cash to the OTA Estate within ten (10) days of the execution of an asset purchase agreement ("APA") for purchase of OTA furniture, fixtures, equipment, supplies, inventory and customer lists and the license of OTA intellectual property as described below.

(2) Knox shall further provide $1 million in cash to be paid into a new corporate entity ("NewCo") for capitalization for the development, marketing, and sale of Products in the field of collagen-containing biomaterials or products for medical, dental, or treatment purposes, including but not limited to tissue regeneration, bone grafts, and biomedical implants. Such deposit shall be made within ten (10) days of the execution of an APA and said deposit may only be disbursed for the purpose set forth above. Disbursements to be made by an agreed upon agent and no funds shall be paid directly or indirectly to William K. Knox or any entity he directly or indirectly owns.

(3) Trustee, on behalf of OTA, shall grant to NewCo an exclusive license, without the right to sublicense unless consented to in advance by Trustee, under OTA intellectual property to make, use and sell products in the field of collagen-containing biomaterials or products for medical, dental, or treatment purposes, including but not limited to tissue regeneration, bone grafts, and biomedical implants. This license grant to NewCo shall be subject to any rights relating to OTA intellectual property that may be held or may be exercised by Zimmer Dental Inc.

Page **1** of **4**

(4) NewCo will issue a nine (9) million dollar promissory note (the "Note") said Note shall payable to the Trustee by June 1, 2019.

(5) The Note will be secured by all of NewCo's assets, including but not limited to any and all intellectual property owned by NewCo.

(6) Upon timely payment of the Note (including full payment on or before June 1, 2019), including the cumulative total of all royalty payments by NewCo to Trustee, Trustee on behalf of OTA shall assign all OTA intellectual property to NewCo.

(7) In the event that the Note is not timely paid in full on or before June1, 2019, the exclusive license granted herein to NewCo shall terminate.

(8) NewCo will pay fifteen percent (15%) royalty on all revenue received by NewCo from the sales of products.

    a.   In the event any product sold by NewCo shall be sold for resale either (a) to a corporation, firm, or association that, or individual who, owns a controlling interest by stock ownership or otherwise in NewCo, or (b) to a corporation, firm, or association in which NewCo or its stockholders own a controlling interest by stock ownership or otherwise, the royalties to be paid in respect to such products shall be computed on the gross selling price at which the purchaser for resale resells products rather than on the gross selling price of such products by NewCo;

    b.  NewCo shall pay to the Trustee for sales of any Covered Products (defined below) by NewCo or any NewCo Affiliate, an earned royalty of fifteen percent (15%) of Gross Sales of all Covered Products, wherein;

        i.  "Affiliate" means any Person (a) in which NewCo, Debtor, Mr. William Knox and/or any of his relatives and/or friends, cumulatively owns or controls, directly or indirectly, at least fifty percent (50%) of the outstanding stock or other voting rights entitled to elect directors. In any country where the local law does not permit foreign equity participation of at least fifty percent (50%), then "Affiliate" means any Person of which NewCo or Debtor owns or controls, or by which NewCo or Debtor is owned or controlled by, directly or indirectly, the maximum percentage of outstanding stock or voting rights that is permitted by local law;

        ii.  "Covered Products" means any product in the field of collagen-containing biomaterials or products for medical, dental, or treatment

Page <strong>2</strong> of <strong>4</strong>

purposes, including but not limited to tissue regeneration, bone grafts, and biomedical implants, whether or not produced by, used in or covered by Licensed Technology, or any product, service, article, composition, apparatus, kit, substance, chemical, or component part thereof or any other material which is produced by, used in or covered by Licensed Technology; and

iii. "Licensed Technology" means all of OTA's or Mr. Knox's Intellectual Property rights and Know How in the field of collagen-containing biomaterials or products for medical or treatment purposes, including but not limited to tissue regeneration, bone grafts and biomedical implants.

(9) In the event that Trustee consents in writing to a sublicense of Licensed Technology by NewCo to any third party, then NewCo shall pay to the Trustee an earned royalty of fifty percent (50%) of royalties or any other payments received by NewCo or any NewCo Affiliate from such sublicense, wherein Affiliate and Licensed Technology have the same meaning as above.

(10)   Absent the consent of the Trustee or his assignee, NewCo and Knox shall not transfer and/or license any patent and/or intellectual property to any individual and/or entity;

(11)   Absent consent from the Trustee, NewCo shall not enter into any distribution agreement with any individual and/or entity.

(12)   NewCo will make quarterly written reports to the Trustee stating in each such report the number, description, and aggregate gross and net selling prices of all products that were sold during the preceding three (3) calendar months on which royalty is payable. Said report shall show all receipts and funds obtained by NewCo and all disbursements of NewCo.

(13)   NewCo shall use Reasonable Diligence to develop and obtain Regulatory Approval and sell Covered Products. On or before June 15, 2014, NewCo shall prepare and submit to Trustee a detailed plan for development and sales of products, setting forth a description of the efforts NewCo intends to make in connection with its Reasonable Diligence obligations and shall provide Trustee with a reasonable opportunity to review and comment on the Development Plan. In the event NewCo fails to undertake Reasonable Diligence in developing and/or obtaining Regulatory Approval or sales of Products, such failure shall be considered a material default of

Page **3** of **4**

the exclusive license grant to NewCo for which Trustee shall be entitled to terminate the exclusive license grant to NewCo, PROVIDED THAT NewCo does not cure such failure within thirty (30) days of written notice from Trustee specifying its belief that such failure has occurred and the reasons therefor.

**<u>Option B:</u>**

(1)  Knox shall pay $4 million in cash to the OTA Estate within ten (10) days of the execution of a purchase agreement for the purchase of OTA furniture, fixtures, equipment, customer lists, inventory, supplies and intellectual property.

(2) After receipt of the $4 million in cash, Trustee, on behalf of OTA, shall assign all of OTA's interest in intellectual property to NewCo.

(3) It is understood that the purchase by NewCo of OTA intellectual property shall be subject to any rights relating to OTA intellectual property that may be held or may be exercised by Zimmer Dental Co.

At this time, the Trustee is interested in the offer from Mr. Knox based on the terms described above. However, nothing in this letter is binding and merely reflects that the Trustee will continue to negotiate with Mr. Knox and/or his representatives to consummate a deal substantially similar to the terms described above.  Nothing in this letter precludes the Trustee from contacting, negotiating and/or consummating an agreement with other third parties for the purchase or license of any or all of OTA's assets. In fact, the parties acknowledge the Trustee is currently seeking a buyer and has the right to continue seeking a buyer for any assets referred to herein. Again, nothing in this letter is binding, and merely reflects the Trustee's interest in negotiating such a deal for the benefit OTA's creditors.

To be signed upon Court approval

Page <b>4</b> of <b>4</b>

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ASSETS OF THE ESTATE (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) SUBJECT TO OVERBID; AND (C) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. DECTION 363(M); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID L. HAHN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 22, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- INTERESTED PARTY: Addison K Adams    aadams@richardsonpatel.com
- ATTORNEY FOR ZIMMER DENTAL, INCL: Jesse S Finlayson jfinlayson@fwtrl.com, wmills@fwtrl.com
- ATTORNEY FOR CREDITOR DR. WILLIAM COSTIGAN: M Douglas Flahaut flahaut.douglas@arentfox.com
- ATTORNEY FOR DR. RONALD CARDOSO: Jeffrey S Goodfried    jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)    trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- ATTORNEY FOR PETITIONING CREDITOR ENTERPRISE COUNSEL GROUP ALC: David E Libman thansen@enterprisecounsel.com
- ATTORNEY FOR ZIMMER DENTAL, INCL: Calvin L Litsey calvin.litsey@faegrebd.com, stephanie.jefferson@faegrebd.com
- ATTORNEY FOR TRUSTEE: Judith E Marshack jmarshack@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEY FOR TRUSTEE: Richard A Marshack rmarshack@marshackhays.com, lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- ATTORNEY FOR PETITIONING CREDITOR PATRICK CURRAN: Thomas J Polis    tom@polis-law.com
- ATTORNEY FOR INTERESTED PARTY: James R Selth    jim@wsrlaw.net, jselth@yahoo.com;megan@wsrlaw.net
- ATTORNEY FOR DEBTOR: Leonard M Shulman    lshulman@shbllp.com
- INTERESTED PARTY: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- ATTORNEY FOR TRUSTEE: David Wood dwood@marshackhays.com, ecfmarshackhays@gmail.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 22, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson – via personal delivery
411 West Fourth St., Suite 5-097
Santa Ana, CA 92701-4593

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 22, 2014 | Layla Bergini | /s/ Layla Bergini |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 3
Page 204

**3. SERVED BY OVERNIGHT MAIL**: CONTINUED:

**NEW ADDRESS**
**DEBTOR**
OSSEOUS TECHNOLOGIES OF
AMERICA INC
4500 CAMPUS DR
SUITE 662
NEWPORT BEACH, CA 92660-8828

**SEE NEW ADDRESS**
**DEBTOR**
OSSEOUS TECHNOLOGIES OF
AMERICA INC
~~4695 MACARTHUR CT STE 1430~~
~~NEWPORT BEACH, CA 92660-1869~~

**PETITIONING CREDITOR / POC**
**ADDRESS**
ENTERPRISE COUNSEL GROUP
ALC
PATRICK D. FLANNERY / JAMES
S. AZADIAN
THREE PARK PLAZA STE.1400
IRVINE CA 92614-8557

**INTERESTED PARTY**
WILLIAM K. KNOX
7 JUPITER HILLS DRIVE
NEWPORT BEACH, CA 92660-9205

**PETITIONING CREDITOR / POC**
**ADDRESS**
PATRICK CURRAN
2999 LAGUNA CANYON RD
LAGUNA BEACH, CA 92651-1148

**RTD 1/3/14 UTF**
**CREDITOR**
ACADEMY OF
OSSEOINTEGRATION
~~850 W. ALGOQUIN ROAD, SUITE~~
~~500~~
~~ARLINGTON HEIGHTS, IL 60005-~~
~~4418~~

**SEE POC ADDRES**
**CREDITOR**
ALGOSS BIOTECHNOLOGIES
~~SCHUMANNGASSE15~~
~~VIENNA, AUSTRIA 1180~~

**CREDITOR / POC ADDRESS**
ALGOSS BIOTECHNOLOGIES
GMBH
C/O BRIAN P. HALL
1230 PEACHTREE ST. NE, STE 300
ATLANTA, GA 30309

**CREDITOR**
BERNARD G. BOYLE, CPA INC.
3111 N. TUSTIN STREET, STE 230
ORANGE, CA 92865-1753

**CREDITOR / POC ADDRESS**
CAROL WHITE
21521 HUMMINGBIRD STRET
TRABUCO CANYON, CA 92679-3490

**CREDITOR / POC ADDRESS**
CORDELE & ASSOCIATES
9114 ADAMS AVENUE, #331
HUNTINGTON BEACH, CA 92646-
3405

**SEE POC ADDRES**
**CREDITOR**
CROWELL MORING
~~PO BOX 75509~~
~~BALTIMORE, MD 21275-5509~~

**CREDITOR / POC ADDRESS**
CROWELL MORING LLP
C/O MATTHEW W. CHENEY
1001 PENNSYLVANIA AVE NW
WASHINGTON, DC 20004

**CREDITOR / POC ADDRESS**
DEKRA CERTIFICATION, INC.
4377 COUNTY LINE RD
CHALFORT, PA 18914

**SEE POC ADDRES**
**CREDITOR**
DEKRA
~~3889 PAYSPHERE CIRCLE~~
~~CHICAGO, IL 60674-0038~~

**CREDITOR**
DELAWARE REGISTRY LTD
3511 SILVERSIDE ROAD, #105
WILLMINGTON, DE 19810-4902

**CREDITOR**
DENMAT
PO BOX 1729
LOMPOC, CA 93438-1729

**RTD 12/26/13 UTF**
**CREDITOR / SCHEDULE D**
DISCOVERY ORTHO PARTNERS
LLC
~~525 B. STREET, SUITE 760~~
~~SAN DIEGO, CA 92101-4477~~

**CREDITOR**
DR. CHRIS TRAVIS
25200 LA PAZ ROAD, SUITE 218
LAGUNA HILLS, CA 92653-5134

**CREDITOR / POC ADDRESS**
DR. JAY P. MALMQUIST
C/O ERICK J. HAYNIE
1120 NW COUCH STREET, 10TH
FLOOR
PORTLAND, OR 97209-4128

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF SERVICE**

EXHIBIT 3
Page 205

**CREDITOR / POC ADDRESS**
DR. LOUIS KWONG
436 NORTH BEDFORD DRIVE,
SUITE 218
BEVERLY HILLS, CA 90210-4312

**CREDITOR / POC ADDRESS**
RICHARD A. KRAUT AND
REBECCA CLARKE-KRAUT
C/O JAMES R. SELTH
11766 WILSHIRE BLVD., STE 1170
LOS ANGELES, CA 90025

**CREDITOR**
EMPLOYMENT DEVELOPMENT
DEPARTMENT
BANKRUPTCY GROUP MIC 92E,
PO BOX 826880
SACRAMENTO, CALIFORNIA
94280-0001

**CREDITOR / POC ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO, CALIFORNIA
95812-2952

**CREDITOR**
IMPLANTTOOLS
RUA AISA 173
SAO PAULO, SP, BRAZIL 05413-001

**CREDITOR**
K. NEWTON
1236 BEDFORD DRIVE
CAMARILLO, CA 93010-3236

**CREDITOR**
MEDICAL DEVICE TAX
DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI, OH 45999-0009

**CREDITOR / POC ADDRESS**
MICHAEL S. ONSTAD
C/O ROBERT S. MARTICELLO
WEILAND GOLDEN LLP
650 TOWN CENTER DR., SUITE
950
COSTA MESA, CA 92626

**CREDITOR**
DR. PETER RUSSO
18800 MAIN STREET, SUITE 201
HUNTINGTON BEACH, CA 92648-1718

**CREDITOR**
DR. SCHREDRICK JONES
2336 SANTA MONICA BLVD.
SANTA MONICA, CA 90404-2095

**CREDITOR**
FEDERAL EXPRESS
PO BOX 7221
PASADENA, CA 91109-7321

**CREDITOR**
GEISTLICH
202 CARNEGIE CENTER
PRINCETON, NJ 08540-6239

**CREDITOR**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PENNSYLVANIA
19101-7346

**CREDITOR / POC ADDRESS**
KEN CORDELE
9114 ADAMS AVENUE, #331
HUNTINGTON BEACH, CA 92646-3405

**CREDITOR**
MICHAEL FOLEY
1228 WEST AVENUE
MIAMI BEACH, FL 33139-4381

**CREDITOR**
OSTEOHEALTH
ONE LUITPOLD DR.
PO BOX 9001
SHIRLEY, NY 11967-9001

**SEE POC ADDRESS**
**CREDITOR**
DR. RICHARD KRAUT
~~1 SUNDALE PLACE~~
~~SCARSDALE, NY 10583-1234~~

**RTD 1/6/14 UTF**
**CREDITOR**
DRILLSTOPS.COM
~~2103 EAST WASHINGTON STREET~~
~~BLOOMINGTON, IL 61701-4310~~

**ADDRESS FROM WEBSITE**
**CREDITOR**
FOOD & DRUG ADMINISTRATION
10903 NEW HAMPSHIRE AVENUE
SILVER SPRING, MD 20993

**CREDITOR**
HENRY SCHEIN UK HOLDINGS LTD
CENTURION CLOSE, GILLINGHAM
BUSINESS PAR
GILLINGHAM, KENT ME8 05B UK

**CREDITOR**
JAMES JUNGWIRTH
12 TAWNY PORT
CANA POINT, CA 92629-3236

**CREDITOR**
MCT (MR. CURETTE TECH)
B105 B107 SK N TECHNO PARK
CECH CENTER
SANGDAEWON-DONG, JUNGWAN-GU
SEONGNAN, KR-41, SOUTH KOREA
462-120

**SEE POC ADDRESS**
**CREDITOR**
MICHAEL S. ONSTAD
~~1625 N. WOOD AVENUE~~
~~COLORADO SPRINGS, CO 80907-7352~~

**CREDITOR**
PAX MED
12264 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-3063

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 3

SEE POC ADDRESS
**CREDITOR**
PLASTIC INGENUITY
~~PO BOX 130~~
~~CROSS PAINS, WI 53528-0130~~

CREDITOR / POC ADDRESS
**CREDITOR**
PLASTIC INGENUITY
1017 PARK STREET
CROSS PAINS, WI 53528

**CREDITOR**
RIVERPOINT MEDICAL/MEDLED
825 NE 25TH AVENUE
PORTLAND, OR 97232-2304

**CREDITOR**
SECURITIES EXCHANGE
COMMISSION
5670 WILSHIRE BLVD, 11TH FL
LOS ANGELES, CA 90036

**CREDITOR**
SONDERS PLAZA
4540 CAMPUS DRIVE, SUITE 100
NEWPORT BEACH, CA 92660-1815

**CREDITOR**
STATE BOARD OF EQUALIZATION
16715 VON KARMAN AVENUE,
SUITE 200
IRVINE, CALIFORNIA 92606-2414

**CREDITOR**
STERIGENICS
37244 EAGLE WAY
CHICAGO, IL  60678-1372

SEE POC ADDRESS
**CREDITOR**
STEVE ONSTAD
~~PO BOX 29744~~
~~SANTA FE, NM 87592-9744~~

**CREDITOR / POC ADDRESS**
STEPHEN ONSTAD
C/O ROBERT S. MARTICELLO
WEILAND GOLDEN LLP
650 TOWN CENTER DR., SUITE 950
COSTA MESA, CA 92626

**CREDITOR / POC ADDRESS**
STEPHEN M. MARSH
C/O ROBERT S. MARTICELLO
WEILAND GOLDEN LLP
650 TOWN CENTER DR., SUITE
950
COSTA MESA, CA 92626

**CREDITOR**
UNICARE BIOMEDICAL
23011 MOULTON PKWY SUITE J-11
LAGUNA HILLS, CA 92653-1260

SEE POC ADDRESS
**CREDITOR**
UNITED BIOMEDICAL
TECHNOLOGY INC.
~~416 W. CHESTNUT AVENUE, STE A~~
~~MONROVIA, CA 91016-3275~~

**CREDITOR / POC ADDRESS**
UNITED BIOMEDICAL
TECHNOLOGY INC.
C/O MARVIN L. HOLEN
611 WILSHIRE BLVD., SUITE 1100
LOS ANGELES, CA 90017

RTD 1/10/14 UTF; SEE POC ADDR
**CREDITOR**
WILLIAM COSTIGAN
~~918 VIA LINDE~~
~~PASADENA, CA 91103~~

**CREDITOR**
WINTHROP COUCHOT
PROFESSIONAL CORP.
660 NEWPORT CENTER DRIVE
FOURTH FLOOR
NEWPORT BEACH, CA 92660-6427

**CREDITOR**
XPSQUARED
40 CENTRAL PARK SOUTH
NEW YORK, NY 10019-1633

**CREDITOR**
ZIMMER DENTAL, INC.
1900 ASTON AVENUE
CARLSBAD, CA 92008-7308

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF SERVICE**

EXHIBIT 3
Page 207

EXHIBIT 4

1 | RICHARD A. MARSHACK, # 107291
rmarshack@marshackhays.com
2 | DAVID A. WOOD, #272406
dwood@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt Avenue
4 | Irvine, CA 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
DAVID L. HAHN

7

FILED & ENTERED

AUG 18 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte     DEPUTY CLERK

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10 | In re

11 | OSSEOUS TECHNOLOGIES OF AMERICA, INC.,

12

13 | Debtor.

14

15

16

17

Case No.  8:13-bk-14500-SC

Chapter  7

ORDER GRANTING APPLICATION BY
CHAPTER 7 TRUSTEE TO EMPLOY
COLUMBIA CAPITAL ADVISORS INC.,
AS INTELLECTUAL PROPERTY
BROKER

Hearing:
Date:  July 31, 2014
Time:  10:00 a.m.
Ctrm:  5C

18 |     The Chapter 7 Trustee's Application to Employ Columbia Capital Advisors, Inc., as the

19 | Trustee's intellectual property broker (the "Application") filed as Docket No. 288 by David L. Hahn,

20 | the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Osseous Technologies of

21 | America, Inc. ("Debtor"), came on for hearing on the above date and time at the above place before

22 | the Honorable Scott C. Clarkson.  David A. Wood of Marshack Hays LLP appeared on behalf of the

23 | Trustee, other appearances were noted on the record.

24 |     The Court considered the papers and pleadings filed in support of the Application including

25 | the Declarations of Richard A. Marshack, Roger Zickfeld and David L. Hahn, the Limited

26 | Opposition filed by Dr. William Costigan, the Joinder filed by Dr. Michael Onstad, the Reply filed

27 | by David L. Hahn as Docket No. 302 (the "Reply"), and representations made on the record at the

28 | hearing.

1

EXHIBIT 4
Page 208

205041v1/1028-024

It appears due and proper notice of the Motion was given to the Debtor, the United States Trustee, all claimants, creditors and all parties in interest, and it appearing good cause exists, the Court makes its Order as follows:

**IT IS HEREBY ORDERED** that the Chapter 7 Trustee's Application to employ COLUMBIA CAPITAL ADVISORS, INC. ("Columbia"), as modified herein and in the Reply, is hereby granted pursuant to 11 U.S.C. Section 327. Any compensation and/or reimbursement of any expenses of Columbia, including, without limitation, the payment of the amounts set forth below, shall be subject to approval by the Court pursuant to 11 U.S.C. Sections 330 or 331 and are not approved pursuant to 11 U.S.C. Section 328 as originally set forth in the Application.

**IT IS FURTHER ORDERED** that:

1.     The Trustee is authorized to execute a revised engagement letter in which the terms will be substantially similar to those in the Engagement Agreement attached to the Application as Exhibit "3" (the "Engagement Agreement"), but revised as set forth below.

2.     The Trustee is authorized to pay the one-time cash retainer of $50,000 (the "Retainer").

3.     Upon the closing of a Sale or Strategic Transaction[1] during the term of Columbia's engagement, and subject to further order of the Court, Columbia will receive a success fee equal to ten percent (10%) for of the first $15 million of Aggregate Consideration received in the Transaction, seven and a half percent (7.5%) of the second $15 million of Aggregate Consideration received in the Transaction (*i.e.*, on Aggregate Consideration of above $15 million and up to $30 million), and five percent (5%) of the remaining balance of Aggregate Consideration received in the Transaction (*i.e.*, on Aggregate Consideration above $30 million) (the "Success Fee"). The Success Fee is subject to a minimum fee of the lesser of (a) $100,000; or (b) 30% of the Aggregate Consideration, as set forth in the Application.  Nothing herein shall be read or interpreted to increase the amount of the success fee to be paid in connection with a Transaction involving Mr. William K.

---

[1]     Capitalized terms not otherwise defined herein shall the meanings ascribed to them in the Engagement Agreement.

2

1  Knox or an entity Mr. William K. Knox is directly or indirectly involved with, as set forth in the

2  Engagement Agreement, or to alter the due date of any Success Fee on Additional Consideration.

3          4.          The Retainer will be applied to the Success Fee if the Aggregate Consideration of a

4  Sale or Strategic Transaction equals or exceeds $7 million.

5                                                                                          # # #

Date: August 18, 2014

Scott C. Clarkson
United States Bankruptcy Judge

3

EXHIBIT 4
Page 210

205041v1/1028-024

EXHIBIT 5

# Osseous Technology

## *Executive Summary*

### General Information

- Bone graft material containment technology.
- Commercialized by Zimmer Dental, and applicable to other orthopedic surgical uses.
- The intellectual property surrounding this technology is available for sale.
- The manufacturing capability is available for partnering.
- The technology is currently controlled by the court trustee.
- Seeking strategic partner to acquire the technology and to complete the development of spine, other orthopedic and new dental product offerings.

### Key Points

- **Rigid** collagen products, derived from bovine tendon and pericardium, pre-shaped to contain bone augmentation material applied during surgery to improve outcomes, limit inflammation, and reduce immune response.
- Already used in dental surgery. 510(k) cleared.
- Potential applications in spine, non-union bone fractures, and hip arthroplasty revisions.
- Used in humans since 1999. Resorbs.
- Adaptable to many shapes and sizes.
- Proven efficacy in bone healing.
- Provides containment of graft material.
- Promotes site preservation.

## OVERVIEW

Osseous Technology is an encapsulation product line for bone augmentation material. Aspects of the technology have been commercialized by Zimmer Dental under a distribution agreement with the company behind the technology, Osseous Technologies of America ("OTA" or the "Company"). The Company is currently in Chapter 7 liquidation, despite having FDA cleared products which generated good margins. The technology may have applicability in several orthopedic areas, including spine, non-union bone fractures, hip revision surgery, and as well as in the dental space. The full development of the orthopedic applications has not been completed. Regulatory filings have been drafted for orthopedics, but have not been submitted in their final form.

The OTA dental products are used by oral surgeons to create bone structure for dental implants. Several products have been commercialized, including the "Capsule" and the "CurV". These products are rigid collagen vessels which retain their structure during the period that the bone graft material hardens and ossifies. Used together, the collagen vessels and the bone graft material create an osseous structure for single tooth implants as well as for jaw reconstruction for multiple implants. These collagen products are derived from processed bovine tendon. The technology lends itself to molding the collagen to an unlimited array of shapes and sizes.



**The Capsule: Pre-shaped collagen membrane**



**The CurV: Pre-shaped collagen membrane**

Spine, non-union bone fracture, and hip revision may be other significant applications of the technology, and are likely to be larger revenue opportunities than dental. The most significant use appears to be in spinal fusion. Prototypes of the spinal product, which are derived from bovine pericardium, are pictured below.




**Pericardium derived collagen capsule with dissolvable window**

# Osseous Technology

## *Executive Summary*

---

### *OTA Pericardium Collagen*

- Collagen fibers arranged in native tissue orientation.
- As strong as the native tissue wet or dry.
- More flexible and significantly more resistant to breakage when dry.
- Relatively non-porous, yet permeable.
- Resorbs as living regenerated tissue.
- Direct, unimpeded contact between bone graft, native bone, or host tissues.
- No glutaraldehydes used in processing.

The proposed use in spine surgery is for the surgeon to pack the encapsulation product with bone augmentation material and to place the dissolvable window of the product directly on the bone surface to create a biological interface.  The window dissolves within minutes, but the pericardium capsule will retain its shape and rigidity over the period of time the bone graft material hardens and regenerates bone.  It is believed that this encapsulation technology is an improvement over existing products and surgical practice, which are associated with migration and leakage of the material, and related complications, including inflammation and rejection.



**Rendering of spine product filled with bone graft material:
1) with dissolvable window showing; and 2) in situ.**

### Technology Description

The OTA technology is based on a manufacturing process differentiated from other approaches.  **The technology involves the processing of natural connective tissue from an animal donor, such that the collagen fibers when implanted in a human recipient do not cause immune response or inflammatory rejection, and that collagen retains its shape and rigidity.**  Collagenous connective tissue such as bovine pericardium or tendon is cleaned, stabilized and treated with chemical agents, some of which are described in the intellectual property and some which are proprietary.  The tissue is further processed and washed, cast into molds with the desired shapes and sizes, and then dried using freeze-drying as well as drying under different temperatures.

Alternative products in the marketplace have exhibited performance issues including limited graft delivery, osteoinduction deficiencies, supply issues, and inconsistent clinical performance including bone graft migration.  None of these products, particularly those in spine, appear to have similar characteristics to OTA's technology to contain bone augmentation material in situ.  It is possible that use of the OTA technology would lead to better outcomes and better healing of bone.

**Contact**
Roger Zickfeld
Managing Director
Columbia Capital Advisors
rzickfeld@cca-ccs.com
Telephone: 310-815-0375

---



# Osseous Technology

## *Executive Summary*

---

### *Acquisition Opportunity*

- Seeking strategic buyer for the collagen assets of the Company. The buyer is likely to have broad-reach distribution and the capability to further develop the technology.
- Open to multiple deal structures including milestones and royalties, in addition to up-front compensation.

### Market Opportunity

The market for bone augmentation material is in the single-digit billions of dollars. Improved means of deploying these materials, whereby migration is contained and better surgical outcomes are obtained, may lead to higher revenues for the manufacturers and marketers of these materials. The encapsulation devices themselves are also a source of revenue. Zimmer Dental sells the dental products in the $400 per use range.

### Regulatory Clearances and Future Pathways

The dental products are 510(k) cleared and are in the marketplace. A 510(k) for spine has been drafted and is available to the buyer. Limited pre-clinical trials associated with this 510(k) may need to be completed however. All regulatory clearances, submittals and draft submittals, plus available clinical and biocompatibility data, quality systems documentation, manufacturing information, and other pertinent records, as well as any samples and inventory are a part of this transaction.

Some applications of the technology may require a PMA.

### Intellectual Property

OTA's intellectual property portfolio consists of an issued patent and four patent applications for the technology. The issued patent is for use of a curved collagen membrane for augmenting bone (commercialized by Zimmer Dental). The patent applications are for the Capsule (also commercialized by Zimmer Dental) and the spine product. Key claims cover the processing, forming and use of the collagen material, as well as its application in the clinical setting.

### Manufacturing Capability

The manufacturing of the OTA products, including for the spine and other orthopedic applications, is performed by a third party company. This corporation is owned by the inventor of the technology, who is available for partnering and co-development.

### The Transaction

The court trustee is seeking to sell the intellectual property, regulatory clearances, samples and inventory, and all available documentation pertaining to the collagen product line. The ideal buyer will have the ability to develop the technology further and will have broad market access to effectively commercialize new products. Cash and milestone-based payments plus a sales revenue-based royalty is the anticipated structure.

### Contact
Roger Zickfeld
Managing Director
Columbia Capital Advisors
rzickfeld@cca-ccs.com
Telephone: 310-815-0375

---



# Osseous Technology

## *Executive Summary*

---

Disclaimer

This summary has been prepared using materials provided by the court trustee for Osseous Technologies of America, Inc. (the "Trustee"), a client of Columbia Capital Advisors, Inc. ("Columbia") for the exclusive use of the party to whom Columbia delivers this summary (together with its subsidiaries and affiliates, the "Recipient"). This summary contains proprietary, non-public information regarding the OTA collagen assets (the "Assets"). Columbia has not independently verified the information contained herein, nor does Columbia make any representation or warranty, either express or implied, as to the accuracy, completeness or reliability of the information contained in this summary, or any other information (whether communicated in written or oral form) transmitted to or made available to the Recipient. Any estimates or projections as to events that may occur in the future (including projections of revenue, expense, net income and stock performance) are based on information provided by the Trustee and other publicly available information as of the date of this summary. There is no guarantee that any of these estimates or projections will be achieved. Actual results will vary from the projections and such variations may be material. Nothing contained herein is, or shall be relied upon as, a promise or representation as to the past or future. Columbia expressly disclaims any and all liability relating to or resulting from the use of this summary.

This summary has been prepared solely for informational purposes and is not to be construed as a solicitation or an offer to buy or sell any securities or related financial instruments. The Recipient should not construe the contents of this summary as legal, tax, accounting or investment advice or a recommendation. The Recipient is urged to conduct an independent evaluation of the Assets and should consult its own counsel, tax and financial advisors as to legal and related matters concerning any transaction described herein. This summary does not purport to be all-inclusive or to contain all of the information that the Recipient may require. No investment, divestment or other financial decisions or actions should be based solely on the information in this summary. The Recipient should not rely on any information contained herein.

This summary has been prepared on a confidential basis solely for informational purposes and does not confer to Recipient any rights, licenses or ownership of the information contained herein. The Recipient agrees that the information contained herein and in all related and ancillary documents is not to be used for any other purpose, that such information is of a confidential nature and that Recipient will treat it in a confidential manner. Distribution of this summary to any person other than the Recipient and those persons retained to advise the Recipient who agree to maintain the confidentiality of this material and be bound by the limitations outlined herein, is unauthorized without the prior consent of Columbia. This material must not be copied, reproduced, distributed or passed to others at any time without the prior written consent of Columbia.

---

4

EXHIBIT 5
Page 214

EXHIBIT 6



**Search:**   Public Records : Uniform Commercial Code Filings
**Terms:**    company(Osseous Technologies of America)

| No. | Debtor | Filing | Secured Party |
|-----|--------|--------|---------------|
| 1 | **OSSEOUS TECHNOLOGIES OF AMERICA, INC.**<br><br>**4500 CAMPUS DR STE 662**<br><br>**NEWPORT BEACH, CA 92660-8828** | JUDGMENT LIEN<br><br>NUMBER: 127300874305<br><br>DATE: 02/03/2012<br><br>JURISDICTION: CA<br><br>TERMINATION<br>DATE: 09/24/2012<br>NUMBER: 1273306029 | DISCOVERY ORTHO PARTNERS, L.L.C.<br><br>525 B ST STE 760<br><br>SAN DIEGO, CA 92101-4477 |

Search:         Public Records: Uniform Commercial Code Filings
Terms:          company(Osseous Technologies of America)
Date/Time:      Tuesday, November 21, 2017 2:17 PM
Permissible Use:   **DPPA - I have no permissible use**
                **GLBA - I have no permissible use**

Copyright © 2017 LexisNexis, a division of Reed Elsevier Inc. All Rights Reserved.

**End of Document**

EXHIBIT 6
Page 215

EXHIBIT 7

# Central District of California
# Claims Register

### 8:13-bk-14500-SC Osseous Technologies of America Inc

**Judge:** Scott C Clarkson  **Chapter:** 7

**Office:** Santa Ana  **Last Date to file claims:** 03/07/2014

**Trustee:** Richard A Marshack (TR)  **Last Date to file (Govt):** 11/18/2013

| Creditor: (33997763)<br>Enterprise Counsel Group ALC<br>Patrick D. Flannery<br>Three Park Plaza Ste.1400<br>Irvine CA 92614-8557 | Claim No: 1<br>*Original Filed Date*: 06/11/2013<br>*Original Entered Date*: 06/12/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Otoniel Gonsales<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $182877.91 | | ||| |
|---|---|---|---|---|

*History:*

| Details | 1-1 | 06/11/2013 | Claim #1 filed by Enterprise Counsel Group ALC, Amount claimed: $182877.91 (Gonsales, Otoniel) |
|---|---|---|---|
| | 43 | 08/08/2013 | Notice of Motion and Motion for Order Disallowing Claim Number 1 by Claimant Enterprise Counsel Group, ALC; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) |

*Description:* (1-1) legal services performed

*Remarks:*

| Creditor: (34084959)<br>Ronald Cardoso<br>c/o Erick J. Haynie<br>PERKINS COIE LLP<br>1120 NW Couch Street<br>Portland, OR 97209-4128 | Claim No: 2<br>*Original Filed Date*: 07/01/2013<br>*Original Entered Date*: 07/01/2013<br>*Last Amendment Filed*: 03/07/2014<br>*Last Amendment Entered*: 03/07/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Jeffrey S Goodfried<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $571774.15 | | ||| |
|---|---|---|---|---|

*History:*

| Details | 2-1 | 07/01/2013 | Claim #2 filed by Ronald Cardoso, Amount claimed: $790000.00 (Goodfried, Jeffrey) |
|---|---|---|---|
| | 42 | 08/08/2013 | Notice of Motion and Motion for Order Disallowing Claim Number 2 by Claimant Ronald Cardoso; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) |
| Details | 2-2 | 08/29/2013 | Amended Claim #2 filed by Ronald Cardoso, Amount claimed: $584274.15 (Goodfried, Jeffrey) |
| Details | 2-3 | 03/07/2014 | Amended Claim #2 filed by Ronald Cardoso, Amount claimed: $571774.15 (Goodfried, Jeffrey) |

*Description:*

*Remarks:*

| Creditor:          (33909960)<br>Patrick Curran<br>2999 Laguna Canyon Rd<br>Laguna Beach, Ca 92651 | Claim No: 3<br>Original Filed Date: 07/10/2013<br>Original Entered Date: 07/10/2013<br>Last Amendment Filed: 07/11/2013<br>Last Amendment Entered: 07/11/2013 | Status:<br>Filed by: CR<br>Entered by: Thomas J Polis<br>Modified: |
|---|---|---|

| Amount | claimed: | $390000.00 | | ||| |

**History:**

| Details | 3-1 | 07/10/2013 | Claim #3 filed by Patrick Curran, Amount claimed: $390000.00 (Polis, Thomas) |
|---|---|---|---|
| Details | 3-2 | 07/11/2013 | Amended Claim #3 filed by Patrick Curran, Amount claimed: $390000.00 (Polis, Thomas) |
| | 41 | 08/08/2013 | Notice of Motion and Motion for Order Disallowing Claim Number 3 by Claimant Patrick Curran; Memorandum of Points and Authorities; Declaration of William K. Know in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) (Bernson, Alicia) |

**Description:**

**Remarks:**

| Creditor:          (34116913)<br>Jay P. Malmquist<br>c/o Erick J. Haynie<br>Perkins Coie LLP<br>1120 N.W. Couch St., 10th Fl.<br>Portland, OR 97209-4128 | Claim No: 4<br>Original Filed Date: 07/10/2013<br>Original Entered Date: 07/10/2013 | Status:<br>Filed by: CR<br>Entered by: Douglas R Pahl<br>Modified: |
|---|---|---|

| Amount | claimed: | $2285461.94 | | ||| |
| Secured | claimed: | $2285461.94 | | ||| |

**History:**

| Details | 4-1 | 07/10/2013 | Claim #4 filed by Jay P. Malmquist, Amount claimed: $2285461.94 (Pahl, Douglas) |
|---|---|---|---|
| | 40 | 08/08/2013 | Notice of Motion and Motion for Order Disallowing Claim Number 4 by Claimant Jay P. Malmquist; Memorandum of Points and Authorities; Declaration of William K. Knox in Support Thereof Filed by Debtor Osseous Technologies of America Inc. (Document filed across the counter without original signature) (Bernson, Alicia) |

**Description:**

**Remarks:**

| Creditor:          (34630087)    History<br>Plastic Ingenuity, Inc<br>1017 Park Street<br>Cross Pains, WI 53528 | Claim No: 5<br>Original Filed Date: 12/24/2013<br>Original Entered Date: 12/26/2013 | Status:<br>Filed by: CR<br>Entered by: Otoniel Gonsales<br>Modified: |
|---|---|---|

| Amount | claimed: | $2907.12 | | ||| |

**History:**

| Details | 5-1 | 12/24/2013 | Claim #5 filed by Plastic Ingenuity, Inc, Amount claimed: $2907.12 (Gonsales, Otoniel) |
|---|---|---|---|

**Description:** (5-1) goods sold

**Remarks:**

| *Creditor:* (34778971) FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | **Claim No: 6** *Original Filed Date*: 01/10/2014 *Original Entered Date*: 01/10/2014 | *Status:* *Filed by:* CR *Entered by:* Rebecca Estonilo *Modified:* |
|---|---|---|

| Amount | claimed: | $2981.35 | | ⦀ |
|---|---|---|---|---|
| Priority | claimed: | $2362.58 | | ⦀ |

*History:*

| Details | | 6-1 | 01/10/2014 | Claim #6 filed by FRANCHISE TAX BOARD, Amount claimed: $2981.35 (Estonilo, Rebecca) |
|---|---|---|---|---|

*Description:* (6-1) Claim Filed

*Remarks:*

---

| *Creditor:* (34630086) Pax Med 12264 El Camino Real, Suite 400 San Diego, CA 92130 | **Claim No: 7** *Original Filed Date*: 01/10/2014 *Original Entered Date*: 01/13/2014 | *Status:* *Filed by:* CR *Entered by:* Otoniel Gonsales *Modified:* |
|---|---|---|

| Amount | claimed: | $41000.73 | | ⦀ |
|---|---|---|---|---|

*History:*

| Details | | 7-1 | 01/10/2014 | Claim #7 filed by Pax Med, Amount claimed: $41000.73 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (7-1) consulting services performed

*Remarks:*

---

| *Creditor:* (34630079) Ken Cordele 9114 Adams Avenue, #331 Huntington Beach, CA 92646-3405 | **Claim No: 8** *Original Filed Date*: 01/21/2014 *Original Entered Date*: 01/22/2014 | *Status:* *Filed by:* CR *Entered by:* Otoniel Gonsales *Modified:* |
|---|---|---|

| Amount | claimed: | $170849.18 | | ⦀ |
|---|---|---|---|---|

*History:*

| Details | | 8-1 | 01/21/2014 | Claim #8 filed by Ken Cordele, Amount claimed: $170849.18 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (8-1) money loaned

*Remarks:*

---

| *Creditor:* (34630055) Cordele & Associates 9114 Adams Avenue, #331 | **Claim No: 9** *Original Filed Date*: 01/29/2014 *Original Entered Date*: 01/30/2014 | *Status:* *Filed by:* CR |
|---|---|---|

*History:*

| Details | | 9-1 | 01/29/2014 | Claim #9 filed by Cordele & Associates, Amount claimed: $1053.28 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (9-1) services performed

*Remarks:*

| Huntington Beach, CA 92646-3405 | | *Entered by:* Otoniel Gonsales<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $1053.28 | | | |
|---|---|---|---|---|---|

**History:**

| Details | | 9-1 | 01/29/2014 | Claim #9 filed by Cordele & Associates, Amount claimed: $1053.28 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (9-1) services performed

*Remarks:*

---

| *Creditor:*        (34923815)<br>Richard A Kraut & Rebecca Clarke-Kraut<br>c/o James R. Selth<br>11766 Wilshire Blvd. Ste.1170<br>Los Angeles, CA. 90025 | **Claim No: 10**<br>*Original Filed Date*: 02/25/2014<br>*Original Entered Date*: 02/26/2014<br>*Last Amendment Filed*: 11/24/2015<br>*Last Amendment Entered*: 11/24/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* James R Selth<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $1655000.00 | | | |
|---|---|---|---|---|---|
| Priority | claimed: | $500000.00 | | | |

**History:**

| Details | | 10-1 | 02/25/2014 | Claim #10 filed by Richard A Kraut & Rebecca Clarke-Kraut, Amount claimed: $1655000.00 (Gonsales, Otoniel) |
|---|---|---|---|---|
| Details | | 10-2 | 11/24/2015 | Amended Claim #10 filed by Richard A Kraut & Rebecca Clarke-Kraut, Amount claimed: $1655000.00 (Selth, James) |

*Description:* (10-1) Loans<br>(10-2) Loans

*Remarks:* (10-2) Priority claim under 11 U.S.C. § 507(a)(3).

---

| *Creditor:*        (34926198)<br>Dr. William Costigan<br>c/o M. Douglas Flahaut<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065 | **Claim No: 11**<br>*Original Filed Date*: 02/26/2014<br>*Original Entered Date*: 02/26/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* M Douglas Flahaut<br>*Modified:* |
|---|---|---|

| *No amounts claimed* |
|---|

**History:**

| Details | | 11-1 | 02/26/2014 | Claim #11 filed by Dr. William Costigan, Amount claimed: (Flahaut, M) |
|---|---|---|---|---|

*Description:* (11-1) See Attached Rider

*Remarks:*

---

| *Creditor:*        (34949654)<br>Dekra Certification, Inc. | **Claim No: 12**<br>*Original Filed Date*: 03/03/2014 | *Status:*<br>*Filed by:* CR |
|---|---|---|

**History:**

| Details | | 12-1 | 03/03/2014 | Claim #12 filed by Dekra Certification, Inc., Amount claimed: $46318.84 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (12-1) services performed

*Remarks:*

| | | |
|---|---|---|
| 4377 County Line Rd<br>Chalfort, PA. 18914 | *Original Entered Date*: 03/04/2014 | *Entered by*: Otoniel Gonsales<br>*Modified*: |

| Amount | claimed: | $46318.84 | | ‖ |
|---|---|---|---|---|

**History:**

| Details | | 12-1 | 03/03/2014 | Claim #12 filed by Dekra Certification, Inc., Amount claimed: $46318.84 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (12-1) services performed

*Remarks:*

---

| *Creditor:* (34949677)<br>Crowell & Moring LLP<br>c/o Matthew W. Cheney<br>1001 Pennsylvania Ave NW<br>Washington, DC. 20004 | **Claim No: 13**<br>*Original Filed Date*: 03/03/2014<br>*Original Entered Date*: 03/04/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Otoniel Gonsales<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $105096.14 | | ‖ |
|---|---|---|---|---|

**History:**

| Details | | 13-1 | 03/03/2014 | Claim #13 filed by Crowell & Moring LLP, Amount claimed: $105096.14 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (13-1) legal services

*Remarks:*

---

| *Creditor:* (34957081) History<br>Algoss Biotechnologies GmbH<br>c/o Brian P. Hall<br>1230 Peachtree St. N.E., Ste.3100<br>Atlanta, GA. 30309 | **Claim No: 14**<br>*Original Filed Date*: 03/05/2014<br>*Original Entered Date*: 03/06/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Otoniel Gonsales<br>*Modified:* 04/09/2014 |
|---|---|---|

| Amount | claimed: | $25836.54 | | ‖ |
|---|---|---|---|---|

**History:**

| Details | | 14-1 | 03/05/2014 | Claim #14 filed by Algoss Biotechnologies GmbH, Amount claimed: $25836.54 (Gonsales, Otoniel) |
|---|---|---|---|---|

*Description:* (14-1) goods sold

*Remarks:*

---

| *Creditor:* (34967364)<br>Stephen M. Marsh<br>c/o Robert S. Marticello, Esq.<br>Weiland, Golden<br>650 Town Center Dr., Suite 950<br>Costa Mesa, CA 92626 | **Claim No: 15**<br>*Original Filed Date*: 03/07/2014<br>*Original Entered Date*: 03/07/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Robert S Marticello<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $60000.00 | | ‖ |
|---|---|---|---|---|

**History:**

| Details | | 15-1 | 03/07/2014 | Claim #15 filed by Stephen M. Marsh, Amount claimed: $60000.00 (Marticello, Robert) |
|---|---|---|---|---|

*Description:* (15-1) See Attachment To Claim

*Remarks:*

**History:**

| Details | 15-1 | 03/07/2014 | Claim #15 filed by Stephen M. Marsh, Amount claimed: $60000.00 (Marticello, Robert) |
|---------|------|------------|---|

*Description:* (15-1) See Attachment To Claim

*Remarks:*

---

| Creditor: (34967412)<br>Stephen Onstad<br>c/o Robert S. Marticello, Esq.<br>Weiland, Golden<br>650 Town Center Dr., Suite 950<br>Costa Mesa, CA 92626 | **Claim No: 16**<br>*Original Filed Date*: 03/07/2014<br>*Original Entered Date*: 03/07/2014 | Status:<br>*Filed by:* CR<br>*Entered by:* Robert S Marticello<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $80000.00 | | |
|--------|----------|-----------|--|--|

**History:**

| Details | 16-1 | 03/07/2014 | Claim #16 filed by Stephen Onstad, Amount claimed: $80000.00 (Marticello, Robert) |
|---------|------|------------|---|

*Description:* (16-1) See attached Summary

*Remarks:*

---

| Creditor: (34967435)<br>Michael S. Onstad<br>c/o Robert S. Marticello, Esq.<br>Weiland, Golden<br>650 Town Center Dr., Suite 950<br>Costa Mesa, CA 92626 | **Claim No: 17**<br>*Original Filed Date*: 03/07/2014<br>*Original Entered Date*: 03/07/2014 | Status:<br>*Filed by:* CR<br>*Entered by:* Robert S Marticello<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $1250000.00 | | |
|--------|----------|-------------|--|--|

**History:**

| Details | 17-1 | 03/07/2014 | Claim #17 filed by Michael S. Onstad, Amount claimed: $1250000.00 (Marticello, Robert) |
|---------|------|------------|---|

*Description:* (17-1) See Attached Summary

*Remarks:*

---

| Creditor: (34970372)<br>United Biomedical Technology, Inc.<br>Marvin L. Holen<br>611 Wilshire Blvd. Ste.1100<br>Los Angeles, CA. 90017 | **Claim No: 18**<br>*Original Filed Date*: 03/07/2014<br>*Original Entered Date*: 03/10/2014 | Status:<br>*Filed by:* CR<br>*Entered by:* Otoniel Gonsales<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $178908.00 | | |
|--------|----------|------------|--|--|

**History:**

| Details | 18-1 | 03/07/2014 | Claim #18 filed by United Biomedical Technology, Inc., Amount claimed: $178908.00 (Gonsales, Otoniel) |
|---------|------|------------|---|

*Description:* (18-1) Specific product manufactured to order and shipped

*Remarks:*

EXHIBIT 7
Page 221
11/21/2017

| Creditor:          (34630054)<br>Carol White<br>21521 Hummingbird Stret<br>Trabuco Canyon, CA 92679 | **Claim No: 19**<br>*Original Filed Date*: 03/10/2014<br>*Original Entered Date*: 03/11/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Otoniel Gonsales<br>*Modified:* |
|---|---|---|

Amount claimed: $17550.00

| History: | | | |
|---|---|---|---|
| Details | 19-1 | 03/10/2014 | Claim #19 filed by Carol White, Amount claimed: $17550.00 (Gonsales, Otoniel) |

*Description:* (19-1) Services performed - consulting

*Remarks:*

| Creditor:          (34987404)<br>Louis M Kwong M.D.<br>436 N Bedford Dr Ste 218<br>Beverly Hills CA 90210 | **Claim No: 20**<br>*Original Filed Date*: 03/13/2014<br>*Original Entered Date*: 03/14/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Carlos Peres<br>*Modified:* |
|---|---|---|

Amount claimed: $100000.00

| History: | | | |
|---|---|---|---|
| Details | 20-1 | 03/13/2014 | Claim #20 filed by Louis M Kwong M.D., Amount claimed: $100000.00 (Peres, Carlos) |

*Description:* (20-1) 7153

*Remarks:*

| Creditor:          (34630103)<br>Zimmer Dental<br>1900 Aston Avenue<br>Carlsbad, CA 92008 | **Claim No: 21**<br>*Original Filed Date*: 03/31/2014<br>*Original Entered Date*: 03/31/2014<br>*Last Amendment Filed*: 04/01/2014<br>*Last Amendment Entered*: 04/01/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Jesse S Finlayson<br>*Modified:* |
|---|---|---|

*No amounts claimed*

| History: | | | |
|---|---|---|---|
| Details | 21-1 | 03/31/2014 | Claim #21 filed by Zimmer Dental, Amount claimed: (Finlayson, Jesse) |
| Details | 21-2 | 04/01/2014 | Amended Claim #21 filed by Zimmer Dental, Amount claimed: (Finlayson, Jesse) |

*Description:*

*Remarks:*

| Creditor:          (35209946)<br>Franchise Tax Board<br>**(ADMINISTRATIVE)**<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento CA 95812-2952 | **Claim No: 22**<br>*Original Filed Date*: 05/12/2014<br>*Original Entered Date*: 05/12/2014<br>*Last Amendment Filed*: 01/25/2017<br>*Last Amendment Entered*: 01/25/2017 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Rebecca Estonilo<br>*Modified:* |
|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | 22-1 | 05/12/2014 | Claim #22 filed by Franchise Tax Board, Admin claimed: $821.96 (Ho, Vivian) |
| Details | 22-2 | 02/24/2015 | |

| | | | | Amended Claim #22 filed by Franchise Tax Board, Admin claimed: (Estonilo, Rebecca) |
|---|---|---|---|---|
| Details | | 22-3 | 04/18/2016 | Amended Claim #22 filed by Franchise Tax Board, Admin claimed: (Rogers, Genevieve) |
| Details | | 22-4 | 06/15/2016 | Amended Claim #22 filed by Franchise Tax Board, Admin claimed: (Rogers, Genevieve) |
| Details | | 22-5 | 01/25/2017 | Amended Claim #22 filed by Franchise Tax Board, Admin claimed: (Estonilo, Rebecca) |

*Description:* (22-1) 4939
(22-2) Claim Filed
(22-3) Claim Filed
(22-4) Claim Filed
(22-5) Claim Filed

*Remarks:*

---

| *Creditor:* (36767434) BMO HARRIS BANK, NA C/O BECKET AND LEE LLP POB 3001 MALVERN, PA 19355-0701 | **Claim No: 23** *Original Filed Date:* 12/07/2015 *Original Entered Date:* 12/07/2015 | *Status:* *Filed by:* CR *Entered by:* Shraddha Bharatia *Modified:* |
|---|---|---|

| Amount | claimed: | $350000.00 | | |
|---|---|---|---|---|

*History:*

| Details | | 23-1 | 12/07/2015 | Claim #23 filed by BMO HARRIS BANK, NA, Amount claimed: $350000.00 (Bharatia, Shraddha) |
|---|---|---|---|---|

*Description:*

*Remarks:*

---

| *Creditor:* (37328050) Steven Kessler 375 South End Avenue, Apt. 33r New York, NY 10280 | **Claim No: 24** *Original Filed Date:* 09/09/2016 *Original Entered Date:* 09/09/2016 | *Status:* *Filed by:* CR *Entered by:* Jeffrey W Broker *Modified:* |
|---|---|---|

| Amount | claimed: | $14000.00 | | |
|---|---|---|---|---|

*History:*

| Details | | 24-1 | 09/09/2016 | Claim #24 filed by Steven Kessler, Amount claimed: $14000.00 (Broker, Jeffrey) |
|---|---|---|---|---|

*Description:*

*Remarks:*

---

# Claims Register Summary

**Case Name:** Osseous Technologies of America Inc
**Case Number:** 8:13-bk-14500-SC
**Chapter:** 7
**Date Filed:** 05/22/2013

EXHIBIT 7
Page 223

**Total Number Of Claims:** 24

| | |
|---|---|
| **Total Amount Claimed\*** | $7535465.08 |
| **Total Amount Allowed\*** | |

*\*Includes general unsecured claims*

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $2285461.94 | |
| **Priority** | $506212.48 | |
| **Administrative** | | |

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/21/2017 11:09:21 | | |
| **PACER Login:** | mh4052870:3453976:0 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 8:13-bk-14500-SC Filed or Entered From: 1/1/1900 Filed or Entered To: 11/21/2017 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF INTELLECTUAL PROPERTY AND (2) APPROVING COMPROMISE WITH ZIMMER DENTAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK AND ROGER ZICKFIELD IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 21, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On  **November 22, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

RTD 3/18/17 UTF
**DEBTOR**
OSSEOUS TECHNOLOGIES OF AMERICA INC
~~4695 MACARTHUR CT STE 1430~~
~~NEWPORT BEACH, CA 92660-1869~~

RTD 11/5/14 UTF
**DEBTOR**
OSSEOUS TECHNOLOGIES OF AMERICA INC
~~4500 CAMPUS DR~~
~~SUITE 662~~
~~NEWPORT BEACH, CA 92660-8828~~

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 22, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson – via personal delivery
United States Bankruptcy Court
411 West Fourth St., Suite 5-097
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2017 | Pamela Kraus | /s/ Pamela Kraus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: continued:

- Addison K Adams    aadams@richardsonpatel.com
- Adam N Barasch    anb@severson.com, dgl@severson.com;efiling@severson.com
- Anthony Bisconti    tbisconti@bmkattorneys.com, admin@bmkattorneys.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Frank Cadigan    frank.cadigan@usdoj.gov
- Jonathan R Doolittle    jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com; rpelusi@reedsmith.com; ashively@reedsmith.com;dkelley@reedsmith.com;bobmiller@kilmerlaw.com;cbroock@kilmerlaw.com;llhommedieu@kilmerlaw.com
- Jesse S Finlayson    jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com
- **ATTORNEY FOR CREDITOR DR. WILLIAM COSTIGAN:** M Douglas Flahaut    flahaut.douglas@arentfox.com
- Amir Gamliel    agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **ATTORNEY FOR DR. RONALD CARDOSO**: Jeffrey S Goodfried    jeff@goodfriedlaw.com
- Matthew Grimshaw    mgrimshaw@marshackhays.com, ecfmarshackhays@gmail.com
- Irving M Gross    img@lnbyb.com, john@lnbyb.com
- D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- Sarah Cate Hays    shays@marshackhays.com, ecfmarshackhays@gmail.com
- Gary E Klausner    gek@lnbyb.com
- Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- David Ethan Libman    thansen@enterprisecounsel.com
- Calvin L Litsey    calvin.litsey@faegrebd.com, stephanie.jefferson@faegrebd.com
- Judith E Marshack    jmarshack@marshackhays.com, ecfmarshackhays@gmail.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Robert S Marticello    Rmarticello@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **ATTORNEY FOR ZIMMER DENTAL, INC**.: Wendy Ponader    wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com
- Deborah L Schrier-Rape    dsr@dsr-law.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Leonard M Shulman    lshulman@shbllp.com
- Thuy N Tran    ttran@yumollp.com, bmohandesi@yumollp.com,bgoodman@yumollp.com,dchoe@yumollp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, aparisi@wrslawyers.com
- William P White    billwhite@carswelllaw.com
- David Wood    dwood@marshackhays.com, ecfmarshackhays@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.